UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20114-KMW

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

CARLOS RAMON POLIT FAGGIONI,

      Defendant.

_____/

### DEFENDANT'S UNOPPOSED RENEWED MOTION TO SET CONDITIONS OF RELEASE

With consent of the government, Defendant Carlos Polit renews his motion for pretrial release and proposes that the Court set the following conditions:

1. A personal surety bond of $2.5 million with $100,000 (4% of the bond amount) deposited in the Court registry, co-signed by twelve family members who consent to a court order prohibiting them from encumbering certain *Nebbia*-compliant, real properties and retirement accounts specified in a spreadsheet already provided to the government with aggregate equity in the same amount of the bond; none of the signatories will object to the government filing lis pendens on the real properties, which will be released when the bond is discharged;

2. A personal surety bond of $11.5 million, co-signed by John Polit and Charles Polit (Defendant Polit's two sons) who consent to a court order prohibiting them from encumbering certain specified real properties that the government alleges or suspects may be traceable to the offenses charged in the indictment; none of the signatories will object to the government filing lis pendens on the real properties, which will be released when the bond is discharged.

1

3. The signatories have each executed a declaration affirming their name, date of birth, residence address, employment, citizenship status, and identified assets that, as a court-ordered condition of release, cannot be encumbered until the bond is discharged. All signatories have represented that a forfeiture in the amount of the bond(s) they are executing would cause significant financial hardship because the amount(s) represents nearly all of their wealth. (Undersigned has provided drafts of these declarations to the government and will submit executed copies to the Court, in camera, as the declarations contain sensitive personal information not suitable for public filing; redacted copies can be filed in the public record, as directed by the Court).

4. Defendant and Defendant's wife to surrender all passports and travel documents to Pretrial Services and not obtain any travel documents during the pendency of the case;

5. Defendant and Defendant's wife to execute extradition waivers prior to Defendant's release;

6. Defendant agrees to report to Pretrial Services as directed;

7. Defendant will refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender any concealed weapons permit to the U.S. Probation Office;

8. Except for medical visits, court appearances, attorney visits, court ordered obligations, or other activities pre-approved by the Pretrial Services supervising officer, Defendant will be restricted to home detention at the residence of his daughter on Brickell Key (address to be provided in camera). Defendant will be monitored electronically by active GPS monitoring at all times.

Undersigned has conferred with government counsel, who confirm that the government does not oppose pretrial release on the conditions outlined above.

Respectfully submitted,

**BLACK SREBNICK**
201 South Biscayne Boulevard, Suite 1300
Miami, Florida 33131 / Tel. (305) 371-6421

/s/ *Howard Srebnick*
HOWARD SREBNICK, ESQ.
Florida Bar No. 919063
E-mail: HSrebnick@RoyBlack.com

*Temporary Appearance for Defendant*