# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 22-CR-20114-KMW

UNITED STATES OF AMERICA

vs.

CARLOS RAMON POLIT FAGGIONI

_____/

## DEFENDANT'S OBJECTIONS TO (ECF#102) THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON (ECF#63 & ECF#64) POLIT'S MOTIONS TO DISMISS INDICTMENT

Defendant Carlos Ramon Polit Faggioni, through undersigned counsel and pursuant to 28 U.S.C. § 636(b)(1)(C), objects to (ECF#102) the Magistrate Judge's Report and Recommendation on Defendant's Motions to Dismiss Indictment (the "R&R"). The R&R recommends that the Court deny two motions: **DE#63**, Polit's Motion to Dismiss Indictment for Failure to State an Offense and Request for Grand Jury Minutes, and **DE#64**, Polit's Motion to Dismiss Indictment Based on Statute of Limitations.

With respect to **DE#63**, Polit made three arguments in support of dismissal. First, Polit argued that because he is charged with money laundering offenses arising out of his alleged violation of foreign bribery law, the foreign law is an element of the offense that must be charged in the Indictment. Second, Polit argued that even if the foreign law is not an element of the offense, the foreign law must still be charged

in the Indictment because without it, the money laundering statutory language is ambiguous and fails to provide fair notice of the foreign bribery offense Polit must defend at trial. Third, in connection with these two arguments, Polit made a narrow request for disclosure of the grand jury minutes of the testimony and legal instructions given to the grand jury relating to the foreign law, or at least for the Court to review these grand jury minutes in camera.

In recommending that **DE#63** be denied, the R&R finds that any foreign law Polit is accused of violating is not an essential element of the money laundering offenses and therefore the foreign law does not have to be charged in the Indictment. The R&R "agrees with the Government and the Ninth Circuit's conclusion" in *United States v. Lazarenko*, 564 F.3d 1026 (9th Cir. 2009), that "the case law does not require the Government to specifically plead a foreign law in its charges." R&R at p. 5-6.

The R&R also finds that charging the foreign law is not necessary because the Indictment accurately "tracks the language of the relevant [U.S.] statutes" and alleges the "facts and circumstances that give notice of the [U.S.] offense," thereby providing Polit "fair notice of the essential elements of the [U.S.] charged offense[s]." *Id.* at p. 8-9. Relying on *United States v. Chi*, 942 F.3d 1159 (9th Cir. 2019), and *United States v. Perrin*, 444 U.S. 37 (1979), the R&R finds that the money laundering statutory language in 18 U.S.C. § 1956(c)(7)(B)(iv) and 18 U.S.C.

§ 1957(f)(3) (with which Polit is charged) is not ambiguous. *Id.* at p. 7, 9-10. The R&R concludes that Polit did not advance "a particularized need" to justify disclosure or in camera inspection of the grand jury minutes. *Id.* at p. 10-11.

With respect to **DE#64**, Polit argued that Counts 1 through 5 must be dismissed as time barred by the applicable statute of limitations, and that the tolling orders entered pursuant to 18 U.S.C. § 3292 (in connection with MLATs filed by the government) did not cure the statute of limitations problem because the government failed to prove the date of "final action" on its MLAT requests to Ecuador, Panama, and Curacao. Polit also argued that specifically with respect to Counts 2 and 5 only, a tolling order under 18 U.S.C. § 3292 was not appropriate because those counts charge only U.S. domestic financial transactions, so an MLAT request for evidence from other countries was not an appropriate vehicle for tolling the statute of limitations as to those counts.

In recommending that **DE#64** be denied, the R&R finds that pursuant to 18 U.S.C. § 3292, the statute of limitations was properly "suspended from April 27, 2020, through May 25, 2022," and that the "date of final action on the last [MLAT] request was May 25, 2022." R&R at p. 13. The Magistrate Judge found the date of final action without holding an evidentiary hearing, which Polit contends is error because the date of final action on an MLAT request is a mixed question of law and fact, requiring an evidentiary hearing.

Separately, the R&R recognizes that Counts 2 and 5 charge purely U.S. domestic financial transactions, but finds that the statute of limitations on those two counts can be properly "tolled by the foreign records requests in this case" because "[b]ased on the Government's response, the information sought from the foreign governments appears to be relevant to" these domestic transactions. *Id.* at p. 13-14.

As to each motion, Polit objects to the findings in the R&R as follows: [1]

## I. DE#63, POLIT'S MOTION TO DISMISS INDICTMENT FOR FAILURE TO STATE AN OFFENSE AND REQUEST FOR GRAND JURY MINUTES

### A. Polit objects to the proposed finding in the R&R that the foreign law establishing the "specified unlawful activity" for the money laundering charges is not an essential element of the offense that must be charged in the Indictment.

The Indictment charges Polit with conspiracy and substantive money laundering offenses under 18 U.S.C. §§ 1956 and 1957. One of the elements of these offenses is that "the funds involved in the financial transaction in fact were the proceeds of a 'specified unlawful activity.'" *United States v. Tarkoff*, 242 F.3d 991, 994 (11th Cir. 2001). Polit's Indictment tracks the statutory language and alleges that the specified unlawful activity is "an offense against a foreign nation,

---

[1] Although titled "Factual" Background, Section I of the R&R is a recitation of the allegations in the Indictment (ECF#1) and in Polit's Motion to Dismiss Based on Statute of Limitations (ECF#64). Section I of the R&R does not appear to propose any findings of fact relating to Polit's alleged conduct, nor did the Magistrate Judge hold a hearing in order to make any such findings of fact. To the extent that this section may be read as making any factual findings, Polit objects. Polit does not admit the facts alleged in the Indictment or in the R&R.

specifically Ecuador, involving bribery of a public official, and the misappropriation, theft and embezzlement of public funds by and for the benefit of a public official[.]" ECF#1 at 4. Polit argued that the Indictment also had to specify the Ecuadorian law purporting to make Polit's alleged conduct "an offense" "against . . . Ecuador" "involving bribery of a public official, and the misappropriation, theft and embezzlement of public funds."

The Magistrate Judge agreed with Polit that "the specified unlawful activity" in the money laundering statutes "is an essential element of the offense[es]," and that the money laundering offenses charged in the Indictment require that Polit's alleged "conduct be prohibited under the law of the foreign nation in which it is committed." R&R at p. 6, 7 (quoting *United States v. One 1997 E35 Ford Van, VIN 1FBJS31L3VHB70844*, 50 F. Supp. 2d 789, 802 (N.D. Ill. 1999)). But the Magistrate Judge disagreed with Polit that the specific foreign law—i.e., the predicate offense against Ecuador—must be found by the grand jury and charged in the Indictment. *Id.* Polit objects to this conclusion.

As the R&R recognizes, the Eleventh Circuit "has not faced this issue head on," and this is an issue of first impression in our Circuit. R&R at p. 6. In the absence of binding authority, the Magistrate Judge sided with two out-of-circuit decisions and one decision by Judge Dimitrouleas to find that "the case law does not require the Government to specifically plead a foreign law in its charges." R&R at p. 6

(citing *Lazarenko*, 564 F.3d 1026; *United States v. Teyf*, 2020 WL 598660 (E.D.N.C. Feb. 6, 2020); *United States v. Diaz*, No. 9:18-cr-80160-WPD, ECF#210 (S.D.F.L. Oct. 18, 2022)).

Polit submits that the case law has not been fully developed and while three courts have ruled in favor of the government, these have been the only courts to decide this issue.[2] Additionally, although the Magistrate Judge was persuaded by the Ninth Circuit's conclusion in *Lazarenko* that the foreign law giving rise to the "specified unlawful activity" is not an essential element of the money laundering offenses, the *Lazarenko* court acknowledged that "the [trial] jury was instructed that it had to find a violation of Ukrainian law and was provided with the elements of the relevant Ukrainian statutes." 564 F.3d at 1034. In Polit's case, the government has not identified *any* Ecuadorian law—much less the elements of such foreign law— that the government proposes to present to the jury at trial. Thus, while the defendant in *Lazarenko* was on notice of the foreign law he was required to defend against at trial, Polit is not. And as far as Polit's grand jury is concerned, the government has not indicated whether any witness even testified about the Ecuadorian law that the government proposes to present to the jury at trial.

---

[2] Indeed, in *Diaz,* the Court did not engage in a substantive analysis and only stated: "The Court is persuaded by *U.S. v. Lazarenko*, 564 F. 3d 1026, 1033-1034 (9th Cir. 2009)."

*Lazarenko, Teyf,* and *Diaz* are not binding, and the Court should make an independent analysis of the issues raised in Polit's motion to dismiss.

**B. Polit objects to the R&R's proposed finding that the definition of "specified unlawful activity" in the money laundering statutes charged in this case is not ambiguous.**

Polit submits that even if the foreign law is not an essential element of the offense, the foreign law must still be charged in this Indictment because without it, the money laundering statutory language is ambiguous and fails to provide Polit fair notice of the foreign bribery offense he must defend at trial. "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves **fully, directly, and expressly, without any uncertainty or ambiguity**, set forth all the elements necessary to constitute the offence intended to be punished.'" *United States v. Ramos*, 666 F.2d 469, 474 (11th Cir. 1982) (emphasis added). Section 1956(c)(7)(B)(iv) does not define what constitutes an "offense against a foreign nation . . . involving . . . bribery of a public official, misappropriation, theft, and embezzlement of public funds . . . ." And here, the Indictment simply tracks this language from the money laundering statute, when the predicate offense is defined by Ecuadorian law. *See United States v. Pou*, 484 F. Supp. 972, 974–75 (S.D. Fla. 1979) (dismissing an information for failure to allege a crime because although the information "track[ed] the language of the statute, [] neither the statute nor the indictment convey[ed] the element of knowledge, either

through express or equivalent words"); *United States v. Seher*, 562 F.3d 1344, 1356 (11th Cir. 2009) (holding that if an indictment omits an essential element of the crime, it will survive a constitutional challenge only where the indictment cites to a specific statute that itself contains all the necessary elements); *United States v. Fern*, 155 F.3d 1318, 1325–26 (11th Cir. 1998) (holding that the indictment supported a reasonable inference that the grand jury found probable cause of all essential elements because although the indictment failed to allege "materiality," the statute cited in the indictment expressly included this element). Without specificity about the Ecuadorian law that the government contends Polit violated, the language of the money laundering statutes, as tracked in the Indictment, is ambiguous and fails to provide Polit with notice of the foreign offense he is expected to defend at trial.

Polit objects to the R&R's interpretation of *United States v. Chi* as applicable to determine "the scope of [the term] 'an offense against a foreign nation.'" R&R at p. 9. In *Chi*, the Ninth Circuit considered "what does an 'offense against a foreign nation involving . . . bribery of a public official,' as found in 18 U.S.C. § 1956(c)(7)(B), mean?" *Chi*, 936 F.3d at 893. Employing the "fundamental canon of statutory construction . . . that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning[,]" the Ninth Circuit held that "bribery of a public official" under the money laundering statutes was not limited to the definition of bribery in 18 U.S.C. § 201. *Id.* at 896. Instead, the Ninth

Circuit held that "bribery" under the money laundering statutes is defined by its "common meaning," so the court looked to Black's Law Dictionary and the Model Penal Code to define its scope. *Id.* at 897. More importantly, the court then examined whether Article 129 of the South Korean Criminal Code (the foreign offense **that was cited in Chi's indictment**) fell within this "common meaning" of "bribery." *Id.* at 897–98. But in Polit's case, no foreign law is cited in his Indictment so neither Polit nor the Court can conduct this comparative analysis.[3]

The term "bribery" does not have a universal definition among Nations. Indeed, within the U.S. alone, the Supreme Court has stated that U.S. federal bribery law is "an intricate web of regulations, both administrative and criminal, governing the acceptance of gifts and other self-enriching actions by public officials." *United States v. Sun-Diamond Growers of California*, 526 U.S. 398, 409 (1999); *compare Sun-Diamond*, 526 U.S. at 404 (holding that 18 U.S.C. § 201 proscribes illegal gratuities) with *United States v. Fernandez*, 722 F.3d 1, 26 (1st Cir. 2013) (holding that gratuities are not "bribes" under 18 U.S.C. § 666).

---

[3] The R&R also cites to the definition of "bribery" in the Travel Act, as interpreted by the Supreme Court in *Perrin v. United States*, 444 U.S. 37, 49 (1979). But Polit is not charged under the Travel Act and ultimately, the bribery law that will be submitted to the trial jury at Polit's trial is the law of Ecuador, not the Travel Act.

For all these reasons and those stated in Polit's motion (ECF#63) and reply (ECF#84), Polit objects to the R&R's findings and asserts that under the Fifth and Sixth Amendments, the Indictment must be dismissed.

### C. Polit objects to the R&R's proposed finding that he failed to establish a "particularized need" for disclosure or in camera inspection of a narrow category of grand jury transcripts.

Federal Rule of Criminal Procedure 6(e) authorizes the disclosure of grand jury transcripts "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). Polit maintains that the government was required to instruct the grand jury on the specific foreign offense that constitutes the specified unlawful activity, and the grand jury was required to find probable cause to believe that Polit committed that foreign offense. Because the Indictment is silent as to any Ecuadorian statutes, it does not appear that the grand jury found probable cause on this statutory requirement. *See Seher*, 562 F.3d at 1356 (holding that the Fifth Amendment is satisfied only when the indictment "warrant[s] an inference that the jury found probable cause to support all the necessary elements of the charge").

Polit objects to the R&R's proposed finding that Polit has presented only "mere speculation" to support his request for narrow disclosure or in camera review of the grand jury minutes. R&R at p. 11. The foreign law appears nowhere in the Indictment, so it is more than "mere speculation" to believe that the grand jury was

not charged on this element of the offense. Polit agrees with the R&R that because the grand jury is no longer sitting, this minimizes the need for secrecy, but objects to the R&R's finding that disclosure is not warranted in this case.

Release of the requested transcripts need not contain the names of any grand jurors, and will provide no warning to the targets of the investigation who are already indicted or who have been interviewed by the government. Further, release of the legal instructions related to the Ecuadorian law will not chill future witnesses from testifying before the grand jury, because legal instructions play no role in any witness's decision to testify. These factors together show that the need for secrecy at this point is minimal.

Finally, by only requesting the testimony and legal instructions related to the foreign law, Polit's request is narrowly tailored to only cover the material needed. *See United States v. Moten*, 582 F.2d 654, 663 (2d Cir. 1978) (the defendant's "showing is sufficiently particularized in the sense that he has focused on a specific area of inquiry and he is able to specify materials that are arguably relevant to that inquiry.").

At a minimum, the Court should review the legal instructions provided to the grand jury and any testimony related to the Ecuadorian foreign law to evaluate and address the insufficiencies identified by Polit (and determine whether disclosure to Polit would be appropriate). *See, e.g., United States v. FedEx Corp.*, No. 14–00380,

2016 U.S. Dist. LEXIS 6155 (N.D. Cal. Jan. 19, 2016) (particularized need for *in-camera* review of grand jury instructions because indictment suggested government misunderstood the law); *United States v. Hoey*, No. 11–337, 2014 U.S. Dist LEXIS 91093 (S.D.N.Y. July 2, 2014) (*in-camera* review because defendant presented more than mere speculation that the grand jury did not receive the proper instructions).

## II.   DE#64, POLIT'S MOTION TO DISMISS INDICTMENT BASED ON STATUTE OF LIMITATIONS

### A. Polit objects to the R&R's finding that Counts 1 through 5 are not time barred by the statute of limitations.

Under 18 U.S.C. § 3282, all charges in the Indictment are subject to the five-year statute of limitations. *United States v. Trainor*, 277 F. Supp. 2d 1278, 1282 (S.D. Fla. May 19, 2003). Polit was indicted on March 24, 2022. Thus, any allegation of criminal conduct that occurred prior to March 24, 2017, absent any tolling periods, is barred. *Id.*

Under 18 U.S.C. § 3292(a)(1), "upon application of the United States, filed before return of an indictment, indicating that evidence of an offense is in a foreign country," the court "shall suspend the running of the statute of limitations for the offense if the court finds by a preponderance of the evidence that an official request has been made for such evidence and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country." The length of the tolling under § 3292 is not unilaterally

determined by the government. Rather, tolling under § 3292 begins "on the date on which the official request [to a foreign government] is made," and "end[s] on the date on which the foreign court or authority takes *final action* on the request." 18 U.S.C. § 3292(a)(2)(b) (emphasis added). Determining when "final action" occurred is thus the lynchpin to accurately calculating the duration of any alleged tolling.

"'**[F]inal action**' for the purposes of [tolling under] §3292(b) occurs when a foreign court or authority provides **a dispositive response** to each of the items listed in the government's official request for information." *United States v. Torres*, 318 F.3d 1058, 1065 (11th Cir. 2003) (emphasis added). Polit objects to the R&R's factual finding that the "date of final action on the last request was May 25, 2022." R&R at p. 13. The Magistrate Judge did not hold an evidentiary hearing to make this finding of fact; instead, the R&R simply picks a date proposed by the government, without describing how the Court reached this conclusion, what was the response that triggered this date, or how that response was "dispositive."

The proposed finding in the R&R that the date of final action was May 25, 2022, lacks foundation and required an evidentiary hearing. The government cannot cherry pick a date to put before the Court: "Congress could not have intended that the prosecutor be vested with the unlimited discretion to make this determination, as doing so would provide the government with the potential to delay the case and deprive the defendant of the benefits of the limitations period to which he is

statutorily entitled." *Torres*, 318 F.3d at 1064; *id.* at 1061 ("[T]he determination of what constitutes 'final action' for purposes of § 3292 is a mixed question of law and fact."); *United States v. Pursley*, 22 F.4th 586, 591 n.1 (5th Cir. 2022*)* (remanding for district court to calculate statute of limitations). Polit requests that the Court hold an evidentiary hearing on the question of final action.

Lastly, Polit objects to the R&R's finding that the purely domestic financial transactions charged in Counts 2 and 5 are properly tolled under 18 U.S.C. § 3292. The R&R finds that tolling of these counts is proper because "the information sought from the foreign governments appears to be relevant to Counts 2 and 5, regardless of whether the allegations were purely domestic." R&R at p. 14. But tolling under § 3292 is not meant to be a mechanism by which the government can "plac[e] the defendant at the whim of the prosecutor." *See Torres*, 318 F.3d at 1065; *United States v. Minter*, 45 F. Supp. 3d 1390, 1399 (N.D. Ga. 2014) ("Courts have expressed concern about delegating to prosecutors the power to determine when 'final action' has occurred."); *United States v. Castroneves*, 08-20916-CR, 2009 WL 528251, at *3 (S.D. Fla. Mar. 2, 2009) ("the statute is **offense-specific**, not person-specific") (emphasis added).

Polit submits that the appropriate procedure is for the Magistrate Judge to hold an evidentiary hearing in which the court determines the exact tolling period for each MLAT submitted by the government, and applies the relevant tolling period to each

count. For example, Count 2 relates to a Florida-to-Florida financial transaction. The government should offer evidence regarding which MLAT it believes applies to Count 2—Panama, Ecuador, or Curacao. The Court can then calculate the tolling period based on the dispositive response issued by the relevant foreign governments for each count, after the government offers evidence to establish the date of the dispositive response. For the counts that do involve foreign transactions, the government should not be allowed use the extra time that it took Ecuador to respond to its MLAT request to extend the statute of limitations for counts that have nothing to do with documents sought from Ecuador—this simply contravenes the purpose of a criminal statute of limitations.

Respectfully submitted,

**BLACK SREBNICK**
201 South Biscayne Boulevard, Suite 1300
Miami, Florida 33131
Tel. (305) 371-6421

*/s/ Howard Srebnick*
HOWARD SREBNICK, ESQ.
Florida Bar No. 919063
E-mail: HSrebnick@RoyBlack.com

*/s/ Jackie Perczek*
JACKIE PERCZEK, ESQ.
Florida Bar No. 0042201
JPerczek@RoyBlack.com

**COFFEY BURLINGTON, P.L.**
*Permanent Counsel for Carlos Polit*
2601 South Bayshore Drive, Penthouse
Miami, Florida 33133
Tel:  305-858-2900

*/s/ Fernando Tamayo*
Fernando Tamayo, Fla. Bar No. 28530
ftamayo@coffeyburlington.com
lmaltz@coffeyburlington.com
service@coffeyburlington.com