UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20114-KMW

UNITED STATES OF AMERICA,

v.

CARLOS RAMON POLIT FAGGIONI,

    Defendant.
_____/

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
OBJECTIONS TO REPORT AND RECOMMENDATION
<u>ON MOTIONS TO DISMISS THE INDICTMENT</u>**

    The United States of America, by and through its undersigned attorneys, hereby responds to the objections made by defendant Carlos Ramon Polit Faggioni to United States Magistrate Judge's Report and Recommendation ("R&R") of August 17, 2023, denying the defendant's motions to dismiss. [DE 102]. The government incorporates by reference its Response in Opposition to Defendant's Motion to Dismiss Indictment for Failure to State an Offense and Request Grand Jury Minutes [DE 71] and its Response in Opposition to Defendant's Motion to Dismiss Indictment based on Statute of Limitations [DE 72]. In the R&R, Magistrate Judge Reid recommended denial of the defendant's motions because the Indictment is sufficiently pled and because Counts 1 through 5 are not time-barred. The Defendant's objections raise no new arguments and merely disagree with the R&R's analysis. The R&R is consistent with applicable law and the defendant's objections are unavailing, therefore the court should overrule the defendant's objections and issue a final decision consistent with the R&R.

1

I.      BACKGROUND

On March 25, 2022, a federal grand jury in the Southern District of Florida returned an Indictment charging Polit with one count of conspiring to launder money, in violation of 18 U.S.C. § 1956(h), three substantive counts of money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2, and two substantive counts of engaging in transactions in criminally derived property, in violation of 18 U.S.C. §§ 1957 and 2. [DE 1]. The Indictment includes for all counts that the "specified unlawful activity" is "an offense against a foreign nation, specifically Ecuador, involving bribery of a public official, and the misappropriation, theft, and embezzlement of public funds by and for the benefit of a public official."

The charges arose from Polit's solicitation and receipt of over $11 million in bribe payments while serving as the Comptroller General of Ecuador from approximately 2010 until at least 2017. In furtherance of the scheme, it is alleged that Polit sought to unlawfully enrich himself by accepting bribe payments in exchange for using his official position as comptroller of Ecuador to provide improper business advantages, including removal of monetary fines and penalties as well as influencing the award of government contracts. With the help of Co-Conspirator 1, Polit promoted the bribery scheme and concealed the proceeds through financial transactions that occurred, in part, in the United States.

The Indictment alleges, in part, that from in or around January 2010 through in or around May 2017, Polit and Co-Conspirator 1 engaged in a corrupt scheme to unlawfully enrich themselves by laundering bribes that Polit had solicited and received from Co-Conspirators 2 and 3, among others, into and through bank accounts in the Southern District of Florida and elsewhere, as well as through the purchase of real estate and other assets in South Florida and elsewhere. The Indictment further alleges that Polit engaged in three counts of substantive money laundering,

specifically wire transfers involving over $3.7 million of the bribery proceeds and two counts of engaging in transactions in criminally derived property, specifically wire transfers involving over $5 million of the bribery proceeds.

On December 9, 2022, the defendant filed two motions to dismiss: one motion arguing that the Indictment was legally defective because it did not state the specific Ecuadorean law serving as the specified unlawful activity underlying the money laundering counts [DE 63] and one motion arguing that Counts 1 through 5 should be dismissed because they are barred by the statute of limitations [DE 64].

## II.   ANALYSIS

### a. Sufficiency of the Indictment

The Magistrate Judge's R&R accurately set forth the pleading requirements under Eleventh Circuit precedent and the Constitution and correctly analyzed the Indictment as sufficient in this case. As noted in the R&R, the "Indictment . . . tracks the language of the relevant statutes and provides the facts and circumstances that give notice of the offense to the accused." [DE 102 at 8-9, internal citations omitted]. Further, the Indictment adequately pled all essential elements, including "the specified unlawful activity: an offense against a foreign nation — Ecuador — involving bribery of a public official, and the misappropriation, theft, and embezzlement of public funds by and for the benefit of a public official." [DE 102 at 6-7]. "[A]dditional details (including the specific foreign law that was allegedly violated) need not be alleged in the Indictment." [*Id*. at 7]. Because the Indictment identified the specified unlawful activity and the defendant did not otherwise articulate any particularized need for the disclosure of grand jury materials, the R&R correctly concluded that neither disclosure nor review of the grand jury minutes were warranted.

3

In his objection to the R&R, the defendant cites no case supporting his position that the Indictment must specify the precise Ecuadorean law forming the specified unlawful activity. Rather, he argues that "the case law has not been fully developed" while acknowledging that the three courts that have addressed the issue all came to the same conclusion as the Magistrate Judge in her R&R — that the specific foreign law allegedly violated is not an essential element of the Indictment. [DE 103 at 6].

The defendant also argues that even if the specific Ecuadorean law is not an essential element required in the Indictment, it is required because without it the statutory language of §§ 1956(c)(7)(B)(iv) and 1957(f)(3) is ambiguous. But as the R&R notes, "simply because a subsection of a statute is not defined by reference [to another statute] does not indicate that the term is ambiguous." [DE 103 at 10]. The defendant misconstrues the R&R's reliance on *United States v. Chi*, 936 F.3d 888 (9th Cir. 2019), and *Perrine v. United States*, 444 U.S. 37 (1979). The former held that "bribery of a public official" under §§ 1956(c)(7)(B)(iv) is "defined by that phrase's ordinary, contemporary, common meaning" and was not limited to the elements of 18 U.S.C. § 201. *Chi*, 936 F.3d at 890-91. In the latter, the Supreme Court analyzed the term "bribery" in the context of the Travel Act and held that Congress intended a broad "generic definition," not one that was narrowly conscribed. *Perrine*, 444 U.S. at 49. Both cases support a broad reading of "bribery of a public official" under § 1956(c)(7)(B)(iv) and neither case, nor any case cited by the defendant, supports holding that § 1956(c)(7)(B)(iv) is ambiguous.

    b. **Statute of Limitations**

After considering "the parties' detailed account[s] of the relevant dates on each count," the R&R correctly found that the district court's § 3292 orders suspended the running of the statute of limitations from April 27, 2020, through May 25, 2022, and therefore Counts 1-5 are not time

4

barred.  [DE 102 at 12-13].  Additionally, the R&R agreed that the information the government sought from Panama, Ecuador, and Curacao appeared relevant to Counts 2 and 5, even though those Counts related to domestic wires.

The defendant "objects" to the factual finding in the R&R that the date of final action on the last request was May 25, 2022.  The defendant raises no substantive dispute as to that date, but simply argues that the Magistrate Judge should have held an evidentiary hearing rather than accepting the dates provided by the government.  [DE 103 at 13].  However, the government did not simply "cherry pick a date," as the defendant asserts.  [*Id.*]  The government provided detailed information as to the relevant dates for each count — including the dates of the final responses received from each foreign authority — as well as noted the specific documents received from the foreign authorities and when they were produced to the defendant.  [DE 72 at 7-8].  Other than his bald assertion that the government's date is "cherry pick[ed]," the defendant provides no substantive dispute regarding the date of final action that would warrant an evidentiary hearing.

In objecting to the R&R's finding that the information the government sought from Panama, Ecuador, and Curacao appeared relevant to Counts 2 and 5, the defendant completely ignores the information and documents the government produced to the defendant and enumerated in its Response [DE 71].  Instead, the defendant calls for an evidentiary hearing based on no specifically articulated disputed fact.  As the R&R found, no such hearing is necessary.

As to Count 2, the government's request to Ecuador sought bank records, corporate records, and other financial records of Co-Conspirator 3's company.  These were relevant to prove the corrupt benefit Co-Conspirator 3 received in exchange for the approximately $500,000 bribe that Co-Conspirator 3 paid to the defendant, which funded the transfer underlying Count 2.  These

5

records were reasonably believed to be in Ecuador and were, in fact, received in response to the government's official request. These records were subsequently produced to the defendant.

As to Count 5, the government's request to Panama sought bank records and corporate records of Intermediary Company 3, which was relevant because this entity received bribe proceeds from Odebrecht in connection with the defendant's bribery scheme and those funds were subsequently transferred to Florida Company 1 and funded the transfer underlying Count 5. Those records were reasonably believed to be in Panama. They were, in fact, received in response to the government's official request, and were produced to the defendant.

### III. CONCLUSION

As set forth above, the R&R correctly applied the law in denying the defendant's motions to dismiss. For these reasons, as well as those articulated in the government's oppositions to the defendant's motions to dismiss, the United States respectfully recommends that the Court issue a final decision consistent with the R&R and deny the defendant's Motion to Dismiss the Indictment for Failure to State an Offense and the defendant's Motion to Dismiss the Indictment based on the Statute of Limitations.

Respectfully submitted,

| | |
|---|---|
| MARKENZY LAPOINTE<br>UNITED STATES ATTORNEY | GLENN S. LEON<br>CHIEF, FRAUD SECTION<br>Criminal Division<br>U.S. Department of Justice |
| By:  /s Michael N. Berger | By:  /s/ Jil Simon |
| Michael N. Berger<br>United States Attorney's Office<br>99 NE 4th Street<br>Miami, Florida 33133<br>Tel: 305-961-9445<br>Email: Michael.berger2@usdoj.gov | Jil Simon<br>Trial Attorney<br>Alexander Kramer<br>Assistant Chief<br>Criminal Division, Fraud Section<br>U.S. Department of Justice<br>Court ID No. A5502756<br>1400 New York Ave. NW<br>Washington, DC 20005<br>Tel: (202) 514-3257<br>Email: Jil.Simon@usdoj.gov |

## **CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** that on September 13, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF thereby serving on counsel of record.

              /s Jil Simon
              Jil Simon
              Trial Attorney