UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20114-KMW

UNITED STATES OF AMERICA

vs.

CARLOS RAMON POLIT FAGGIONI
_____/

**DEFENDANT'S REPLY IN SUPPORT OF HIS OBJECTIONS TO ECF#102
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

In opposing Polit's argument that the indictment must specify the foreign law that constitutes the specified unlawful activity supporting the money laundering charges, the government states that Polit "misconstrues the R&R's reliance on *United States v. Chi*, 936 F.3d 888 (9th Cir. 2019), and *Perrine v. United States*, 444 U.S. 37 (1979)." ECF#105:4. The government is incorrect. This reply responds to the government's assertion and establishes that consistent with *Chi*, the government was required to identify the foreign law in Polit's indictment, just as the foreign (Korean) law was identified in Chi's indictment. A copy of *Chi*, highlighted by undersigned, is attached as **EXHIBIT 1**.

The defendant in *Chi* worked at a government-funded geological research institute in South Korea. *Chi*, 936 F.3d at 891. Chi was accused of receiving bribes from seismometer manufacturers in exchange for purchasing their products and for

providing inside information about their competitors. *Id.* at 890. Chi asked that the bribe payments be routed to a bank account in the United States, resulting in Chi's indictment in the U.S. *Id.* The indictment charged several money laundering counts under 18 U.S.C. § 1957, which criminalizes engaging in monetary transactions of over $10,000 derived from "'*offense[s] against a foreign nation,' including crimes involving 'bribery of a public official.'*" *Id.* (quoting 18 U.S.C. § 1956) (emphasis added). This is the same language contained in the money laundering counts against Polit, except that the indictment in *Chi* specified that the "offense against a foreign nation" was a violation of Article 129 of the Korean Code, whereas in Polit's case, the indictment does not specify the foreign law:

---

Case 2:16-cr-00824-JFW   Document 55   Filed 04/12/17   Page 3 of 8   Page ID #:205

```
1   was headquartered in Pasadena, California.  During the relevant
2   period, Company B conducted business in South Korea, including in
3   connection with government-funded projects.
4        6.    Bank of America was a financial institution.
5        7.    Merrill Lynch Wealth Management ("Merrill Lynch") was the
6   wealth-management division of Bank of America.
7   B.     THE SPECIFIED UNLAWFUL ACTIVITY: BRIBERY
8        8.    From at least in or around 2003 until in or around 2015,
9   defendant CHI illegally demanded and received bribes from Companies A
10  and B in connection with his duties in exchange for using his
11  position at KIGAM to extend preferential treatment and otherwise help
12  Companies A and B successfully sell their products in South Korea,
13  all in violation of Article 129 of South Korea's Criminal Code.
```

23 C.   THE MONETARY TRANSACTIONS

24      13.   On or about the following dates, in Los Angeles County,

25 within the Central District of California, and elsewhere, defendant

26 CHI, knowing that the funds involved represented the proceeds of some

27 form of unlawful activity, engaged and attempted to engage in, and

28 willfully caused others to engage and attempt to engage in, the

                                    5

1 following monetary transactions in criminally derived property of a

2 value greater than $10,000, which property, in fact, was derived from

3 specified unlawful activity, that is, an offense against a foreign

4 nation involving bribery of a public official in violation of foreign

5 law (Article 129 of South Korea's Criminal Code), as identified at

6 Title 18, United States Code, Section 1956(c)(7)(B)(iv):

Therefore, unlike Polit's indictment, the indictment in *Chi* not only tracked

the statutory language of 18 U.S.C. §§ 1956 and 1957, but it also specified the

foreign law and quoted directly from Article 129 of the Korean Criminal Code. Chi's

indictment stated: "Article 129 of South Korea's Criminal Code . . . provide[s], in

relevant part, that '[a] public official . . . who receives, demands, or promises to

accept a bribe in connection with his duties shall be punished by imprisonment[.]'"

A copy of the *Chi* superseding indictment is attached as **EXHIBIT 2**.

Chi moved to dismiss the indictment, arguing that the term "bribery of a public

official" in § 1956 means bribery of a public official under 18 U.S.C. § 201, *Chi*,

936 F.3d at 896, and that his indictment failed to allege an offense because "in addition to alleging a violation of Article 129 [of the Korean Code], the indictment was required to allege a violation of 18 U.S.C. § 201, the federal bribery statute." *Id.* at 892. Chi argued that he was a private actor rather than a public official, and that he was not receiving money in exchange for performing an official act, as would have been required under 18 U.S.C. § 201. *See Chi*, Case No. 2:16-cr-00824(A)-JFW (C.D. Cal.), ECF#68:17, 21 (Chi's Motion to Dismiss). Chi also argued that in order for specified unlawful activity to constitute "an offense against a foreign nation involving . . . bribery of a public official," the offense must not only violate the law of a foreign nation but also must constitute "bribery of a public official" under 18 U.S.C. § 201. *Id.* at 16-17.

Importantly, in opposing Chi's arguments, the government argued that "**Korean bribery law and not U.S. law applies to the FSI [First Superseding Indictment]**." *Chi*, Case No. 2:16-cr-00824(A)-JFW (C.D. Cal.), ECF#74:17 (Government's Opposition to Chi's Motion to Dismiss) (emphasis added). In the government's words, the "statutory framework" of § 1956 is "unambiguous" and "**Korean law, not U.S. law, therefore governs whether defendant's receipt of the payments from Companies A and B constitutes bribery** of a public official." *Id.* at 19 (emphasis added).

Formulating the question before it, the Ninth Circuit stated:

> [F]or an act to qualify as "specified unlawful activity," it must be "an offense against a foreign nation." But not every violation of foreign law is a "specified unlawful activity." To qualify, the "offense against a foreign nation" must fall within the bounds of one of the listed categories—say, "bribery of a public official." The question here is how to define the categorical boundaries of such "bribery of a public official."

*Chi*, 936 F.3d at 894.

To resolve this question, the court engaged in a two-step analysis. In step #1, the court considered *how* to interpret § 1956(c)(7)(B), examining circuit and Supreme Court precedent and resorting to cannons of statutory construction, including the "fundamental canon. . . that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning" as understood at the time Congress enacted the statute. *Id.* at 893–95 (quoting *Perrin*, 444 U.S. at 42). The court concluded that the language of § 1956 gave no indication that the term "bribery of a public official" should be limited to § 201 violations, holding that the term has its "'ordinary, contemporary, common meaning,' . . . . and is not constrained by 18 U.S.C. § 201." *Id.* at 895–97 (*relying* on *Perrin*, 444 U.S. at 42).

In step #2, the court then *compared* the elements of the foreign law specified in Chi's indictment (Article 129 of the Korean Code) to the elements of the ordinary and common meaning of bribery as used in § 1956, and concluded that the indictment was sufficient, specifically holding: "[B]ecause we find the crime described in Article 129 of the South Korean Criminal Code fits comfortably within

the ordinary meaning of 'bribery of a public official' as used in § 1956, we find the indictment was sufficient and that there was no instructional error." *Id.* at 891.

In Polit's case, the indictment does not specify the foreign law that Polit allegedly violated. In his objections to the R&R, Polit argues that (1) the foreign law is an element of the offense that must be plead in the indictment, and (2) even if the foreign law is not an element of the offense, the foreign law must still be plead in the indictment because without it, the indictment is ambiguous as to what conduct the government contends constitutes "bribery of a public official" under foreign law. The government's response to this latter argument is that Polit "misconstrues the R&R's reliance on *United States v. Chi.*" ECF#105:4.

Polit has not misconstrued the R&R or *Chi.* It is undeniable that even if this Court can resolve step #1 of the *Chi* two-step analysis by adopting the R&R's conclusion that "bribery of a public official" has a common and ordinary meaning, this Court can never reach step #2 of the analysis because Polit's indictment does not specify the foreign law that Polit allegedly violated. Thus, while the Ninth Circuit found that "the [*Chi*] indictment was sufficient" because "the crime described in Article 129 of the South Korean Criminal Code fits comfortably within the ordinary meaning of 'bribery of a public official' as used in § 1956," 936 F.3d at 891, this Court is precluded from making the same finding as to Polit's indictment.

Finally, the government's position in this case has been that the foreign Ecuadorian law does not apply to Polit's indictment. Specifically, in its opposition to Polit's motion to dismiss, the government argued that Polit's indictment is sufficient because "the Defendant is not charged with a violation of foreign law" and, "[since] the defendant is not charged with the underlying violation of foreign law (the "specified unlawful activity"), nothing further is required." ECF#71:4. This opposition was signed by the Fraud Section of the Department of Justice.

But in *Chi*, the same Fraud Section of the Department of Justice advanced a conflicting position, arguing that under the "unambiguous" "statutory framework" of § 1956, "**Korean bribery law <u>and not U.S. law</u> applies to the FSI [First Superseding Indictment]**." *Chi*, ECF#74:17 (Government's Opposition to Chi's Motion to Dismiss the Indictment) (emphasis added). And in its Answer Brief filed in the Ninth Circuit, the Fraud Section reiterated that "[t]he indictment alleged that the underlying unlawful activity was 'an offense against a foreign nation involving . . . bribery of a public official' . . . **The plain language of that provision refers to a bribery offense in violation of the foreign nation's law, not generic bribery** (which Chi equates with a § 201(b) offense)." *United States v. Chi*, Case No. 17-50358, ECF#19:16 (Brief for the United States) (emphasis added). Therefore, under the government's argument in *Chi*, if Ecuadorian law applies to the indictment against Polit, then the indictment must specify the Ecuadorian law that Polit

allegedly violated, just as the Chi indictment alleged and quoted the elements of the Korean law.

For all these reasons, and the reasons advanced in Polit's Motion to Dismiss (ECF#63), Polit's Reply in Support of Motion to Dismiss (ECF#84), and Polit's Objections to the Magistrate Judge's Report and Recommendation (ECF#103), the Court should sustain Polit's objections to the R&R and dismiss Counts 1 through 6 of the Indictment.

With respect to Polit's motion to dismiss the indictment on statute of limitations grounds, Polit relies on the arguments in ECF##64, 83, and 103.

Respectfully submitted,

**BLACK SREBNICK**
201 South Biscayne Boulevard, Suite 1300
Miami, Florida 33131
Tel. (305) 371-6421

*/s/ Howard Srebnick*
HOWARD SREBNICK, ESQ.
Florida Bar No. 919063
E-mail: HSrebnick@RoyBlack.com

*/s/ Jackie Perczek*
JACKIE PERCZEK, ESQ.
Florida Bar No. 0042201
JPerczek@RoyBlack.com

**COFFEY BURLINGTON, P.L.**
*Permanent Counsel for Carlos Polit*

2601 South Bayshore Drive, Penthouse
Miami, Florida 33133
Tel:  305-858-2900

*/s/ Fernando Tamayo*
Fernando Tamayo, Fla. Bar No. 28530
ftamayo@coffeyburlington.com
lmaltz@coffeyburlington.com
service@coffeyburlington.com