UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20114-KMW

UNITED STATES OF AMERICA,

v.

CARLOS RAMON POLIT FAGGIONI,

    Defendant.
_____/

**UNITED STATES' DISCLOSURE OF ANTICIPATED EXPERT
WITNESS AND ADDITIONAL EVIDENCE**

The United States of America, through undersigned counsel, hereby files this Disclosure of Anticipated Expert Witness and Additional Evidence, pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure and Federal Rules of Evidence 702, 703, and 705. Also, the United States hereby requests the disclosure of any experts the defense intends to call at trial, as well as such experts' qualifications and proposed opinions to be offered at trial.

As more fully described herein, the Government intends to introduce expert testimony regarding the relevant Ecuadorean bribery laws that form the "specified unlawful act" underlying the charges in this case, as well as the defendant's status as a public official and/or public servant under Ecuadorean law during the relevant time period. Additionally, the Government intends to introduce testimony regarding the financial analysis and flow of funds of the bribes and corrupt proceeds in this case.



U.S. Department of Justice

Criminal Division

*Fraud Section*  1400 New York Avenue NW
Washington, D.C. 20530

February 2, 2024

<u>VIA EMAIL</u>

Howard Srebnick
Jackie Perczek
Black Srebnick
201 South Biscayne
Boulevard Suite 1300
Miami, FL 3331
HSrebnick@royblack.com

Re:    ***United States v. Carlos Ramon Polit Faggioni,*** **No. 22 CR 20114**

Dear Counsel:

Enclosed please find the signed expert disclosures for Professor Keith S. Rosenn and Michael J. Petron. These are provided in accordance with Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure. The government reserves the right to supplement and/or correct this disclosure if appropriate. *See* Fed. R. Crim. P. 16(a)(1)(G)(vi). The government also requests reciprocal discovery from the defendant pursuant to Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure.

1.    **Professor Keith S. Rosenn**  The United States expects to call Professor Rosenn to testify about the relevant Ecuadorean bribery laws that form the "specified unlawful act" underlying the charges in this case as well as the Defendant's status as a public official and/or public servant under Ecuadorean law during the relevant time period.

*Background.* Professor Rosenn's professional background and experience as a scholar and professor of Latin American law and comparative law is summarized in the enclosed CV. As summarized therein, Professor Rosenn has extensive professional experience with the laws of Latin American countries, including Ecuador, and has testified numerous times as an expert regarding Latin American law, including the laws of Ecuador.

**2.** **Michael J. Petron.** The United States expects to call Michael J. Petron to testify about the financial analysis and flow of funds of the bribes and the corrupt proceeds in this case.

*Background.* Mr. Petron's professional background and experience as a certified public accountant and forensic accountant is summarized in the enclosed CV. As summarized therein, Mr. Petron has extensive professional experience with the application of accounting and financial analysis in white collar criminal cases and has testified as an expert in these areas numerous times.

As to Mr. Petron, the government does not contend or concede that any portion of the testimony described below necessarily qualifies as expert testimony under Federal Rule of Evidence 702 or implicated the disclosure requirements of Federal Rule of Criminal Procedure 16(a)(1)(G), Federal Rule of Evidence 702, or *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). Nonetheless, the government provides this notice in the event the Court concludes that any portion of Mr. Petron's testimony constitutes expert testimony. Further, the government may choose not to elicit all of the testimony outlined in this notice but provides this information out of an abundance of caution.

In the event Professor Rosenn and/or Mr. Petron is not available, the government reserves the right to call another witness with similar qualifications and experience. It is expected that any substitute witness would render similar opinions and testify concerning similar topics as set out for each witness below. Further, the government may choose not to elicit all of the testimony outlined in this notice but provides this information out of an abundance of caution.

This letter is intended to supplement any disclosures and discovery the government has previously provided to you.

Sincerely,

| | |
|---|---|
| GLENN S. LEON<br>Chief, Fraud Section<br>Criminal Division<br>U.S. Department of Justice | MARKENZY LAPOINTE<br>United States Attorney<br>Southern District of Florida |
| By: ___/s/ Jil Simon_____<br>Jil Simon<br>Alexander Kramer<br>Fraud Section, Criminal Division<br>(202) 514-3257 | By: ___/s/ Michael N. Berger_____<br>Michael N. Berger<br>Assistant United States Attorney<br>(305) 961-9445 |

## Disclosure as to Expert Witness Professor Keith S. Rosenn

### I. Statement of Opinions, Bases, and Reasons

The following is a "complete statement of all opinions that the government will elicit from the witness in its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under [Rule 16](b)(1)(C), and the bases and reasons for them." Fed. R. Crim. P. 16(a)(1)(G)(iii).

**Bases for Testimony:** Professor Rosenn's opinions are based largely upon his extensive professional experience as a scholar and professor of Latin American law and comparative law. He has been a professor of law teaching and publishing in these areas since 1965. Professor Rosenn has been qualified as an expert and has testified or submitted declarations and/or affidavits in scores of cases, including about Ecuadorean law. Professor Rosenn will assist the jury in understanding the elements of the relevant Ecuadorean bribery laws and how the facts in this case meet those elements, including that the defendant was a "public official" and/or "public servant" under those laws during the relevant time period.

**Opinions and Summary of Anticipated Testimony:** The government anticipates that Professor Rosenn's testimony may cover the following topics:

- Information about the crime of bribery (*cohecho*) under Ecuadorean law, including the elements as set out in Ecuador's Penal Code:

  - Describing the relevant portions of Ecuador's Penal Code, promulgated on January 22, 1971, and in force until 2014 (the "1971 Penal Code");

  - Describing the relevant portions of Ecuador's new Penal Code, which entered into force on February 10, 2014 (the "2014 Penal Code");

  - The elements of bribery under the 1971 Penal Code and the 2014 Penal Code;

  - The penalties for bribery under the 1971 Penal Code and the 2014 Penal Code;

- Information about "public officials" and "public servants" under Ecuadorean law, including:

  - The definitions of these terms under the 1971 Penal Code and the 2014 Penal Code;

  - That Ecuador's Comptroller General is a "public official" and/or "public servant" under the relevant laws.

### II. Qualifications

The following is a list of "the witness's qualifications, including a list of all publications authored in the previous 10 years." Fed. R. Crim. P. 16(a)(1)(G)(iii):

**Qualifications:** Professor Rosenn is a retired member of the Florida Bar, and has taught courses in Latin American law and comparative law at Ohio State College of Law and the University of Miami School of Law. He is full Professor of Law Emeritus at the University of Miami and was also their Chair of the Foreign Graduate Law Program and Masters Program in Inter-American Law. In addition to teaching, Professor Rosenn has authored scores of articles, chapters, and books on Latin American law and comparative law, including co-authoring the leading casebook on Latin American law (LAW AND DEVELOPMENT IN LATIN AMERICA). Professor Rosenn's CV sets out his many qualifications in greater detail; attached to this notice is Professor Rosenn's current CV.

**Publications:** A list of Professor Rosenn's publications is included in the attached CV.

### III. List of Cases

Attached please find "a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition." Fed. R. Crim. P. 16(a)(1)(G)(iii). Please note that this list reflects Professor Rosenn's best efforts to account for his expert testimony over the previous 4 years. Professor Rosenn has been informed that if he learns of additional testimony that should be disclosed under this rule to notify the government.

Professor Rosenn has reviewed and approved this disclosure and attests to that fact by signing below.

Sincerely,

GLENN S. LEON  
Chief, Fraud Section  
Criminal Division  
U.S. Department of Justice  

By: *Jil Simon*  
Jil Simon  
Alexander Kramer  
Fraud Section, Criminal Division  
(202) 514-3257  

MARKENZY LAPOINTE  
United States Attorney  
Southern District of Florida  

By: *Michael N. Berger*  
Michael N. Berger  
Assistant United States Attorney  
(305) 961-9445  

I have reviewed and I approve this disclosure.

Date: 01/30/2024

*Keith Rosenn*  
Professor Keith S. Rosenn

**Disclosure as to Michael J. Petron**

I. **Statement of Opinions, Bases, and Reasons**

The following is a "complete statement of all opinions that the government will elicit from the witness in its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under [Rule 16](b)(1)(C), and the bases and reasons for them." Fed. R. Crim. P. 16(a)(1)(G)(iii).

**Bases for Testimony:** Mr. Petron's opinions are based largely upon his more than twenty years of experience working as a certified public accountant and forensic accountant. Mr. Petron will help the jury understand the flow of the bribery proceeds in this case, including the flow of funds through various foreign and domestic bank accounts, as well as the purchase and sale of various Florida properties.

**Opinions and Summary of Anticipated Testimony:** The government anticipates that Mr. Petron's testimony may cover the following topics:

- Analysis of the flow of funds in this case, including:

    o Bribe payments by Odebrecht shell companies to three offshore bank accounts in the name of Plastiquim, S.A., Inmobiliaria Cosani, S.A., and Italcom, S.A.;

    o Payments by Global Reinsurance Broker to and through various Florida bank accounts;

    o Transfers from Plastiquim, S.A., Inmobiliaria Cosani, S.A., and Italcom, S.A. to and through various Florida bank accounts;

    o The use of bribery proceeds to purchase and/or upgrade various Florida properties;

    o The proceeds obtained from the sale of those same Florida properties.

- Summarize relevant bank records, including a review of summary charts prepared by his firm (Stout Risius Ross, LLC) and testify as to observations apparent from those summary charts and/or other exhibits.

II. **Qualifications**

The following is a list of "the witness's qualifications, including a list of all publications authored in the previous 10 years." Fed. R. Crim. P. 16(a)(1)(G)(iii):

**Qualifications:** Mr. Petron is the Managing Director and Co-President of the Disputes, Claims, and Investigations group at Stout, an advisory firm specializing in financial disputes and investigations. Mr. Petron provides various accounting services including forensic accounting and complex flow of funds analysis. Mr. Petron's practice focuses on financial frauds including Foreign Corrupt Practices Act investigations. Mr. Petron's CV sets out his qualifications in greater detail; attached to this notice is Mr. Petron's current CV.

-5-

**Publications:** A list of Mr. Petron's publications is included in the attached CV.

### III. List of Cases

Attached please find "a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition." Fed. R. Crim. P. 16(a)(1)(G)(iii). Please note that this list reflects Mr. Petron's best efforts to account for his expert testimony over the previous 4 years. Mr. Petron has been informed that if he learns of additional testimony that should be disclosed under this rule to notify the government.

Mr. Petron has reviewed and approve this disclosure and attests to that fact by signing below.

Sincerely,

| | |
|---|---|
| GLENN S. LEON<br>Chief, Fraud Section<br>Criminal Division<br>U.S. Department of Justice | MARKENZY LAPOINTE<br>United States Attorney<br>Southern District of Florida |
| By: *Jil Simon*<br>Jil Simon<br>Alexander Kramer<br>Fraud Section, Criminal Division<br>(202) 514-3257 | By: *[signature]*<br>Michael N. Berger<br>Assistant United States Attorney<br>(305) 961-9445 |

I have reviewed and I approve this disclosure.

Date: **01/30/2024**               *Michael J Petron*
                                          Michael J. Petron
                                          Co-President
                                          Disputes, Claims, and Investigations
                                          Stout

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 2, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.

/s/ Jil Simon
Jil Simon
Trial Attorney