UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20114-KMW

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

CARLOS RAMON POLIT FAGGIONI,

      Defendant.

_____/

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE HEARSAY STATEMENTS (RE: GOVERNMENT WITNESS FEDERICO GOMEZ)**

    The government proposes to offer certain out-of-court conversations between government witness Federico Gomez and Defendant Polit's son as "co-conspirator statements" under Rule 801(d)(2)(E) of the Federal Rules of Evidence. Because these statements do not satisfy the rule and violate Defendant Polit's right to confrontation under the Sixth Amendment, they must be excluded.

    Polit is charged with conspiracy and substantive money laundering offenses relating to alleged foreign bribery. ECF#1. The Indictment alleges that Polit conspired with his son, John Polit (i.e., Co-Conspirator 1 in the Indictment), to launder money that Defendant Carlos Polit received from Odebrecht when Carlos Polit was Comptroller of Ecuador. *See id.* The government intends to call Federico

1

Gomez to testify at trial. Gomez worked for Defendant's son, John Polit, and is not alleged to have been a co-conspirator of Polit. Gomez proposes to testify about several statements allegedly made to him by Defendant's son John Polit, including via WhatsApp.

Rule 801(d)(2)(E) provides that a statement is not hearsay if the "statement is offered against an opposing party" and "was made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). To be admissible, "the government must prove by a preponderance of the evidence: (1) that a conspiracy existed; (2) that the conspiracy included the declarant and the defendant against whom the statement is offered; and (3) that the statement was made during the course and in furtherance of the conspiracy." *United States v. Miles*, 290 F.3d 1341, 1351 (11th Cir. 2002) (citing *United States v. Dickerson*, 248 F.3d 1036, 1049 (11th Cir. 2001)); *see also Bourjaily v. United States*, 483 U.S. 171, 176 (1987)). Although the statement does not have to be necessary to the conspiracy, it *must* "further the interests of the conspiracy in some way." *Miles*, 290 F.3d at 1351 (citing *United States v. Caraza*, 843 F.2d 432, 436 (11th Cir. 1988)).

A statement that is "merely idle chatter" or is a mere narrative of past conduct is not in furtherance of the conspiracy and is thus inadmissible. *United States v. Trevino Chavez*, 830 F. App'x 425, 428–29 (5th Cir. 2020) ("[C]onversations that represent 'mere idle chatter' or which are mere narratives of past conduct are not in

2

furtherance of the conspiracy because the statement and the conversation were not intended to further the conspiracy, regardless of whether an individual coconspirator was implicated in the conversation." (citations omitted)).

### 1. Gomez's testimony before the grand jury:

Federico Gomez testified before the grand jury that one day at work while doing some filing, Gomez saw some manila folders with different company names. The government contends that these companies were involved in the alleged bribery scheme involving Defendant Carlos Polit and his son John Polit. Gomez testified that he asked John Polit what these folders were, and "he [John Polit] was kind of nervous when he responded, he told me that those were his father's investments."

Defendant moves to exclude this statement by John Polit because it was not made in furtherance of the alleged conspiracy and is therefore hearsay. *See Miles*, 290 F.3d at 1351; *see also United States v. Blakey*, 960 F.2d 996, 998 (11th Cir. 1992) ("On the contrary, statements that implicate a coconspirator, like statements that 'spill the beans' concerning the conspiracy, are not admissible under Rule 801(d)(2)(E)" [because they do not further the conspiracy].). Gomez simply asked a work-related question, and John Polit responded idly. The statement that "those were his father's investments" is just mere chatter and a narrative of past events that do not advance the money laundering conspiracy in any way.

3

**2. WhatsApp messages between Gomez and John Polit:**

The government also proposes to introduce a series of text messages between John Polit and Gomez, none of which were made in the furtherance of the money laundering conspiracy.

Government Exhibits 8-1A, 8-1B consist of a conversation between Gomez and John Polit where John Polit is venting to Gomez about personal family problems. *See* Exhibit 1 (Gov. Exh. 8-1B, translation of Gov. Exh. 8-1A). John Polit is expressing his frustration around his father wanting John to include his siblings in his businesses. These statements do not further or advance the alleged conspiracy in any way; they are "idle chatter" and should be excluded as inadmissible hearsay. *Trevino Chavez*, 830 F. App'x at 428–29.

Government Exhibits 8-1H, 81-D, and 81-F, attached here as Exhibit 2, are additional conversations between Gomez and John Polit that also do not appear to be in furtherance of the alleged conspiracies charged in the Indictment. Defendant Polit moves to exclude these out-of-court statements as hearsay. The burden is on the government to establish that the statements meet the requirements of Rule 801(d)(2)(E).

**3. Admission of these statements violates the Sixth Amendment:**

Additionally, the admission of these statements violates the Confrontation Clause of the Sixth Amendment. We recognize that in *Bourjaily*, the Supreme Court

held that an "independent inquiry into the reliability of statements that satisfy . . . Rule 801(d)(2)(E)" is not required by the Confrontation Clause. *See Bourjaily*, 483 U.S. at 183–84. But since then, the Court in *Crawford v. Washington*, 451 U.S. 36 (2004) expanded its view on the Confrontation Clause and "changed the legal landscape with respect to prior testimonial statements[.]" *United States v. Underwood*, 446 F.3d 1340, 1346 (11th Cir. 2006) (discussing *Crawford*). In *Crawford*, the Court held that "[w]here testimonial evidence is at issue . . . the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." *Crawford*, 541 U.S. at 68. Although current jurisprudence views co-conspirator statements made in furtherance of a conspiracy to be non-testimonial, and thus not implicated by the Sixth Amendment, *see Underwood*, 446 F.3d at 1347; *Crawford*, 541 U.S. at 55, Polit maintains that even if this Court deems these statements to satisfy Rule 801(d)(2)(E), their admission violates his right to confrontation as provided under the Sixth Amendment.

"In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. "[T]he Confrontation Clause of the Sixth Amendment prohibits the admission of out of court statements that are testimonial unless the declarant is unavailable and the defendant had a previous opportunity to cross-examine the declarant." *United States v. Jiminez*, 564 F.3d 1280, 1286 (11th Cir. 2009) (citing *Crawford v. Washington*,

5

541 U.S. 36, 51–52 (2004)). That is, the Confrontation Clause applies to testimonial statements, like the statements made by John Polit identified above. *See id.* Testimonial statements "involve statements made under circumstances which would lead the declarant to believe that the statement would be available for use at a later trial." *Underwood*, 446 F.3d at 1347.

Accordingly, Defendant Polit requests that the Court exclude these statements under the Confrontation Clause of the Sixth Amendment.

Respectfully submitted,

**BLACK SREBNICK**
201 South Biscayne Boulevard, Suite 1300
Miami, Florida 33131
Tel. (305) 371-6421

/s/ *Howard Srebnick*
HOWARD SREBNICK, ESQ.
Florida Bar No. 919063
E-mail: HSrebnick@RoyBlack.com

/s/ *Jackie Perczek*
JACKIE PERCZEK, ESQ.
Florida Bar No. 0042201
JPerczek@RoyBlack.com

**COFFEY BURLINGTON, P.L.**
*Permanent Counsel for Carlos Polit*
2601 South Bayshore Drive, Penthouse
Miami, Florida 33133
Tel: 305-858-2900

*/s/ Fernando Tamayo*
Fernando Tamayo, Fla. Bar No. 28530
ftamayo@coffeyburlington.com
lmaltz@coffeyburlington.com
service@coffeyburlington.com