UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20114-KMW

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

CARLOS RAMON POLIT FAGGIONI,

       Defendant.
_____/

**DEFENDANT'S MOTION TO EXCLUDE PROPOSED 404(B) EVIDENCE**

Defendant Carlos Ramon Polit Faggioni ("Polit") moves to exclude the government's proposed Rule 404(b) evidence (ECF#108), and in support states:

Polit is accused of money laundering offenses relating to alleged foreign bribery. ECF#1. The government proposes to call an agent or summary witness to testify about (1) emails between Polit and the owner of a Spanish business ("Spanish Businessperson 1") purportedly relating to a tax dispute the businessperson had in Ecuador, and (2) emails between Co-Conspirator 1 and Spanish Businessperson 1 about the purchase of an apartment in Spain. *See* ECF#108 at 3-4. The government contends that the emails are admissible because in the government's view, the real estate transaction in Spain was "a scheme with Spanish Businessperson 1," and that "defendant negotiated a bribe from [this] businessperson for the defendant's use of

1

his government influence to assist the businessperson and directed Co-Conspirator 1 to coordinate receipt of the bribe proceeds." *Id.* at 5.

But these allegations are speculation by the government, there is *no* evidence that this was a bribery scheme. Notably, there is not a single person with personal knowledge of the transaction that will testify at trial that the transaction in Spain was "a scheme," or that Polit negotiated "a bribe" from Spanish Businessperson 1, or that Polit directed Co-Conspirator 1 to coordinate "receipt of the bribe proceeds." The agent or summary witness the government proposes to call at trial has no personal knowledge of the transaction in Spain. Spanish Businessperson 1 is deceased. No other witness who may have been involved in the transaction will be testifying at trial. Instead, all the government proposes to offer at trial are emails, none of which admit a scheme or a bribe, and then ask the jury to conclude that the transaction must have been a bribery scheme orchestrated by Polit.

Rule 404(b) of the Federal Rules of Evidence provides that evidence of other acts is never admissible to prove a defendant's character to show action in conformity therewith. Such evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007) (citing Fed. R. Evid. 404(b)). Pursuant to the Eleventh Circuit, for evidence of other crimes or acts to be admissible under Rule 404(b):

2

> (1) it must be relevant to an issue other than defendant's character; (2) there must be sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the act(s) in question; and (3) the probative value of the evidence cannot be substantially outweighed by undue prejudice, and the evidence must satisfy Rule 403.

*Id.* (citing *United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000)). These elements are not met here—there is no witness who will testify (and no document that will establish by a preponderance of the evidence) that the transaction with Spanish Businessperson 1 was a scheme or a bribe, and any probative value of this purported evidence is substantially outweighed by the undue prejudice it would cause Polit.

Additionally, the emails the government seeks to offer in evidence are not inextricably intertwined to any of the allegations in this case. "Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive[,] and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." *Id.* (quoting *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998)). Thus, when evidence is "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged

3

offense[]" it falls outside of 404(b) and may be admissible.[1] *Id.* (citing *United States v. Baker*, 432 F.3d 1189, 1205 n. 9 (11th Cir. 2005)).

The government cannot meet these elements either. The Indictment alleges two separate bribery schemes against Polit. The first scheme alleges that Odebrecht paid Polit when Polit was the Comptroller General of Ecuador in order for Odebrecht to avoid paying fines imposed by the Comptroller's Office. ECF#1 at 4 ¶4. The second scheme alleges that Co-Conspirator 3 paid Polit so that Polit would help Co-Conspirator 3 re-obtain Co-Conspirator 3's insurance contracts with Seguros Sucre (the state-owned insurance company). *Id.* at 6 ¶12. The government's proposed 404(b) evidence is unrelated to these alleged schemes—the purchase of the apartment in Spain and Spanish Businessperson 1 have no connection to Odebrecht, Co-Conspirator 3, Seguros Sucre, or the Comptroller's Office. Instead, according to the government, Spanish Businessperson 1 had a tax issue in Ecuador (not with the Comptroller's Office), was in litigation with the equivalent of the Ecuador IRS over the tax issue, and ultimately *lost* the case and was required to pay a substantial tax and penalty. None of this is necessary to complete the government's purported story about Odebrecht or Seguros Sucre. And none of these emails tend to show that Polit

---

[1] Evidence is "inextricably intertwined with the evidence regarding the charged offense if it forms an 'integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted.'" *Id.* (citation omitted).

4

was engaged in a bribery scheme. Indeed, the fact that Spanish Businessperson 1 lost the tax case and had to pay a substantial tax in Ecuador is opposite of what the government alleges against Polit in the Indictment—that Odebrecht was able to avoid paying substantial fines because it supposedly paid Polit a bribe. The government's speculation about Spanish Businessperson 1 is not an "integral and natural part" of any witness's account of the "circumstances surrounding the offenses" charged in the Indictment and must be excluded. *Edouard*, 485 F.3d at 1344.

Further, this evidence is substantially more prejudicial than probative and should be excluded on this basis. Under Rule 403 of the Federal Rules of Evidence, the court should "exclude relevant evidence if its probative value is substantially outweighed by a danger" of being unfairly prejudicial, confusing the issues, misleading the jury, or presenting cumulative evidence. Fed. R. Evid. 403. "The major function of Rule 403 is 'limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.'" *United States v. Roark*, 753 F.2d 991, 994 (11th Cir. 1985). The evidence related to the Spain apartment has no probative value because, as demonstrated above, it is not related to the charged crimes and does not complete the story of any charged crime. Thus, its unfairly prejudicial effect on Polit substantially outweighs any "scant" value it may have as alleged by the government and should be excluded.

5

Lastly, the government proposes to offer the emails between Co-Conspirator 1 and Spanish Businessperson 1 pursuant to Rule 801(d)(2)(E). Polit has separately filed a motion *in limine* with respect to statements made by Co-Conspirator 1 to Federico Gomez. *See* ECF#125. For the same reasons raised there, Polit submits that the statements by Co-Conspirator 1 are inadmissible.

For all these reasons, the Court should exclude the government's proposed evidence relating to Spanish Businessperson 1 under Rules 404(b), 403, and 401.

Respectfully submitted,

**BLACK SREBNICK**
201 South Biscayne Boulevard, Suite 1300
Miami, Florida 33131
Tel. (305) 371-6421

/s/ *Howard Srebnick*
HOWARD SREBNICK, ESQ.
Florida Bar No. 919063
E-mail: HSrebnick@RoyBlack.com

/s/ *Jackie Perczek*
JACKIE PERCZEK, ESQ.
Florida Bar No. 0042201
JPerczek@RoyBlack.com

**COFFEY BURLINGTON, P.L.**
*Permanent Counsel for Carlos Polit*
2601 South Bayshore Drive, Penthouse
Miami, Florida 33133
Tel:  305-858-2900

/s/ *Fernando Tamayo*
Fernando Tamayo, Fla. Bar No. 28530

ftamayo@coffeyburlington.com
lmaltz@coffeyburlington.com
service@coffeyburlington.com

7