UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20114-KMW

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

CARLOS RAMON POLIT FAGGIONI,

       Defendant.
_____/

## DEFENDANT'S EXPEDITED[1] SUPPLEMENTAL MOTION TO TAKE RULE 15 DEPOSITION OF FOREIGN WITNESS 3[2]

On December 27, 2023, Defendant Carlos Polit filed an Unopposed Motion to Take Rule 15 Depositions of seven foreign witnesses who live outside the subpoena power of the United States. ECF#116. The government did not oppose the pre-trial depositions of these witnesses. This Court granted Polit's unopposed motion on December 28. ECF#117. On January 24 and 25, Polit took Rule 15

---

[1] This motion is being filed as an expedited motion pursuant to Local Rule 7.1(d)(2), because trial is scheduled for April 8, and the parties will need to schedule the Rule 15 deposition of the witness prior to the commencement of trial, if the Court grants this motion. Defendant Polit therefore respectfully requests that the Court enter a ruling by Monday, March 25, 2024, with the government's response due on Thursday, March 21, 2024 and Polit's reply due on Friday, March 22, 2024.

[2] Counsel for Polit has conferred with the government, which has confirmed that it opposes the relief requested in this motion, but agrees with the proposed dates for the response, reply and ruling included in footnote 1, above.

depositions of two foreign defense witnesses, who were identified in Polit's unopposed motion, with the government present to cross-examine the witnesses.

These depositions were originally scheduled to be taken in Quito, Ecuador, but due to the national state of emergency declared by Ecuador's President on January 8, 2024 (which remains in place),[3] the parties agreed that the depositions would take place in Bogota, Colombia. Foreign Witness 3—who was scheduled to be deposed that week and who was identified in Polit's unopposed motion (ECF#116)—could not travel to Bogota due to personal reasons.[4]

Prior to the depositions, on January 16, 2024, counsel for Polit advised the government that Foreign Witness 3 was unable to travel to Bogota and proposed to take Witness 3's testimony via videoconference set a later date in the near future. On January 17, the government confirmed that this proposal was acceptable.[5]

---

[3] *See* https://www.reuters.com/world/americas/ecuadors-noboa-extends-state-emergency-by-30-days-2024-03-08/; *see also* https://ec.usembassy.gov/message-for-u-s-citizens-nationwide-state-of-emergency-2/.

[4] This Motion does not identify the name of Foreign Witness 3 to preserve the privacy and security of the witness until trial in this highly publicized case. The government is aware of the identity of this witness. Upon the Court's request, Polit can file the identity of Foreign Witness 3 under seal for the Court's review.

[5] On January 16, 2024 undersigned sent a proposed deposition schedule to the government via email and wrote: "Note that [Foreign Witness 3] cannot travel to Bogota, but we plan to take [his/her] testimony via videoconference and understand that you may want to be present in Quito during [his/her] deposition. I suggest we schedule [him/her] for a date in the near future that is convenient for you to travel there, if you intend to do so." The government responded on January 17, 2024 "looks fine to us."

Accordingly, on March 6, 2024, counsel for Polit requested via email that the parties schedule Foreign Witness 3 for his/her Rule 15(a)(1) deposition via videoconference, as previously proposed in undersigned's email. In response, the government objected, for the first time, to the taking of Foreign Witness 3's pre-trial deposition.

This Court has already authorized the Rule 15 deposition of Foreign Witness 3. ECF#117. Nothing has changed since this Court's order. Foreign Witness 3 remains outside the subpoena power of the United States, and his/her testimony continues to be material to Polit's defense.

Polit therefore requests an order from this Court granting this Motion to take Foreign Witness 3's Rule 15 deposition via videoconference, at a mutually convenient time for the parties. Polit has no dispute with the government appearing in person for Witness 3's deposition, but Polit proposes to appear via videoconference due to the ongoing national emergency in Ecuador.

## FACTUAL BACKGROUND

Polit is charged with money laundering offenses relating to foreign bribery. ECF#1. The Indictment alleges that the specified unlawful activity involved "an offense against a foreign nation, specifically Ecuador, involving bribery of a public official, and the misappropriation, theft, and embezzlement of public funds by and for the benefit of a public official." ECF#1:4, 8, 9.

Notably, the bribery allegations in the Indictment all took place in Ecuador and relate to Polit's role as the former Comptroller General of Ecuador. ECF#1, ¶1. The Indictment alleges that as Comptroller, Polit had the power to initiate investigations, impose fines, and prepare reports relating to the misuse of public funds. *Id.* at ¶2. The Indictment alleges that Polit solicited payments in Ecuador in connection with his role as Comptroller, and used the funds to purchase real estate in Florida.

The government has indicated that it intends to call Co-Conspirator 2 ("CC2") as a lead witness against Polit at trial. CC2 was a senior manager at Odebrecht from approximately 2010 to 2016, whose regional responsibility included Ecuador during the relevant time period. According to CC2, Polit received payments from CC2 to prevent the imposition of large fines on Odebrecht by the Comptroller's Office relating to Odebrecht's construction projects in Ecuador. CC2 has stated that he paid Polit in part to eliminate or dismiss "glosas" or fines (a "glosa" is a form of sanction issued by the Comptroller's Offices) that had been imposed against Odebrecht.

**The Anticipated Testimony of Foreign Witness 3:**

Polit seeks to offer the testimony of Foreign Witness 3, who resides in Ecuador, to describe the different forms of sanctions that the Comptroller's Office could impose on companies and individuals. Foreign Witness 3 will also describe the chain of command of the Comptroller's Office, describe the nature and structure

of the Comptroller's Office and describe the Comptroller's Office's duties and responsibilities, including which officials at the Comptroller's Office had the power to impose and/or remove sanctions or "glosas" following audits.

## MEMORANDUM OF LAW

Rule 15(a)(1) authorizes the deposition of a prospective trial witness to preserve testimony for trial in "exceptional circumstances and in the interests of justice." Fed. R. Crim. P. 15(a)(1). "Such circumstances exist when (1) the witness is unavailable to testify at trial, (2) their testimony is material, and (3) countervailing factors do not 'render taking the deposition[s] unjust to the nonmoving party.'" *Khan v. United States*, 928 F.3d 1264, 1269 (11th Cir. 2019) (citation omitted). "[O]rdinarily, exceptional circumstances exist within the meaning of Rule 15(a) when the prospective deponent is unavailable for trial and the absence of his or her testimony would result in an injustice." *United States v. Drogoul*, 1 F.3d 1546, 1552 (11th Cir. 1993).

Polit seeks to take the pre-trial deposition of Foreign Witness 3 because he/she is unavailable to testify at trial, his/her testimony is material to Polit's defense, and there are no countervailing factors that render the taking of this deposition unjust.

### A. Unavailability

A witness is unavailable under Rule 15(a)(1) when a "substantial likelihood exists that the proposed deponent will not testify [physically] at trial." *Id.* at 1553.

"A 'substantial likelihood of unavailability' exists when the proposed deponent is beyond the subpoena powers of the United States and has indicated his unwillingness to testify at trial." *United States v. Cordoba*, No. 12-20157-CR, 2012 WL 3597416, at *4 (S.D. Fla. Aug. 20, 2012) (quoting *United States v. Ramos*, 45 F.3d 1519, 1522–23 (11th Cir. 1995)). Foreign Witness 3 is an Ecuadorian national who resides in Ecuador and is, thus, outside the subpoena power of the United States. Foreign Witness 3 is, thus, unavailable under Rule 15.

### B. Materiality

Polit does not have to establish that Foreign Witness 3 is "a major witness" for his defense, simply that his/her testimony is "material" to his defense. *United States v. Tovar-Montoya*, 2015 WL 12978154, at *2 (M.D. Fla. Apr. 2, 2015). Materiality of the testimony is established "by proffering 'what the testimony will be.'" *Id.* (quoting *Ramos*, 45 F.3d at 1523-24).

Here, Foreign Witness 3's anticipated testimony will rebut the allegations made by a key government witness regarding which officials are authorized to impose or remove sanctions or "glosas" against private companies, and which type of sanctions apply to private companies. Witness 3's testimony is material and necessary to Polit's defense.

### *C. Countervailing Factors*

When a prospective witness is unlikely to appear at trial and his or her testimony is critical to the case "simple fairness requires permitting the moving party to preserve the testimony . . . absent significant countervailing factors which would render the taking of the deposition unjust." *Drogoul*, 1 F.3d at 1552. In *Ramos*, the Eleventh Circuit rejected the government's argument that the following countervailing factors rendered the requested Rule 15 deposition of witness Yepez unjust:

> Yepez's testimony was suspect because he cannot be sanctioned for perjury; because the defense had neither taken nor scheduled the deposition when the magistrate vacated the order five days before trial, it was unclear the deposition could actually be taken; deposing a suspected drug dealer at a place and time arranged by an undisclosed third party in Medellin, Colombia, posed a serious threat to the prosecutor's safety; because the defense never detailed what Yepez's testimony would be, the testimony may have been irrelevant, cumulative, or inadmissible.

*Ramos*, 45 F.3d at 1523. The Eleventh Circuit found "that none of these factors, whether taken singly or together, render[ed] taking the deposition unjust." *Id.*

Likewise, in Polit's case, there are no countervailing factors to preclude taking the deposition of Foreign Witness 3. The fact that this witness lives in Ecuador and cannot be immediately sanctioned for perjury does not render the depositions unjust. *Id.* at 1523-24.

## **CONCLUSION**

According, Polit respectfully requests leave of Court to take the Rule 15 deposition of Foreign Witness 3.

Respectfully submitted,

**COFFEY BURLINGTON, P.L.**
*Permanent Counsel for Carlos Polit*
2601 South Bayshore Drive, Penthouse
Miami, Florida 33133
Tel.   (305) 858-2900

By:  */s/ Fernando Tamayo*
Fernando Tamayo, Fla. Bar No. 28530
Kendall Coffey, Fla. Bar No. 259861
ftamayo@coffeyburlington.com
kcoffey@coffeyburlington.com
lmaltz@coffeyburlington.com
service@coffeyburlington.com

-and-

**BLACK SREBNICK**
*Trial Counsel for Carlos Polit*
201 South Biscayne Boulevard, Suite 1300
Miami, Florida 33131
Tel. (305) 371-6421

*/s/ Howard Srebnick*
HOWARD SREBNICK, ESQ.
Florida Bar No. 919063
E-mail: HSrebnick@RoyBlack.com

*/s/ Jackie Perczek*
JACKIE PERCZEK, ESQ.
Florida Bar No. 0042201
JPerczek@RoyBlack.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on March 18, 2024, on all counsel or parties of record on the Service List below.

| Service List ||
|---|---|
| Alexander Kramer, Trial Attorney<br>Jill Simon, Trial Attorney<br>Lindita V. Ciko Torza, Trial Attorney<br>Criminal Division, Fraud Section<br>Lorinda Laryea<br>Acting Chief, Fraud Section<br>Criminal Division<br>U.S. Department of Justice<br>1400 New York Avenue, N.W.<br>Washington, D.C. 20005<br>Tel:  202-262-7086<br>Tel:  202-786-1919<br>jill.simon@usdoj.gov<br>alexander.kramer@usdoj.gov<br>lindita.ciko.torza@usdoj.gov | Michael N. Berger, Esq.<br>Assistant United States Attorney<br>99 NE 4 Street<br>Miami, Florida 33132-2111<br>Tel:  305-961-9445<br>Michael.berger2@usdoj.gov |

*/s/ Fernando Tamayo*
Fernando Tamayo