UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20114-KMW

UNITED STATES OF AMERICA

vs.

CARLOS RAMON POLIT FAGGIONI,

            **Defendant.**

_____/

**RESPONSE TO DEFENDANT'S EXPEDITED MOTION TO TAKE
RULE 15 DEPOSITION OF FOREIGN WITNESS 3**

    The United States, by and through undersigned counsel, hereby files the following response to Defendant's Expedited Supplemental Motion to Take Rule 15 Deposition of Foreign Witness 3 [DE 131].  Because Foreign Witness 3 is willing to travel to the United States to testify at trial, because the proffered testimony would be duplicative of testimony from an already-deposed witness, and because of the unreasonable delay in seeking to schedule this deposition three weeks before trial, the motion should be denied.

**Relevant Factual Background**

    On August 16, 2023, counsel for the defendant filed an unopposed motion to continue trial[1] based, in part, on "the need for taking the testimony of several foreign defense witnesses." [DE 98].  In that motion, the defendant stated that he "anticipates filing a motion this week" as to those depositions.  [Id.]

    Over four months later, on December 22, 2023, counsel for the defendant filed an unopposed motion to take Rule 15 depositions, including of Foreign Witness 3 [DE 116].  As noted

---

[1] This defendant was arraigned on May 27, 2022, on an indictment charging money laundering offenses [DE 1].  The trial date has been reset multiple times:  initially to May 22, 2023 [DE 57], then to October 23, 2023 [DE 89], to January 23, 2024 [DE 101] and, most recently, to April 8, 2024 [DE 112].

in that motion, Foreign Witness 3 "has a U.S. visa and is currently willing to travel to the United States to testify at trial." [Id. at 7]. The United States consented to these depositions because there was sufficient time to take the depositions prior to trial and because of the efficiencies of taking seven depositions at the same time, even though some of the noticed witnesses were not "unavailable."[2]

Rule 15 depositions were scheduled for the week of January 22, 2024, in Bogota, Colombia. Foreign Witness 3 was unable to travel to Bogota, Colombia and counsel for the defendant emailed the government on January 16, 2024, stating that the witness "cannot travel to Bogota, but we plan to take her testimony via videoconference and understand that you may want to be present in Quito during her deposition. I suggest we schedule her for a date in the near future that is convenient for you to travel there, if you intend to do so."

Though counsel for the defendant noticed seven witnesses for deposition, ultimately only two witnesses were deposed: Witness 5 and Witness 7.

Approximately two months later, on March 6, 2024, counsel for the defendant emailed the government seeking to schedule the Rule 15 deposition for Foreign Witness 3 "via videoconference." The government opposed.

**Legal Standard**

"Depositions generally are disfavored in criminal cases." United States v. Drogoul, 1 F.3d 1546, 1551 (11th Cir. 1993). "In particular, because of the absence of procedural protections afforded parties in the United States, foreign depositions are suspect and, consequently, not

---

[2] Rule 15 depositions require significant logistical planning, including host country authorization, foreign travel authorization, deposition review to identify agreed-upon, withdrawn, and contested objections, and judicial review of contested objections.

favored." Id. Such depositions are permitted under Federal Rule of Criminal Procedure 15 only when "due to exceptional circumstances of the case it is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved for use at trial." Fed. R. Crim. P. 15(a). "Three factors guide the exceptional circumstances analysis: whether (1) the witness is unavailable to testify at trial; (2) injustice will result because testimony material to the movant's case will be absent; and (3) countervailing factors render taking the deposition unjust to the nonmoving party." United States v. Carter, 776 F.3d 1309, 1325 (11th Cir. 2015) (quoting United States v. Ramos, 45 F.3d 1519, 1522-23 (11th Cir. 1995). Eleventh Circuit case law makes clear that these factors are conjunctive. See id. The party seeking the deposition bears the burden of establishing "exceptional circumstances." Drogoul, 1 F.3d at 1552.

A witness is "unavailable" under Rule 15 when a "substantial likelihood exists that the proposed deponent will not testify at trial." Id. at 1553. "In the ordinary case, exceptional circumstances do not exist when the prospective deponent has declared that he or she is willing to testify at trial . . . [I]f there is very little chance that a deposition will be admissible — if the witnesses are available to testify live, for example — the district court need not engage in the wasteful practice of authorizing useless depositions." Id. at 1557.

"The principal consideration guiding whether the absence of a particular witness's testimony would produce injustice is the materiality of that testimony to the case." Carter, 776 F.3d at 1325 (quoting Drogoul, 1 F.3d at 1552). "Where the deposition testimony sought under Rule 15(a) is cumulative of other testimony, a court does not abuse its discretion by denying the Rule 15(a) motion." United States v. Aleman, 2017 WL 781506, at *3 (N.D. Ga. Mar. 1, 2017) (citing Carter, 776 F.3d at 1326). "[T]he moving party's diligence and the timing of the prospective depositions are relevant considerations." Drogoul, 1 F.3d at 1556.

**Analysis**

All three of the factors laid out in United States v. Carter weigh in favor of denying the deposition of Foreign Witness 3: (1) Foreign Witness 3 is willing to testify at trial; (2) the proffered testimony of Foreign Witness 3 is cumulative of the testimony of Foreign Witness 5, who was deposed in January 2024; and (3) the defendant was not diligent in scheduling the deposition of Foreign Witness 3.

*Foreign Witness 3 Is Not Unavailable*

According to the defendant's own filing, Foreign Witness 3 has a U.S. visa and has stated his/her willingness to travel to the United States and testify at trial, which begins in approximately three weeks. [DE 116 at 7]. Because Foreign Witness 3 is not unavailable, a Rule 15 deposition is inappropriate and the defendant's motion should be denied.

The defendant incorrectly concludes that Foreign Witness 3 is "unavailable" based solely on the fact that she resides "outside the subpoena power of the United States." [DE 131 at 6]. As the Eleventh Circuit stated in Drogoul, "[i]n the ordinary case, exceptional circumstances do not exist when the prospective deponent has declared that he or she is willing to testify at trial." 1 F.3d at 1557. The defendant stated in his December 2023 motion for Rule 15 depositions: "Witness 3 has a U.S. visa and is currently willing to travel to the United States to testify at trial." [DE 116 at 7]. Counsel for the defendant has never indicated to the government or the Court a change in Witness 3's visa or willingness to testify at trial. Given the proximity to trial (less than three weeks away) and Foreign Witness 3's willingness to testify at trial, "there is very little chance that the deposition will be admissible" because deposition testimony may only substitute live testimony "when a material witness is unavailable for trial." Drogoul, 1 F.3d at 1557.

4

Further, the defendant filed the instant motion nearly two months after the parties previously traveled to Bogota, Colombia to take depositions of foreign witnesses pursuant to this Court's Order [DE 117]. That Order covered the depositions of seven defense witnesses, including Foreign Witness 3. The government did not oppose the deposition of Foreign Witness 3 at that time, because — though willing to testify at trial — the burden of taking the deposition of Foreign Witness 3 was "minimal because the parties already were traveling" to take the other Rule 15 depositions. United States v. Stein, 482 F. Supp. 2d 360, 364 (S.D.N.Y 2007) (citing Drogoul and noting that courts generally have only authorized depositions of foreign witnesses who are willing to testify at trial "where the burden was minimal because the parties already were traveling to the witness's location for other reasons"). That is no longer case, as the parties have already traveled and taken the other depositions sought by the defendant.[3]

Because the defendant has failed to carry his burden of establishing that Foreign Witness 3 is "unavailable" under Rule 15, the defendant's motion should be denied.

*Injustice Will Not Result Because Foreign Witness 3's Testimony Is Cumulative*

Denying the motion for deposition will not produce an injustice — even if Foreign Witness 3 later becomes unavailable to testify at trial — because the proffered testimony of Foreign Witness 3 is entirely duplicative of other testimony, including that of Foreign Witness 5 who was already deposed. See, e.g., Carter, 776 F.3d at 1326 (affirming district court denial of Rule 15 depositions where the testimony proffered was "cumulative"); United States v. Alexander, 782 F.3d 1251, 1257 (11th Cir. 2015) (affirming district court denial of foreign Rule 15 depositions

---

[3] Indeed, the defendant noticed seven deponents, but ultimately only deposed two witnesses.

5

where "other witnesses could have presented testimony identical or similar to" the proposed deponent).

As noticed by the defendant, the entirety of Foreign Witness 3's proffered testimony has already been testified to by Foreign Witness 5 during that witness's deposition. Specifically:

| **Foreign Witness 3 Proffered Testimony [DE 131 at 4-5]** | **Foreign Witness 5 Deposition Testimony** |
| --- | --- |
| Describe the different forms of sanctions that the Comptroller's Office could impose; | Describing the different forms of sanctions the Comptroller's Office could impose (Deposition Tr. at 25-29) |
| Describe the chain of command of the Comptroller's Office; | Describing the process of audits conducted by the Comptroller's Office, including chain of command (Id. at 12-25; 31-33) |
| Describe the nature and structure of the Comptroller's Office and the Comptroller's Office's duties and responsibilities | Describing the nature, structure, and duties of the Comptroller's office (Id. at 9-12) |
| Describe which officials at the Comptroller's Office had the power to impose and/or remove sanctions or "glosas" following audits. | Describing the process to remove "glosas" and who at the Comptroller's Office had authority to impose and remove penalties (Id. at 30-33). |

Because Foreign Witness 5 has been deposed and has already testified on the same topics noticed by the defendant for Foreign Witness 3, the deposition the defendant seeks is cumulative and the absence of Foreign Witness 3's testimony would, in the hypothetical event s/he becomes unavailable to testify at trial, produce no injustice. See Carter, 776 F.3d at 1326; Alexander, 782 F.3d at 1257.

*Defendant Was Not Diligent In Seeking Deposition of Foreign Witness 3*

Because the defendant was not diligent in seeking the deposition of Foreign Witness 3, taking the deposition at this point runs counter to the interests of justice. Foreign Witness 3 was one of the seven deponents noticed in the defendant's motion for Rule 15 depositions, filed on

December 22, 2024 [DE 116].  On January 16, 2024, counsel for the defendant sent an email to the government providing the "proposed deposition schedule for next week in Bogota" and stating that Foreign Witness 3 "cannot travel to Bogota, but we plan to take [his/her] testimony via videoconference and understand you may want to be present in Quito during [his/her] deposition. I suggest we schedule [him/her] <u>for a date in the near future that is convenient for you to travel there, if you intend to do so.</u>" (emphasis added).  Counsel for the defendant sent a follow up email the next day saying: "Just following up on the below proposed schedule."  To which the government replied: "Looks fine to us."

    The government did not receive further correspondence from counsel for the defendant regarding rescheduling the deposition of Foreign Witness 3 until March 6, 2024.  In that email, counsel for the defendant stated: "We would like to schedule [Foreign Witness 3's] Rule 15 deposition via videoconference."  The next day, the government informed defendant of its opposition and restated its consistent position opposing videoconference depositions or testimony. Counsel for the defendant filed the instant expedited motion twelve days later, on March 18, 2024.

    A delay of almost two months in seeking to reschedule the deposition of Foreign Witness 3 demonstrates a "serious lack of due diligence by the moving party," which establishes an additional basis for disallowing the deposition of Foreign Witness 3.  <u>Drogoul</u>, 1 F.3d at 1556 ("There can be no question that both the moving party's diligence and the timing of the prospective depositions are relevant considerations to be weighed under Rule 15(a).").  <u>See also</u> <u>United States v. Yates</u>, 438 F.3d 1307, 1318 n.11 (11th Cir. 2006) (finding prejudice in government's serious delay in requesting videoconference testimony of foreign witnesses and stating such delay "would likely typify the kind of delay warranting the denial of a Rule 15 deposition"); <u>United States v. Aggarwal</u>, 17 F.3d 737, 742 (5th Cir. 1994) (no abuse of discretion for denying Rule 15 motion on basis of

"unexcused delay" where motion was "filed one month before the case finally went to trial on its third setting" and motion was filed after the court's deadline for pretrial motions).

Because of the defendant's lack of diligence in attempting to schedule the Rule 15 deposition for Foreign Witness 3, there is no longer enough time before the start of trial for the government to work through the significant logistical requirements and authorizations for a foreign, in-person deposition — hurdles of which counsel for the defendant is aware. While the defendant has stated his desire to conduct the deposition of Foreign Witness 3 remotely via videoconference, the government has consistently opposed testimony by videoconference in this case.

"[T]he Eleventh Circuit has acknowledged that '[t]he simple truth is that confrontation through a video monitor is not the same as physical face-to-face confrontation.'" United States v. Salamey, 2022 WL 35992, at *4 (M.D. Fla. Jan. 4, 2022) (quoting Yates, 438 F.3d at 1315) (denying Rule 15 depositions sought by government because the witness was not unavailable and because of the defendant's rights under the Confrontation Clause). Though the cases addressing the shortcomings of videoconference testimony appear to do so in the context of the defendant's rights under the Confrontation Clause, explicit in the Eleventh Circuit's analysis is an acknowledgement that questioning a witness over videoconference is disfavored over in-person questioning.

Given the witness's availability to testify at trial, the duplicative nature of the witness's proffered testimony, and the defendant's unreasonable delay in seeking this deposition, the United States respectfully requests the Court deny defendant's expedited supplemental motion for Rule 15 deposition of Foreign Witness 3.

Respectfully submitted,

| | |
|---|---|
| MARKENZY LAPOINTE<br>UNITED STATES ATTORNEY | GLENN S. LEON<br>CHIEF, FRAUD SECTION<br>Criminal Division<br>U.S. Department of Justice |
| By: /s/ Michael N. Berger<br>Michael N. Berger<br>Assistant United States Attorney<br>Court No. A5501557<br>99 Northeast 4th Street<br>Miami, Florida 33132<br>(305) 961-9445<br>(305) 536-4699 (fax)<br>Michael.Berger2@usdoj.gov | By: /s/ Jil Simon<br>Jil Simon<br>Court No. A5502756<br>Alexander Kramer<br>Fraud Section, Criminal Division<br>1400 New York Ave. NW<br>Washington, DC 20005<br>Tel: (202) 514-3257<br>Jil.Simon@usdoj.gov |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Court's CM/ECF system on March 21, 2024.

                              By:    /s/ Michael N. Berger
                                       Assistant United States Attorney