UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20114-KMW

UNITED STATES OF AMERICA,

vs.

CARLOS RAMON POLIT FAGGIONI,
_____/

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY RELATED TO OTHER UN-RELATED BRIBES**

In its' trial brief, the government provides some background information related to an Odebrecht department dedicated to carrying out the payment of bribes to public officials. *See* ECF#123 at 20. Specifically, the government represented that it "will introduce evidence that Odebrecht had a specific department — the Division of Structured Operations — responsible for making billions of dollars in bribe payments to various government officials." *Id*. Moreover, based on *Jencks* materials provided by the government, it appears several witnesses may testify at trial about bribe payments made to other public officials in Ecuador. This evidence is not relevant to Carlos Polit's case, is not part of the conduct alleged in the Indictment, and thus must be excluded pursuant to Rules 401 and 403 of the Federal Rules of Evidence.

Polit is charged with conspiracy and substantive money laundering offenses relating to alleged foreign bribery in Ecuador. ECF#1. The Indictment alleges that Polit, as the General Comptroller of Ecuador, received bribes from Odebrecht for some years during his tenure. ECF#1 at 4. Those allegations do not involve any other public official.

Relevant evidence is defined "as evidence that 'has any tendency to make a fact more or less probable,' provided that 'the fact is of consequence in determining the action.'" *United States v. Sims*, No. 21-11966, 2022 WL 17088478, at *3 (11th Cir. Nov. 21, 2022) (quoting Fed. R. Evid. 401). Evidence that Odebrecht or any of its representatives were paying bribes to other public officials is of no consequence in determining whether *Polit* was receiving bribes. No other public official is identified in the Indictment. Neither is any other public official coming to testify at Polit's trial. Thus, any testimony about Odebrecht paying bribes to other officials in Ecuador or elsewhere is irrelevant and of no consequence.

Conversely, however, introduction of this evidence would be unduly prejudicial to Polit and would mislead the jury and confuse the issues. Rule 403 of the Federal Rules of Evidence provides that evidence, even if relevant, should nonetheless be excluded if its probative value is "substantially outweighed" by "unfair prejudice, confusing the issues, [or] misleading the jury[.]" Fed. R. Evid. 403. All three dangers are present here.

The major function of Rule 403 is to exclude evidence "dragged in by the heels for the sake of its prejudicial effect." *United States v. Veltmann*, 6 F.3d 1483, 1500 (11th Cir. 1993) (citation omitted). Odebrecht allegedly paying bribes to other officials has no other purpose other than to confuse the issues and mislead the jury— it would result in a trial within a trial, relating to conduct of third parties who are not even present in the courtroom and which bear no relationship to the charged conduct. *Compare United States v. Smith*, 122 F.3d 1355, 1359–60 (11th Cir.1997) (holding that evidence of a third party's bank robbery was admissible because it was "inextricably intertwined" with the bank robbery charged in the indictment and there were "strong" and "integral" links between the two robberies); *United States v. Meester*, 762 F.2d 867, 877 (11th Cir. 1985) (holding that evidence of similar crimes committed by unindicted co-conspirator was admissible because it "served to establish a background for the later substantive acts charged in the indictment and was therefore relevant to prove the existence and purpose of the ongoing conspiracies"). Here, Odebrecht allegedly paying bribes to other public officials does not complete the story charged in the Indictment and has no "integral links" to Polit's alleged conduct. *But see United States v. McNair*, 605 F.3d 1152, 1206 (11th Cir. 2010). Moreover, some of this testimony relating to activities with third parties may also call for inadmissible hearsay under Rule 802.

Accordingly, Polit requests that the Court exclude any testimony related to bribes of any other public official carried out by Odebrecht.

Respectfully submitted,

**BLACK SREBNICK**
201 South Biscayne Boulevard, Suite 1300
Miami, Florida 33131
Tel. (305) 371-6421

/s/ *Howard Srebnick*
HOWARD SREBNICK, ESQ.
Florida Bar No. 919063
E-mail: HSrebnick@RoyBlack.com

/s/ *Jackie Perczek*
JACKIE PERCZEK, ESQ.
Florida Bar No. 0042201
JPerczek@RoyBlack.com

**COFFEY BURLINGTON, P.L.**
*Permanent Counsel for Carlos Polit*
2601 South Bayshore Drive, Penthouse
Miami, Florida 33133
Tel:  305-858-2900

/s/ *Fernando Tamayo*
Fernando Tamayo, Fla. Bar No. 28530
ftamayo@coffeyburlington.com
lmaltz@coffeyburlington.com
service@coffeyburlington.com