UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20114-KMW

**UNITED STATES OF AMERICA**

vs.

**CARLOS RAMON POLIT FAGGIONI,**

      **Defendant.**

_____/

**UNITED STATES' BENCH MEMORANDUM
<u>REGARDING CRIMINAL FORFEITURE</u>**

Pursuant to Rule 32.2(b)(5)(A) of the Federal Rules of Criminal Procedure,[1] the United States of America, by and through its undersigned counsel, hereby respectfully requests that the Court, before the jury begins its deliberations, inquire whether defendant Carlos Ramon Polit Faggioni (the "Defendant") requests that the jury be retained after a guilty verdict to determine the forfeitability of the specific property sought for criminal forfeiture. The United States is not requesting to retain the jury for forfeiture.

To aid the Court, the United States also submits this memorandum on the applicable rules and procedures governing criminal forfeiture in this case and the accompanying proposed jury

---

[1] Federal Rule of Criminal Procedure 32.2(b)(5)(A), which establishes a right to a jury trial on the forfeiture allegations, states, in relevant part:

> (5) *Jury Determination.*
> (A) *Retaining the Jury.* In any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, *the court must determine before the jury begins deliberating* whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict.

Fed. R. Crim. P. 32.2(b)(5)(A) (emphasis added).

1

instructions and a special verdict form.

## I. PROCEDURAL HISTORY

On March 22, 2022, a grand jury sitting in the Southern District of Florida returned an Indictment against the Defendant charging him with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count 1), money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Counts 2-4), and engaging in transactions in criminally derived property in violation of 18 U.S.C. § 1957 (Counts 5-6). Indictment, ECF No. 1.

The Indictment also contained forfeiture allegations, which alleged that upon a conviction of 18 U.S.C. §§ 1956 or 1957, the Defendant shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). *Id*. The Indictment, in paragraph 3 of the forfeiture allegations, alleged that the property subject to forfeiture includes, but is not limited to, the following assets (collectively, the "Subject Assets"):

  i.   Real property located at 1902 SW 22 Street, Miami, Florida 33145; and

  ii.  Real property located at 301 Altara Ave, Unit 702, Miami, Florida 33146;

*Id.* at 10.

The Indictment further provided that if any of the Subject Assets are unavailable for forfeiture due to the acts or omissions of the Defendant, the United States shall be entitled to forfeit substitute property under the provisions of 21 U.S.C. § 853(p). *Id.*

Although not listed in the Indictment, the United States seeks a forfeiture money judgment against the Defendant for an amount which represents the value of the property involved in the money laundering offenses. *See United States v. Navarro-Ordas*, 770 F.2d 959, 969 n.19 (11th

2

Cir. 1985) ("Fed.R.Crim.P. 7(c) did not require the Government to put [defendant] on notice that he might be subject to a cash forfeiture if given loan proceeds could not be traced to specific shopping center assets."); *see also United States v. Plaskett*, 355 F. App'x 639, 644 (3d Cir. 2009) ("the Indictment contained forfeiture allegations, which explained that once convicted, Biggs would be required to forfeit any property constituting or derived from proceeds traceable to the offense or an equivalent sum of money. The Indictment further disclosed that the government would seek forfeiture of substitute assets to recover the illicit proceeds. Under Federal Rules of Criminal Procedure 7(c)(2) and 32.2(a), this was sufficient notice that Biggs could be subject to forfeiture and a personal money judgment"); *United States v. McKay*, 506 F. Supp. 2d 1206, 1211 (S.D. Fla. 2007) ("Pursuant to the Federal Rules of Criminal Procedure 7(c)(2) and 32.2(a), the Government need only provide notice that it intends to seek forfeiture under the applicable statute. The Government is not required to provide a list of the property sought or the exact amount of the Defendants' interest in the property."), *aff'd*, 285 F. App'x 637 (11th Cir. 2008); *United States v. Odom*, 2007 WL 2433957, at *4 (S.D. Miss. Aug. 22, 2007) ("the government was not required to provide specific notice in the indictment that the defendants could be subjected to a money judgment") (citing, *inter alia Navarro-Ordas*).

## II.     RULES AND PROCEDURE FOR BIFURCATED FORFEITURE PROCEDURE

### A.     <u>Jury's Role and Requirements</u>

Should the jury return a verdict finding the Defendant guilty of one or more of the offenses charged in the Indictment, the United States will seek the criminal forfeiture of the Subject Assets, a money judgment, and substitute property.

As part of a defendant's sentence, forfeiture is determined by the Court. *See Libretti v.*

*United States*, 516 U.S. 29 (1995); Fed. R. Crim. P. 32.2(b)(1)(A). However, in cases tried before a jury involving the forfeiture of specific property, either party has a right to retain the jury to determine whether the requisite forfeiture nexus exists. Fed. R. Crim. P. 32.2(b)(5). In such cases, "the court must determine *before the jury begins deliberating* whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict." *Id.* at 32.2(b)(5)(A) (emphasis added). If a timely request is made to retain the jury, the United States will submit a special verdict form asking the jury "to determine whether the government has established the requisite nexus between the property [sought for forfeiture] and the offense committed by the defendant." *Id.* at 32.2(b)(5)(B); *accord United States v. Curbelo*, 726 F.3d 1260, 1278 (11th Cir. 2013) (if a "party requests that a jury determine the forfeitability of specific property, the district court must submit that question to the jury by way of a special verdict form.").

In accordance with Rule 32.2(b)(5)(A) of the Federal Rules of Criminal Procedure, the United States again respectfully requests that the Court, before the jury begins its deliberations, inquire whether the Defendant requests that the jury be retained after guilty verdict to determine the forfeitability of the Subject Assets.

**B.   Burden of Proof**

Because forfeiture is part of a defendant's sentence, the United States must establish by a preponderance of the evidence the requisite forfeiture nexus between the Subject Assets and the offense(s) of Defendant's conviction. *See United States v. Cabeza*, 258 F.3d 1256, 1257-58 (11th Cir. 2001) (finding that the burden of proof on forfeiture is a preponderance of the evidence notwithstanding the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000)) (citing *United States v. Dicter*, 198 F.3d 1284, 1290 (11th Cir. 1999)); *see also Libretti*, 516 U.S.

4

at 38-41 (1995) (holding that criminal forfeiture is part of the sentencing process).

### C.     Relevant Evidence

The determination of forfeitability of specific property "may be based on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). Neither the Federal Rules of Evidence, nor any other rule, prohibits the Court from admitting hearsay statements or any other information that the Court accepts as relevant and reliable. *See* Fed. R. Evid. 1101(d)(3) (stating that the Federal Rules of Evidence are inapplicable in sentencing proceedings).

In addition to evidence already in the record in this case, the United States may present additional evidence during the forfeiture phase of trial, as permitted by Rule 32.2(b)(1)(B) of the Federal Rules of Criminal Procedure.

### D.     Forfeiture Money Judgment & Substitute Asset Forfeiture

The Court, not the jury, must determine the amount of money the Defendant will be ordered to pay as a forfeiture money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A) ("The court must determine the amount of money that the defendant will be ordered to pay"); *see also Curbelo*, 726 F.3d at 1278 ("We remain persuaded that the court, not a jury, should determine the amount of a money judgment forfeiture.").

Once the Court enters a forfeiture money judgment, the Government may establish its right to forfeit substitute property—a defendant's other property, up to the value of the judgment—pursuant to 21 U.S.C. § 853(p). Substitute asset forfeiture under 21 U.S.C. § 853(p) is mandatory, and there is no right to have a jury determine whether substitute assets may be forfeited. *See United States v. Alamoudi*, 452 F.3d 310, 314 (4th Cir. 2006) ("an order authorizing forfeiture of *substitute*

assets pursuant to § 853(p) does not require a jury determination because it does not at all increase the amount of forfeiture. Rather, § 853(p) simply requires the court to allow the Government to seize substitute property when the defendant has placed the assets initially sought—and to which the Government is legally entitled—beyond the court's reach") (emphasis in original) (citations omitted).

### E. Third-Party Interests

During the forfeiture phase of trial, the factfinder, either the jury or the Court, is not required to determine the extent of the Defendant's interest in any of the Subject Assets. Instead, that issue is reserved for any ancillary proceedings following trial. *See generally* Fed. R. Crim. P. 32.2; *see also* Fed. R. Crim. P. 32.2 advisory committee note (2000) (discussing reason for eliminating confusion over whether extent of defendant's ownership interest should be determined by the jury and for providing that under the new rule the court simply enters an order of forfeiture "of whatever interest a defendant may have in the property without having to determine exactly what that interest is").

## III. APPLICABLE CRIMINAL FORFEITURE STATUTES

If retained, the jury's sole inquiry in the forfeiture phase of trial would be "whether the government has established the requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2(b)(5)(B). Below are the applicable criminal forfeiture statutes in this case, which each set forth the requisite forfeiture nexus for the listed offenses.

In this case, the United States seeks to forfeit the Subject Assets as having a nexus to the charges contained in the Indictment. As explained above, that is the only inquiry for a jury, should Defendant elect to retain the jury. The United States later would ask the Court to impose a

forfeiture money judgment, and forfeit substitute assets as appropriate.

Even if the jury were to find any of the Subject Assets lacked a sufficient nexus to the charges of conviction, those assets still may be forfeited as substitute property. *United States v. Smith*, 770 F.3d 628, 642 (7th Cir. 2014) ("An attempt to categorize the disputed properties as forfeitable proceeds of Mr. Smith's criminal activities, if it were unsuccessful, does not forever prevent those same properties from being forfeited as substitute property."); *United States v. Henry*, 64 F.3d 664 (6th Cir. 1995) ("the jury verdict indicating that the Ewing Court residence should not be forfeited does not prevent the forfeiture of the property as a substitute asset. The jury's verdict of 'not forfeit' did not determine whether the residence could be seized as a substitute asset. Therefore, the jury's verdict does not preclude the district court's order forfeiting the property as a substitute asset. As the Government points out, the very nature of a substitute asset requires that it is not property which is directly forfeitable."); *United States v. Weiss*, 2005 WL 1126663, at *6–7 (M.D. Fla. May 6, 2005) (if jury fails to find an asset is directly traceable to the offense, government may seek to forfeit the same asset as a substitute asset); *aff'd*, 467 F.3d 1300 (11th Cir. 2006); *United States v. Tardon*, 56 F. Supp. 3d 1309 (S.D. Fla. 2014) (property jury declined to forfeit is forfeitable as substitute assets).

### A. <u>18 U.S.C. § 982(a)(1) –Money Laundering Offenses (Counts 1-6)</u>

In imposing sentence on a defendant convicted of a money laundering offense, the Court must order that "the person forfeit to the United States any property, real or personal, *involved in* such offense, or any property *traceable to* such property." 18 U.S.C. § 982(a)(1) (emphasis added).

The Eleventh Circuit has broadly interpreted the phrase "involved in" to encompass "the money or other property being laundered (the corpus), any commissions or fees paid to the

launderer, and any property used to facilitate the laundering offense." *United States v. Puche*, 350 F.3d 1137, 1153 (11th Cir. 2003) (quoting *United States v. Bornfield*, 145 F.3d 1123, 1135 (10th Cir. 1998)) (internal quotation marks omitted); *accord United States v. Seher*, 562 F. 3d 1344, 1368 (11th Cir. 2009) (quoting *Puche*, 350 F.3d at 1153). "Property would facilitate an offense if it makes the prohibited conduct less difficult or more or less free from obstruction or hindrance." *Seher*, 562 F.3d at 1368 (internal citation and quotation marks omitted). Additionally, as previously noted, if an asset has appreciated in its value since the initial purchase, the United States is entitled to forfeit the entire amount, including the increased value. *See United States v. Hawkey*, 148 F.3d 920, 928 (8th Cir. 1998) (motor home purchased in violation of section 1957 money laundering is forfeitable in its entirety as property traceable to the money laundering offense, irrespective of whether the appreciation is due to wise investment, effort expended by the defendant, or the infusion of untainted funds).

Real property is forfeitable as property "involved in" a money laundering transaction or money laundering conspiracy when the real property is the subject of the laundering, helps facilitate the laundering, or benefited from money laundering payments. *See United States v. Sanders*, 952 F.3d 263 (5th Cir. 2020) (court affirmed forfeiture of real property under 18 U.S.C. § 982(a)(1) as property involved in money laundering, because the § 1957 violation was based on defendant's purchase of a cashier's check that was used to buy real property); *United States v. Myers*, 21 F.3d 826, 831 (8th Cir. 1994) (Real property is involved in a money laundering offense if laundered funds are used to make payments toward purchase of the property and to pay for improvements.); *United States v. Whitmore*, No. 217CR00110APGDJA, 2023 WL 4265167, at *2 (D. Nev. June 29, 2023) (approving of forfeiting entire property because "Here, the government

8

does not seek forfeiture of the Hammerschmidt property merely because it was purchased with laundered funds. Rather, it seeks forfeiture because Whitmore was convicted of using the Hammerschmidt property to launder funds. The Hammerschmidt property was therefore "involved in" money laundering because it helped facilitate the offense."); *United States v. Beltramea*, 160 F. Supp. 3d 1119, 1127 (N.D. Iowa 2016), aff'd, 849 F.3d 753 (8th Cir. 2017) ("Where, as here, payments toward a "real estate contract and improvements on the property" are made with laundered money, the property that benefitted from those payments is subject to forfeiture under § 982(a)(1). …. Therefore, it is not merely the payments toward Castlerock that are subject to forfeiture—Castlerock itself is subject to forfeiture as the object of those payments.").

        Respectfully submitted,

        MARKENZY LAPOINTE
        UNITED STATES ATTORNEY

By:    */s/ Marx P. Calderón*
        Marx P. Calderón
        Court ID No. A5502700
        Assistant United States Attorney
        99 N.E. 4th Street, 7th Floor
        Miami, Florida 33132-2111
        Telephone: (305) 961-9036
        Marx.calderon@usdoj.gov

        *Counsel for United States of America*