## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## CASE NO. 22-CR-20114-KMW

**UNITED STATES OF AMERICA**

**vs.**

**CARLOS RAMON POLIT FAGGIONI**

　　　　　　**Defendant.**

_____/

## JOINT PROPOSED JURY INSTRUCTIONS

Pursuant to Rule 30(a) of the Federal Rules of Criminal Procedure, the parties respectfully submit the following proposed jury instructions.

The parties respectfully request that they be allowed to propose such additional instructions as become appropriate based on the trial testimony. Pursuant to Rule 30(b) of the Federal Rules of Criminal Procedure, the parties additionally request that they be informed prior to closing arguments which instructions the Court will accept and which it will reject.

The parties have noted where an instruction is joint or recommended by only the government or defendant. To the extent only one party recommends an instruction, the other party maintains an objection to that instruction. Where both parties jointly recommend an instruction generally but disagree with the specific content of the instruction, the agreed upon language is in plain text, any text that only the government proposes is in bold, and any text that only the defendant proposes is in italics.

Respectfully submitted,

MARKENZY LAPOINTE                    GLENN S. LEON
UNITED STATES ATTORNEY               CHIEF, FRAUD SECTION
                                     Criminal Division
                                     U.S. Department of Justice


By:    s/ Michael N. Berger          By:    s/ Alexander Kramer
       Michael N. Berger                    Jil Simon
       Assistant United States Attorney     Trial Attorney
       Court No. A5501557                   Alexander Kramer
       99 Northeast 4th Street              Assistant Chief
       Miami, Florida 33132                 Criminal Division, Fraud Section
       (305) 961-9445                       U.S. Department of Justice
       Michael.Berger2@usdoj.gov            Court ID No. A5502240
                                            1400 New York Ave. NW
                                            Washington, DC 20005
                                            Tel: (202) 768-1919
                                            Email: Alexander.Kramer@usdoj.gov

**B1 (JOINT)**

**Face Page - Introduction**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 22-CR-20114-KMW**

**UNITED STATES OF AMERICA**

**vs.**

**CARLOS RAMON POLIT FAG/GIONI**

      **Defendant.**

_____/

<u>COURT'S INSTRUCTIONS</u>
<u>TO THE JURY</u>

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

**<u>ANNOTATIONS AND COMMENTS</u>**

No annotations associated with this instruction.

## B2.2 (JOINT)
## The Duty to Follow Instructions and the Presumption Of Innocence
## When a Defendant Does Not Testify

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

## ANNOTATIONS AND COMMENTS

*United States v. Teague*, 953 F.2d 1525, 1539 (11th Cir. 1992), *cert. denied*, 506 U.S. 842, 113 S. Ct. 127, 121 L. Ed. 2d 82 (1992), Defendant who does not testify is entitled to instruction that no inference may be drawn from that election; *see also United States v. Veltman*, 6 F.3d 1483, 1493 (11th Cir. 1993) (Court was "troubled" by "absence of instruction on the presumption of innocence at the beginning of the trial… Although the court charged the jury on the presumption before they retired to deliberate, we believe it extraordinary for a trial to progress to that stage with nary a mention of this jurisprudential bedrock.")

## B3 (JOINT)
## Definition of "Reasonable Doubt"

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

## ANNOTATIONS AND COMMENTS

*United States v. Daniels*, 986 F.2d 451 (11th Cir. 1993), opinion readopted on rehearing, 5 F.3d 495 (11th Cir. 1993), *cert. denied*, 511 U.S. 1054, 114 S. Ct. 1615, 128 L. Ed. 2d 342 (1994) approves this definition and instruction concerning reasonable doubt; ***see also*** *United States v. Morris*, 647 F.2d 568 (5th Cir. 1981); *Victor v. Nebraska*, 511 U.S. 1, 114 S. Ct. 1239, 127 L. Ed. 2d 583 (1994) (discussing "reasonable doubt" definition and instruction).

**B4 (JOINT)**
**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## ANNOTATIONS AND COMMENTS

*United States v. Clark*, 506 F.2d 416 (5th Cir. 1975), *cert. denied*, 421 U.S. 967, 95 S. Ct. 1957, 44 L. Ed. 2d 454 (1975) approves the substance of this instruction concerning the

lack of distinction between direct and circumstantial evidence; *see also United States v. Barnette*, 800 F.2d 1558, 1566 (11th Cir. 1986), *reh'g denied*, 807 F.2d 999 (11th Cir. 1986), *cert. denied*, 480 U.S. 935, 107 S. Ct. 1578, 94 L. Ed. 2d 769 (1987) (noting that the "test for evaluating circumstantial evidence is the same as in evaluating direct evidence") (citing *United States v. Henderson*, 693 F.2d 1028, 1030 (11th Cir. 1982)).

*United States v. Hope*, 714 F.2d 1084, 1087 (11th Cir. 1983) ("A trial judge may comment upon the evidence as long as he instructs the jury that it is the sole judge of the facts and that it is not bound by his comments and as long as the comments are not so highly prejudicial that an instruction to that effect cannot cure the error.") (citing *United States v. Buchanan*, 585 F.2d 100, 102 (5th Cir. 1978)). *See also United States v. Jenkins*, 901 F.2d 1075 (11th Cir. 1990).

*United States v. Granville*, 716 F.2d 819, 822 (11th Cir. 1983) notes that the jury was correctly instructed that the arguments of counsel should not be considered as evidence (citing *United States v. Phillips*, 664 F.2d 971, 1031 (5th Cir. 1981)); *see also United States v. Siegel*, 587 F.2d 721, 727 (5th Cir. 1979).

For an alternative description of evidence, see Preliminary Instruction, "what is evidence."

**B5 (JOINT)**
**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

## B6.2 (JOINT)
## Impeachment of Witnesses Because of
## Inconsistent Statements or Felony Conviction

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## ANNOTATIONS AND COMMENTS

*See United States v. Solomon*, 856 F.2d 1572, 1578 (11th Cir. 1988), *reh'g denied*, 863 F.2d 890 (1988), *cert. denied*, 489 U.S. 1070, 109 S. Ct. 1352, 103 L. Ed. 2d 820 (1989).

## B6.7 (DEFENDANT ONLY)
## Impeachment of Witness Because of Bad Reputation for (or Opinion about) Truthfulness
## (May Be Used With 6.1 – 6.6)

There may also be evidence tending to show that a witness has a bad reputation for truthfulness in the community where the witness resides, or has recently resided; or that others have a bad opinion about the witness's truthfulness.

You may consider reputation and community opinion in deciding whether to believe or disbelieve a witness.

## ANNOTATIONS AND COMMENTS

Rule 608. [Fed. R. Evid.] Evidence of Character and Conduct of Witness

> (a) Opinion and reputation evidence of character. - - The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

*See United States v. Watson*, 669 F.2d 1374, 1381-1383 (11th Cir. 1982) distinguishing between reputation witnesses and personal opinion witnesses, and finding error in the exclusion of opinion testimony.

*See also*, Special Instruction 11, Character Evidence (relating to evidence of the character of the accused offered under Rule 404(a)(1), Fed. R. Evid.), and the Annotations and Comments following that instruction.

**B7 (JOINT)**
**Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.  In this case, you heard testimony from _____ who was qualified as an expert on _____.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**ANNOTATIONS AND COMMENTS**

*United States v. Johnson*, 575 F.2d 1347, 1361 (5th Cir. 1978), *cert. denied*, 440 U.S. 907, 99 S. Ct. 1214, 59 L. Ed. 2d 454 (1979).

## S1.1 (JOINT)
## Testimony of Accomplice, Informer, or Witness with Immunity

You must consider some witnesses' testimony with more caution than others.

For example, paid informants, witnesses who have been promised immunity from prosecution, or witnesses who hope to gain more favorable treatment in their own cases, may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

## ANNOTATIONS AND COMMENTS

*See United States v. Shearer*, 794 F.2d 1545, 1551 (11th Cir. 1986). *See also United States v. Solomon*, 856 F.2d 1572 (11th Cir. 1988), cert. denied, 489 U.S. 1070, 109 S. Ct. 1352, 103 L. Ed. 2d 820 (1989) (holding that, as a general rule, a cautionary instruction regarding the credibility of accomplices should be given).

## S1.2 (JOINT)
## Testimony of Accomplice with Plea Agreement

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with an accomplice in exchange for his testimony. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the accomplice would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

## ANNOTATIONS AND COMMENTS

*United States v. Solomon*, 856 F.2d 1572, 1578-79 (11th Cir. 1988), cert. *denied*, 489 U.S. 1070, 109 S. Ct. 1352, 103 L. Ed. 2d 820 (1989).

**S4.1 (JOINT)**
**Similar Acts Evidence**
**(Rule 404(b), Fed. R. Evid.)**

During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions that may be similar to acts with which the Defendant is currently charged. You must not consider any of this evidence to decide whether the Defendant engaged in the activity alleged in the indictment. This evidence is admitted and may be considered by you for the limited purpose of assisting you in determining whether the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment, the Defendant had a motive or the opportunity to commit the acts charged in the indictment, the Defendant acted according to a plan or in preparation to commit a crime, or the Defendant committed the acts charged in the indictment by accident or mistake.

## ANNOTATIONS AND COMMENTS

Rule 404. [Fed. R. Evid.]  Character Evidence; Crimes or Other Acts

* * * * *

(b) Crimes, Wrongs, or Other Acts.

(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:

(A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and

(B) do so before trial — or during trial if the court, for good cause, excuses lack of pretrial notice.

*United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978) (en banc), *cert. denied*, 440 U.S. 920 (1979), discusses at length the tests to be applied in admitting or excluding evidence under Rule 404(b); and, more specifically, the different standards that apply depending upon the purpose of the evidence, i.e., to show intent versus identity, for example. *See id*. at 911 n.15.

Both the Supreme Court and the Eleventh Circuit have expressly endorsed the *Beechum* test. *Huddleston v. United States*, 485 U.S. 681 (1988); *United States v. Miller*, 959 F.2d 1535 (11th Cir. 1992) (en banc), *cert. denied*, 506 U.S. 942 (1992).

**S5 (JOINT)**
**Note-taking**

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**(GOVERNMENT ONLY)**
**Persons Not on Trial**

You may not draw any inference, favorable or unfavorable, towards the United States or the Defendants on trial from the fact that any person in addition to the Defendants is not on trial here. You may also not speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

**ANNOTATIONS AND COMMENTS**

*United States v. Belfast*, No. 20758-CR-ALTONAGA, (S.D. Fla.)(Court's Instruction to the Jury, DE 580:3), *aff'd on other grounds*, 611 F.3d 783 (11th Cir 2010), *cert. denied*, 526 U.S. 1236 (2011); *see also United States v. Muse, et al.*, No. 06 Cr 600 (DLC) at *22, 2007 WL 1989313 (S.D.N.Y. July 3, 2007), *aff'd on other grounds*, 369 Fed.Appx. 242 (2d Cir. 2010).

**(JOINT)**
**Evidence Containing Foreign Languages**

The Spanish and Portuguese languages have been used during this trial. The evidence you are to consider is only that provided through the official court translators, translated exhibits, and translated transcriptions of recordings. Although some of you may know Spanish or Portuguese, it is important that all jurors consider the same evidence. Therefore, you must accept the evidence presented in the English translation and disregard any different meaning.

*If the parties offer competing translations or transcripts, you should decide which translation or transcript version to accept based on the testimony and evidence presented at trial.*

<u>**ANNOTATIONS AND COMMENTS**</u>

*United States v. Chi*, No. 16-824(A)-JFW, (C.D. Ca.) (Court's Instruction to the Jury, DE 164:15), aff'd on other grounds, 936 F.3d 888 (9th Cir 2018); *United States v. Diaz*, No. 9:18-cr-80160-WPD, (S.D. Fla.) (Court's Instruction to the Jury, DE 311: 13).

**T4 (JOINT)**
**Explanatory Instruction Role of the Interpreter**

We seek a fair trial for all regardless of what language they speak. We are going to have an interpreter assist us through these proceedings, and you should know what [she] can do and what [she] cannot do. Basically, the interpreter is here only to help us communicate during the proceedings. [She] is not a party in the case, has no interest in the case, and will be completely neutral. Accordingly, [she] is not working for either party. The interpreter's sole responsibility is to enable us to communicate with each other.

Treat the interpreter of the witness's testimony as if the witness had spoken English and no interpreter was present. Do not allow the fact that testimony is given in a language other than English influence you in any way.

If any of you understand the language of the witness, disregard completely what the witness says in [her] language. Consider as evidence only what is provided by the interpreter in English. If you think an interpreter has made a mistake, you may bring it to the attention of the Court, but you should make your deliberations on the basis of the official interpretation.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**(DEFENDANT ONLY)**
**Caution - Amounts of Money Involved**

The mere fact that this case may have involved large sums of money does not

mean that the Defendant is held to a more stringent standard of conduct than had the

case involved smaller sums of money. The law applies the same in all cases.

## SUPPORTING AUTHORITY

*United States v. Phillip Lamb*, et al., 19-cr-00025 (E.D. Tex. December 16, 2021)
(ECF#595 at 15) (instruction given during trial).

**(DEFENDANT ONLY)**

**Recorded Deposition Testimony of Foreign Witnesses**

During the Defendant's case, you heard testimony from two witnesses who did not appear physically at the trial but who were deposed by the Defendant pre-trial in another country. You should note that the lawyers for the Defendant and the government were present with the witnesses and had the opportunity to ask questions during the deposition.

You should consider their testimony with the same weight and in the same manner as the witnesses who physically appeared at trial. You may not draw any negative inference about the fact that these witnesses did not travel to the United States to provide testimony in person. You should note that these witnesses are Ecuadorian citizens, and thus are outside the subpoena power of the United States.

## SUPPORTING AUTHORITY

Rule 15 of the Federal Rules of Civil Procedure provides that pre-trial depositions are not automatic, and only available when the court specifically authorizes them because of exceptional circumstances:

> A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice. If the court orders the deposition to be taken, it may also require the deponent to produce at the deposition any designated material that is not privileged, including any book, paper, document, record, recording, or data.

Fed. R. Crim. P. 15(a)(1).

*See United States v. Jefferson*, 594 F. Supp. 2d 655, 670 (E.D. Va. 2009) (noting how pre-trial depositions are entirely voluntarily on behalf of the foreign witnesses: "Additionally, the witnesses have refused to be deposed voluntarily either in the United States or in Nigeria, and their unwillingness to give deposition testimony voluntarily suggests they may employ every available legal right to avoid giving testimony[.]").

*United States v. Drogoul*, 1 F.3d 1546, 1553 (11th Cir. 1993) ("Because the witnesses are foreign nationals located outside the United States, they are beyond the subpoena power of the district court.") (citing 28 U.S.C. § 1783).

**(DEFENDANT ONLY)**

**Only the Government has the Power to Immunize a Witness**

You should note that only the government has the power to grant a witness

immunity from prosecution to make him available to testify. The Defendant has no

corresponding ability to do so. The government's decision to offer certain witnesses

immunity and others not is not subject to judicial review.

## SUPPORTING AUTHORITY

*United States v. Georgia Waste Sys., Inc.*, 731 F.2d 1580, 1582 (11th Cir. 1984)
("The Government has no duty under the Sixth Amendment or otherwise to
immunize witnesses for the benefit of the defense. [] The Government's power to
grant immunity is discretionary and the defendants have no right to subject its
decision to judicial review.") (citations omitted).

**B8 (JOINT)**
**Introduction to Offense Instructions**

The indictment charges six (6) separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count One charges that the Defendant knowingly and willfully conspired to commit money laundering.

Counts Two through Six charge that the Defendant committed what are called "substantive offenses," specifically money laundering involving concealing proceeds of specified unlawful activity and engaging in transactions in criminally derived property. I will explain the law governing those substantive offenses in a moment.

But first note that the Defendant is not charged in Count One with committing a substantive offense – his is charged with <u>conspiring</u> to commit that offense.

I will also give you specific instructions on conspiracy.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

## B8.1 (JOINT)
## Conjunctively Charged Counts

Where a statute specifies multiple alternative ways in which an offense may be committed, the <u>indictment</u> may allege the multiple ways in the conjunctive, that is, by using the word "and."  If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

## <u>ANNOTATIONS AND COMMENTS</u>

"[I]t is well-established . . . that a disjunctive statute may be pleaded conjunctively and proved disjunctively." *United States v. Williams*, 790 F.3d 1240, 1245 n.2 (11th Cir. 2015) (quoting *United States v. Haymes*, 610 F.2d 309, 310 (5th Cir. 1980) (citing *United States v. Quiroz-Carrasco*, 565 F.2d 1328, 1331 (5th Cir. 1978)); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all decisions of the former Fifth Circuit issued on or before September 30, 1981).

In other words, "when a defendant is charged in an indictment conjunctively with alternative means or alternative mental states, any one of which will satisfy an element of the crime, the 'jury instruction may properly be framed in the disjunctive' without a constructive amendment taking place." *United States v. Mozie*, 752 F.3d 1271, 1284 (11th Cir. 2014) (quoting *United States v. Simpson*, 228 F.3d 1294, 1300 (11th Cir. 2000)). "The rule applies not only to alternative acts that satisfy a statutory element, but also to alternative mental states that may satisfy an element." *Id.* (citing *Haymes*, 610 F.2d at 310–11).

 "This is not only a permissible practice but also a common one." *Id.* (quoting *United States v. Howard*, 742 F.3d 1334, 1343 n.3 (11th Cir. 2014)) ("Prosecutors can and frequently do . . . charge alternative elements in the conjunctive and prove one or more of them in the disjunctive, which is constitutionally permissible."); *see also Simpson*, 228 F.3d at 1300.

**B9.1A (JOINT)**
**On or About; Knowingly; Willfully – Generally**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

*In the case of money laundering, the Government must prove that the person charged had an intent to violate a known legal duty, that is with the specific intent to do something the law forbids. That means, for you to find the person guilty, the Government must prove that he was aware of the specific money laundering statute that he is charged with violating.*

**ANNOTATIONS AND COMMENTS**

The Definition of willfulness in this instruction can be used in most cases where willfulness is an element. For crimes requiring a particularized knowledge of the law being violated, such as tax and currency-structuring cases, use 9.1B's definition of willfulness.

The committee in its most recent revisions to the pattern instructions has changed the approach to how "willfully" should be charged in the substantive offenses which include it as an essential element of the offense. The previous editions of the pattern instructions included the following definition that historically has been used in most cases:

> The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

Although this definition has been useful as a general definition that encompasses many different aspects of the legal concept of "willfulness" in a concise and straightforward manner, the Committee has concluded, along with every other Circuit Pattern Instruction Committee that has considered the issue, that the definition is not accurate in every situation. A review of the case law reveals how the courts have struggled with the meaning of "willfulness" as a *mens rea* requirement for substantive criminal offenses. *See Bryan v. United States*, 524. U.S. 184, 189-92, 114 S. Ct. 1939, 1944-45 (1998) ("The word 'willfully' is sometimes said to be 'a word of many meanings' whose construction is often dependent on the context in which it appears." (citing *Spies v. United States*, 317 U.S. 492, 497, 63 S. Ct. 364, 367 (1943))); *see also Ratzlaf v. United States*, 510 U.S. 135, 140-41, 114 S. Ct. 655, 659 (1994); *United States v. Phillips*, 19 F.3d 1565, 1576-84 (11th Cir. 1994) (noting the difficulty in defining "willfully" and discussing the term in various contexts), amended to correct clerical errors, 59 F.3d 1095 (11th Cir. 1995); *United States v. Granda*, 565 F.2d 922, 924 (5th Cir. 1978) (noting, *inter alia*, that "willfully" has defied any consistent interpretation by the courts"); *see generally United States v. Bailey*, 444 U.S. 394, 403, 100 S. Ct. 624, 631 (1980) ("Few areas of criminal law pose more difficulty that the proper definition of the *mens rea* requirement for any particular crime.").

Based on the case law, the Committee has concluded that the criminal offenses that expressly include "willfulness" as an essential element can be divided into two broad categories. For the first category (Instruction 9.1A, which encompasses most offenses) "willfully" is defined to require that the offense be committed voluntarily and purposely with the intent to do something unlawful. However, the person need not be aware of the specific law or rule that his or her conduct may be violating. This definition is narrower than the traditional definition that has been used in our pattern charges in the past, but the Committee believes that this narrower definition is required under the law. *See, e.g. Bryan v. United States*, 524 U.S. 184, 118 S. Ct. 1939 (1998) (holding that the term "willfully" in 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D) requires proof that the defendant knew that

his conduct was generally unlawful, but does not require that the defendant knew of the specific licensing requirement that he was violating).

The second category of criminal offenses that have "willfulness" as an essential element have a heightened *mens rea* requirement. For this limited class of offenses, the Government must prove more than the defendant knew that his conduct was done with a bad purpose to disobey the law in general. The Government must prove that the defendant had an intent to violate a known legal duty, that is with the *specific* intent to do something the law forbids. For these offenses, the Committee recommends that the definition of "willfully" in Instruction 9.1B be given to the jury. These offenses include currency structuring statutes and certain tax laws, which tend to involve "highly technical statutes that present the danger of ensnaring individuals engaged in apparently innocent conduct." *Bryan*, 118 S. Ct. at 1946 – 47. For example, *see Ratzlaf v. United States*, 114 S. Ct. 655 (1994) (holding that with respect to 31 U.S.C. § 5322(a) and the monetary transaction provisions that it controls, the Government must prove that the defendant acted willfully, *i.e.*, with specific knowledge that the structuring of currency transactions in which he was engaged was unlawful); *see also Cheek v. United States*, 111 S. Ct. 604, 609-10 (1991) (explaining that due to the complexity of tax laws, there is an exception to the general rule that "ignorance of the law or a mistake of law is no defense to criminal prosecution," and "[t]he term 'willfully' [as used in certain federal criminal tax offenses] connot[es] a 'voluntary, intentional violation of a known legal duty'" (citing *United States v. Pomponio*, 429 U.S. 10, 12, 97 S. Ct. 22, 23 (1976) and *United States v. Bishop*, 412, U.S. 346, 360-61, 93 S. Ct. 2008, 2017 (1973))). In *Cheek*, the Supreme Court found error in the trial court's instruction to the jury that in order for the defendant's belief that he was not violating the law to be a defense, his good-faith belief must have been objectively reasonable. The Court further explained, however, that "a defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness and need not be heard by the jury, and, if they are, an instruction to disregard them would be proper." *Cheek*, 498 U.S. at 206, 111 S. Ct. at 613.

The Committee observes that the required mental state may be different even for different elements of the same crime. This possibility should be considered when determining what definition of *mens rea* should be charged. *See Liparota v. United States*, 471 U.S. 419, 423, 105 S. Ct. 2084, 2087 n.5 (1985).

Note: If the Defendant raises a good faith defense, it may be appropriate to give Special Instruction 9 [Good Faith Defense to Willfulness (as under the Internal Revenue Code)], Special Instruction 18 [Good Faith Reliance Upon Advice of Counsel].

**O74.5 (JOINT) (modified)**
**Money Laundering Conspiracy**
**18 U.S.C. § 1956(h)**

It's a Federal crime to conspire to engage in money laundering or transactions involving the proceeds of specified unlawful activity that violates Title 18, United States Code, Section 1956 or 1957.

Count One charges the Defendant with conspiring to commit money laundering: involving concealing proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); involving international transportation of monetary instruments, in violation of Title 18, United States Code, Section 1956(a)(2)(A); or engaging in transactions in criminally derived property, in violation of Title 18, United States Code, Section 1957.  I will explain the elements of these statutes shortly.

The phrase "specified unlawful activity" means an offense against a foreign nation, specifically Ecuador, involving bribery of a public official, as defined by Ecuador's Penal Code.  I will describe the specified unlawful activity in more detail shortly.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

> The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:
>
> (1) two or more people agreed to try to accomplish a common and unlawful plan to violate 18 U.S.C. Section 1956 or 1957; and
>
> (2) the Defendant knew about the plan's unlawful purpose and voluntarily joined in it.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and voluntarily joined in the plan on at least one occasion – that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. Also a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

## ANNOTATIONS AND COMMENTS

18 U.S.C. § 1956(h) provides:

> (h) Any person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

Maximum Penalty: As stated above.

In *United States v. Cancelliere*, 69 F.3d 1116, 1120 (11th Cir. 1995), the Eleventh Circuit held that proof of willfulness is not an element of the substantive offense of money laundering.

In *Whitfield v. United States*, 543 U.S. 209 (2005), the Supreme Court affirmed the Eleventh Circuit's holding that 1956(h) does not require proof of an overt act in furtherance of the alleged conspiracy.

The FERA was a direct response to *United States v. Santos*, 128 S. Ct. 2020 (2008). In *Santos*, a plurality of the U.S. Supreme Court held that the definition of the term "proceeds" in 18 U.S.C. § 1956(a)(1)(A)(i) refers to "profits" rather than "receipts" when applied to a prosecution arising from an illegal stand-alone gambling operation. Until the FERA, the definition of "proceeds" in the money laundering statute remained unclear.

The eleventh Circuit has construed the fragmented *Santos* opinion narrowly. In *United States v. Demarest*, 570 F.3d 1232 (11th Cir. 2009), a case in which the trial took place prior to the FERA's enactment, the Court noted:

> *Santos* has limited precedential value . . . . The narrow holding in [the case], at most, was that the gross receipts of an unlicensed gambling operation were not 'proceeds' under section 1956 . . . .

*Id*. At 1242.

In *Cuellar v. United States*, 128 S. Ct. 1994 (2008), the Supreme Court held that although the Government doesn't need to show that the Defendant attempted to make illegal funds appear legitimate, it is required to show that the Defendant did more than merely hide the funds during transport. To sustain a conviction, the Government must prove that the Defendant knew that a purpose of the transportation was to conceal or disguise the illicit funds' nature, locations, source, ownership, or control.

**O13.2 (JOINT) (modified)**
**Multiple Objects of a Conspiracy**

In this case, regarding the alleged conspiracy, the indictment charges that the Defendant conspired to commit money laundering in three different ways: (1) involving concealing proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); (2) involving international transportation of monetary instruments, in violation of Title 18, United States Code, Section 1956(a)(2)(A); or (3) engaging in transactions in criminally derived property, in violation of Title 18, United States Code, Section 1957. In other words, the Defendant is charged with conspiring to commit <u>three</u> separate substantive crimes.

The Government does not have to prove that the Defendant willfully conspired to commit all of these crimes—or even <u>two or three</u> of those crimes. It is sufficient if the Government proves beyond a reasonable doubt that the Defendant willfully conspired to commit <u>one</u> of those crimes. But to return a verdict of guilty, you must all agree on <u>which</u> of the crimes the Defendant conspired to commit.

<u>**ANNOTATIONS AND COMMENTS**</u>

*United States v. Ballard*, 663 F.2d 534, 544 (5th Cir. Unit B, 1981), requires this instruction in order to assure a unanimous verdict when a single conspiracy embraces multiple alleged objects.

## O13.3 (DEFENDANT ONLY)
## Multiple Conspiracies

Proof of several separate conspiracies isn't proof of the single, overall conspiracy charged in the indictment unless one of the several conspiracies proved is the single overall conspiracy.

You must decide whether the single overall conspiracy charged existed between two or more conspirators. If not, then you must find the Defendant not guilty of that charge.

But if you decide that a single overall conspiracy did exist, then you must decide who the conspirators were. And if you decide that the Defendant was a member of some other conspiracy – not the one charged – then you must find the Defendant not guilty.

So to find a Defendant guilty, you must all agree that the Defendant was a member of the conspiracy charged – not a member of some other separate conspiracy.

**ANNOTATIONS AND COMMENTS**

*See United States v. Diecidue*, 603 F.2d 535, 548-49 (5th Cir. 1979).

**O74.2 (JONT) (modified)**
**Money Laundering: Concealing Proceeds**
**of Specified Unlawful Activity**
**18 U.S.C. § 1956(a)(1)(B)(i)**

Counts Two through Four charge the Defendant with three substantive violations of Title 18, United States Code, Section 1956(a)(1)(B)(i), or money laundering involving the concealing of proceeds of specified unlawful activity. This instruction also relates to one of the objects alleged in Count One. It's a Federal crime to knowingly engage in certain kinds of financial transactions commonly known as money laundering.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

    (1) the Defendant knowingly conducted or tried to conduct financial transactions;

    (2) the Defendant knew that the money or property involved in the transaction were the proceeds of some kind of unlawful activity;

    (3) money or property did come from an unlawful activity, specifically committing an offense against a foreign nation, specifically Ecuador, involving bribery of a public official, as defined by Ecuador's Penal Code; and

    (4) the Defendant knew that the transaction was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or the control of the proceeds.

To "conduct a transaction" means to start or finish a transaction, or to participate in a transaction at any point.

A "transaction" means a purchase, sale, loan, promise, gift, transfer, delivery, or other disposition of money or property. A transaction with a financial institution also includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, use of a safe deposit box, or purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument.

A "financial transaction" means a transaction that in any way or to any degree affects interstate or foreign commerce by sending or moving money by wire or other means.

"Interstate or foreign commerce" means trade and other business activity between people or businesses in at least two states or between people or businesses in the United States and people or businesses outside the United States.

To know "that the money or property involved in the transaction came from some kind of unlawful activity" is to know that the money or property came from an activity that's a felony under state, Federal, or foreign law.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.

*That the "transaction was designed, in whole or in part, to conceal" means that the purpose or plan, i.e., the intended aim, of the transaction was to conceal or*

*disguise the nature, location, source, ownership, or the control of the proceeds.[1]*
*This element focuses on the Defendant's intent and purpose when conducting the*
*transaction, not on how the transaction was structured.[2] Thus, concealment must be*
*an animating purpose of the transaction.[3]*

The phrase "specified unlawful activity" means an offense against a foreign
nation, specifically Ecuador, involving bribery of a public official, as defined by
Ecuador's Penal Code.  I will describe the specified unlawful activity to you now.

<u>Violation of Ecuadorian Law</u>

The specified unlawful activity charged in the Indictment is bribery in
violation of the laws of Ecuador. *You cannot find the Defendant guilty of any of the*
*charged money laundering counts, including Count One for conspiracy, unless you*
*find that the money involved in those transactions was derived from bribes to the*
*Defendant in violation of Ecuador's Penal Code, as defined below.[4] The laws of*

---

[1] *Cuellar v. United States, 553 U.S. 550, 563–65 (2008) (holding that "design" under 18 U.S.C. §
1956(a)(2)(B)(i) "means purpose or plan; i.e., the intended aim of the transportation").*

[2] *Id. (noting that "Congress intended courts to apply the familiar criminal law concepts of purpose
and intent than to focus exclusively on how a defendant 'structured' the transportation [or
transaction]").*

[3] United States v. Faulkenberry, *614 F.3d 573, 586 (6th Cir. 2010) (relying on Cuellar, holding
that to support a conviction for concealment money laundering, "concealment [must] be an
animating purpose of the transaction").*

[4] *See United States v. Bravo-Fernandez, 722 F.3d 1, 32 (1st Cir. 2013) (reversing conspiracy
conviction because "with respect to the Puerto Rico bribery basis for the alleged Travel Act
violation, 'since the conduct allegedly underlying the conspiracy was not a crime, no . . .
conspiracy to commit that conduct can exist either.'").*

Ecuador prohibit bribery *only* under certain circumstances. From 2010 to 2017, two different penal codes were in force in Ecuador:  the 1971 Penal Code and the 2014 Penal Code.  Both the 1971 Penal Code and the 2014 Penal Code have provisions that prohibit bribery. Specifically: Article 286 of the 1971 Ecuadorian Penal Code and Article 280 of the 2014 Ecuadorian Penal Code (effective as of August 10, 2014).

**The Criminal Code of Ecuador imposes liability on three categories of perpetrators of crimes.  The first is a person who either commits a crime by himself, or has a legal obligation to prevent an act from occurring and either fails to prevent the act or does not attempt to prevent the act.**

**The second is a person who instigates or advises another person to commit a crime, or orders or compels another to commit a crime.**

**The third is a person who contributes to a crime by intentionally doing something critical to execution of the crime.**

<u>Article 286 of the 1971 Ecuadorian Penal Code</u>

In order for an individual to be found to be in violation of Article 286 of the 1971 Ecuadorian Penal Code, the following six elements must be proven:

First: an offer or promise of a gift or present, which includes economic or monetary benefits, by one person to another;

Second: the person taking the gift or present, or agreeing to do so, must be a public official or person charged with performing a public service;

Third: the public official or person performing a public service must have either accepted the offer or promise of a gift or present, or have actually received the payment;

Fourth: the purpose of the payment must be to induce the public official or person performing a public service to perform or refuse to perform an <u>official</u> act within the scope of his employment or position;

Fifth: the act for which the public official or person performing a public service is receiving a payment or promise thereof must be an <u>official</u> act for which he is not entitled to payment; **and**

Sixth: the person offering **or** *and the public official* accepting the payment must have acted with corrupt intent *to have the public official perform or refuse to perform an official act within the scope of his employment or position, in return for the payment; and*

*Seventh: the public official performed or refused to perform an official act within the scope of his employment or position in return for the payment, with corrupt intent.*

The public official or person charged with performing a public service may have accepted the bribe or promise directly or through an intermediary.

To act with "corrupt intent" means to act knowingly and dishonestly for a wrongful purpose.

Article 280 of the 2014 Ecuadorian Penal Code

In order for an individual to be found to be in violation of Article 280 of the 2014 Ecuadorian Penal Code, the following five elements must be proven:

First: one person must accept from another an undue payment or agree to receive an undue payment;

Second: the person receiving or agreeing to receive the undue payment must be either a public servant or a person acting on behalf of a governmental institution;

Third: the undue payment includes any improper economic benefit, paid either directly to the public servant or to an intermediary, and also includes payments intended to benefit third parties;

Fourth: the purpose of the payment must be to **influence the way in which the public servant performs his job function** *induce the public official or person performing a public service to perform or refuse to perform an official act within the scope of his employment or position*; and

Fifth: **the person offering or accepting the bribe must have acted with corrupt intent** *the person offering and the person accepting the payment must*

*have acted with corrupt intent to have the public official perform or refuse to perform an official act within the scope of his employment or position.*

Again, to act with "corrupt intent" means to act knowingly and dishonestly for a wrongful purpose.

I instruct you as a matter of law that the Comptroller General of Ecuador is a public official or a person performing a public service and/or a public servant for the purposes of these Articles of the Ecuadorian Penal Code.

## ANNOTATIONS AND COMMENTS

18 U.S.C. § 1956(a)(1) provides:

> Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity - -
>
> > (B) knowing that the transaction is designed in whole or in part - -
> >
> > (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or
> >
> > (ii) to avoid a transaction reporting requirement under State or Federal law [shall be guilty of an offense against the United States].

Maximum Penalty: Twenty (20) years imprisonment and applicable fine.

In *United States v. Cancelliere*, 69 F.3d 1116 (11th Cir. 1995), the Court held that although proof of willfulness is not a statutory element of money laundering, where the indictment expressly charged willfulness, the District Court erred in not giving the usual instruction on willfulness (Basic Instruction 9.1A).

The term "proceeds" in 18 U.S.C. § 1956 was expressly defined by the Fraud Enforcement and Recovery Act of 2009 ("FERA"), Pub. L. No. 111-21, effective May 20, 2009. The

FERA expanded the concept of monetary proceeds, for purposes of enforcing prohibitions against money laundering, to include gross receipts. *See* 18 U.S.C. § 1956(c)(9).

The FERA was a direct response to *United States v. Santos*, 128 S. Ct. 2020 (2008). In *Santos*, a plurality of the U.S. Supreme Court held that the definition of the term "proceeds" in 18 U.S.C. § 1956(a)(1)(A)(i) refers to "profits" rather than "receipts" when applied to a prosecution arising from an illegal stand-alone gambling operation. Until the FERA, the definition of "proceeds" in the money laundering statute remained unclear.

The Eleventh Circuit has construed the fragmented *Santos* opinion narrowly. In *United States v. Demarest*, 570 F.3d 1232 (11th Cir. 2009), a case in which the trial took place prior to the FERA's enactment, the Court noted:

> *Santos* has limited precedential value… The narrow holding in [the case], at most, was that the gross receipts of an unlicensed gambling operation were not 'proceeds' under section 1956…

> *Id*. at 1242.

In *Cuellar v. United States*, 128 S. Ct. 1994 (2008), the Supreme Court held that although the Government doesn't need to show that the defendant attempted to make illegal funds appear legitimate, it is required to show that the defendant did more than merely hide the funds during transport; to sustain a conviction, the Government must prove that the defendant knew that a purpose of the transportation was to conceal or disguise the illicit funds' nature, locations, source, ownership, or control.

**(DEFENDANT ONLY)**
**Merely Benefiting From the Transaction**

Even if the Defendant personally benefited, directly or indirectly, from the financial transactions, this is not enough, in and of itself, to prove that the Defendant is guilty of money laundering.

## SUPPORTING AUTHORITY

*United States v. Magluta*, 418 F.3d 1166, 1176 (11th Cir. 2005) ("[P]ayments for personal benefit out of previously laundered proceeds do not themselves constitute money laundering unless they are designed to conceal the nature or source of the money."); *United States v. Johnson*, 440 F.3d 1286, 1291 (11th Cir. 2006) (same); *United States v. Majors*, 196 F.3d 1206, 1213 (11th Cir. 1999) ("Section 1956(a)(1)(B)(i) is a concealment statute, not a spending statute.") (also requiring that "the evidence of concealment must be substantial" to sustain a conviction for concealment money laundering); *United States v. Naranjo*, 634 F.3d 1198, 1208 (11th Cir. 2011) (same).

**(DEFENDANT ONLY)**
**Further Concealment is Needed**

To find the Defendant guilty of concealment money laundering beyond a reasonable doubt there must be evidence of something more than a simple transfer of funds between two accounts that already conceal the nature, location, source, ownership, or the control of the proceeds. There must be sufficient evidence that the funds are more concealed after the charged transaction is completed than before.

## SUPPORTING AUTHORITY

*See United States v. Johnson*, 440 F.3d 1286, 1291 (11th Cir. 2006) (reversing concealment money laundering conviction and noting that an "important consideration is whether 'the money is better concealed or concealable after the transaction than before'") (citations omitted).

*Cuellar v. United States*, 553 U.S. 550, 568 (2008) (analyzing § 1956(a)(2)(B)(i) and holding that "[t]he provision of the money laundering statute under which petitioner was convicted requires proof that the transportation was 'designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control' of the funds. § 1956(a)(2)(B)(i). Although this element does not require proof that the defendant attempted to create the appearance of legitimate wealth, neither can it be satisfied solely by evidence that a defendant concealed the funds during their transport").

*United States v. Olaniyi–Oke*, 199 F.3d 767, 770–71 (5th Cir. 1999) (fraudulent use of another's name and credit card to make a purchase is not enough to satisfy the concealment prong for money laundering).

**(DEFENDANT ONLY)**
**The "Specified Unlawful Activity" Must be Completed First – The**
**Transaction That Creates the Criminally Derived Proceeds Itself Cannot**
**Constitute Money Laundering**

The transaction or transactions that create the criminally derived proceeds must be distinct from the money laundering transactions charged. The initial transaction that generates the criminally derived proceeds cannot itself constitute money laundering. Only further transactions specifically designed to conceal the source of those criminally derived proceeds may constitute money laundering under 18 U.S.C. § 1956(a)(1)(B)(i). Therefore, the initial transaction generating the payment of a bribe in violation of Ecuador's Penal Code is not a money laundering transaction. Only a further transaction with the proceeds of the alleged bribe can constitute a money laundering transaction, assuming all other elements of the offense are proven beyond a reasonable doubt.

**SUPPORTING AUTHORITY**

*United States v. Majors*, 196 F.3d 1206, 1212 (11th Cir. 1999) ("Before the primary offense of money laundering can occur, the underlying criminal activity must be complete, generating proceeds to be laundered."). In *Majors*, the Eleventh Circuit noted that the concealment transaction must be subsequent in time to the completion of the underlying transaction that generated the proceeds:

> A violation of the concealment provision must "follow in time" the completion of the underlying transaction as an activity designed to conceal or disguise the origins of the proceeds. *See United States v. Dimeck*, 24 F.3d 1239, 1246 (10th Cir. 1994). This section of the money laundering statute was designed to punish defendants who thereafter

> take the additional step of attempting to legitimize their proceeds so
> that observers think their money is derived from legal enterprises. *Id.*
> (citations omitted).

*Id.*

*See also United States v. Esterman*, 324 F.3d 565, 570 (7th Cir. 2003) ("First, we
have tried to maintain some separation between the initial transaction from which
illegal proceeds were derived and further transactions designed to conceal the source
of those proceeds. . . . Second, we have stressed that the mere transfer and spending
of funds is not enough to sweep conduct within the money laundering statute;
instead, subsequent transactions must be specifically designed 'to hide the
provenance of the funds involved.'") (citations omitted).

**O74.3 (JOINT) (modified)**
**Money Laundering: International**
**Transportation of Monetary Instruments**
**18 U.S.C. § 1956(a)(2)(A)**

It's a Federal crime to knowingly engage in certain kinds of financial transactions commonly known as money laundering.  This instruction relates to one of the objects alleged in Count One.  It is not a standalone charged crime.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly transported, transmitted, or transferred a monetary instrument or money from a place outside the United States to a place in the United States or attempted to do so; and

(2) the Defendant acted with the intent to promote the carrying on of specified unlawful activity, *i.e.,* bribery of a public official as defined in Ecuador's Penal Code.

To "transport, transmit, or transfer" includes all means to carry, send, mail, ship, or move money. It includes any physical means of transferring or transporting funds, and also electronic transfer by wire or computer or other means.

It doesn't matter whether the monetary instrument or money involved in this case was derived from criminal activity. It could be legitimately earned income.

A "monetary instrument" includes the coin or currency of any country, travelers or personal checks, bank checks or money orders, or investment securities or negotiable instruments in a form that allows ownership to transfer on delivery.

The term "specified unlawful activity" means an offense against a foreign nation, specifically Ecuador, involving bribery of a public official, as defined by Ecuador's Penal Code, which I have described above.

The term "with the intent to promote the carrying on of specified unlawful activity" means that the Defendant must have conducted or attempted to conduct the financial transaction for the purpose of making easier or helping to bring about the "specified unlawful activity" as just defined.

To "attempt" an act means to intentionally take some substantial step toward accomplishing the act so that the act will occur unless something happens to interrupt or frustrate it.

## ANNOTATIONS AND COMMENTS

18 U.S.C. § 1956(a)(2) provides:

> Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States - -
>
> > (A) with the intent to promote the carrying on of specified unlawful activity [shall be guilty of an offense against the United States].

Maximum Penalty: Twenty (20) years imprisonment and applicable fine.

In *United States v. Cancelliere*, 69 F.3d 1116 (11th Cir. 1995), the Court held that although proof of willfulness is not a statutory element of money laundering, where the indictment expressly charged willfulness, the District Court erred in not giving the usual instruction on willfulness (Basic Instruction 9.1A).

In *Cuellar v. U.S.*, 128 S. Ct. 1994 (2008)), the Supreme Court held that although the Government does not need to show that the defendant attempted to make illegal funds

appear legitimate, it is required to show that the defendant did more than merely hide the funds during transport; to sustain a conviction, the Government must prove that the defendant knew that a purpose of the transportation was to conceal or disguise the illicit funds' nature, location, source, ownership, or control.

## O74.6 (JOINT) (modified)
## Money Laundering
## 18 U.S.C. § 1957

Counts Five and Six charge the Defendant with two substantive violations of Title 18, United States Code, Section 1957, or engaging in transactions in criminally derived property.  This instruction also relates to one of the objects alleged in Count One.  It's a Federal crime for anyone to engage in certain kinds of financial transactions commonly known as money laundering.

The Defendant can be found guilty of this offense only if all the following are proved beyond a reasonable doubt;

    (1) the Defendant knowingly engaged or attempted to engage in a monetary transaction;

    (2) the Defendant knew the transaction involved property or funds that were the proceeds of some criminal activity;

    (3) the property had a value of more than $10,000;

    (4) the property was in fact proceeds of an offense against a foreign nation, specifically Ecuador, involving bribery of a public official, as defined by Ecuador's Penal Code; and

    (5) the transaction took place in the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange of funds or a monetary instrument by, through, or to a financial institution in a way that affects interstate commerce.

A "financial institution" means an FDIC-insured bank.  A deposit in an FDIC-insured bank affects interstate commerce.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.

It doesn't matter whether the Defendant knew the precise nature of the crime or that the property came from committing an offense against a foreign nation, specifically Ecuador, involving bribery of a public official. But the Government must prove that the Defendant knew that the property involved in the monetary transaction was obtained or derived from committing some crime.

Also it doesn't matter whether all the property involved was derived from a crime. The Government only has to prove that *more than* $10,000 worth of the property was obtained or derived from committing a crime.

## ANNOTATIONS AND COMMENTS

18 U.S.C. § 1957(a) and (d) provide:

(a) Whoever, in any of the circumstances set forth in subsection (d), knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, shall be punished as provided in subsection (b).

\* \* \* \* \*

(d) The circumstances referred to in subsection (a) are - -

(1) that the offense under this section takes place in the United States or in the special maritime and territorial jurisdiction of the United States; or

(2) that the offense under this section takes place outside the United States and such special jurisdiction, but the defendant is a United States person (as defined in section 3077 of this title, but excluding the class described in paragraph (2)(D) of such section).

Maximum Penalty: Ten (10) years and applicable fine.

*United States v. Adams*, 74 F.3d 1093, 1101 (11ᵗʰ Cir. 1996), the Eleventh Circuit recommended that district courts make clear in the jury instruction that at least $10,000 of the property at issue must be criminally derived.

In *United States v. Christo*, 129 F.3d 578, 580 (11ᵗʰ Cir. 1997), the Eleventh Circuit held that the predicate crime must be completed before the offense of money laundering can occur under section 1957.

The term "proceeds" as used in both 18 U.S.C. § 1956 and § 1957 was expressly defined by the Fraud Enforcement and Recovery Act of 2009 ("FERA"), Pub. L. No. 111-21, effective May 20, 2009. The FERA expanded the concept of monetary proceeds, for purposes of enforcing prohibitions against money laundering, to include gross receipts. *See* 18 U.S.C. § 1956(c)(9).

The FERA was a direct response to *United States v. Santos*, 128 S. Ct. 2020 (2008). In *Santos*, a plurality of the U.S. Supreme Court held that the definition of the term "proceeds" in 18 U.S.C. § 1956(a)(1)(A)(i) refers to "profits" rather than "receipts" when applied to a prosecution arising from an illegal stand-alone gambling operation. Until the FERA, the definition of "proceeds" in the money laundering statute remained unclear.

The Eleventh Circuit has construed the fragmented *Santos* opinion narrowly. In *United States v. Demarest*, 570 F.3d 1232 (11ᵗʰ Cir. 2009), a case in which the trial took place prior to the FERA's enactment, the Court noted:

> *Santos* has limited precedential value… The narrow holding in [the case], at most, was that the gross receipts of an unlicensed gambling operation were not 'proceeds' under section 1956…

*Id*. at 1242.

*See United States v. Velez*, 586 F.3d 875 (11ᵗʰ Cir. 2009) (holding that the plain language of § 1957(f)(1) clearly exempts criminally derived proceeds used to secure legal representation to which an accused is entitled to under the Sixth Amendment).

_United States v. Benjamin_, 252 F.3d 1, 9 (1st Cir. 2001) (FDIC deposit satisfied interstate commerce requirement of 1957); _United Stats v. Wadena_, 152 F. 3d 831, 853 (8th Cir. 1998); (same); _United States v. Kunzman_, 54 F.3d 1522, 1527 (10th Cir. 1995) (same); _United States v. Peay_, 972 F.2d 71, 74-75 (4th Cir. 1992).

**S7 (JONT)**
**Aiding and Abetting; Agency**
**18 U.S.C. § 2**

It's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

**ANNOTATIONS AND COMMENTS**

18 U.S.C. § 2 provides:

(a) whoever commits an offense against the United States or, aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

*See United States v. Broadwell*, 870 F.2d 594, 607 (11th Cir. 1989), *cert. denied*, 493 U.S. 840, 110 S. Ct. 125, 107 L. Ed. 2d 85 (1989). See also *United States v. Walker*, 621 F.2d 163 (5th Cir. 1980), *cert. denied*, 450 U.S. 1000, 101 S. Ct. 1707, 68 L. Ed. 2d 202 (1981).

## S11 (JOINT)
## Attempt(s) (modified)

In some cases, it's a crime to attempt to commit an offense – even if the attempt fails. In this case the Defendant is charged in Count Two through Six with attempting to commit money laundering involving concealing proceeds of specified unlawful activity and engaging in transactions in criminally derived property.

The Defendant can be found guilty of money laundering involving concealing proceeds of specified unlawful activity and engaging in transactions in criminally derived property only if all the facts I previously described to you in Instruction [XX], are proved beyond a reasonable doubt.

The Defendant can be found guilty of an *attempt* to commit that offense only if both of the following facts are proved beyond a reasonable doubt:

First:  That the Defendant knowingly intended to commit the crime of money laundering involving concealing proceeds of specified unlawful activity and engaging in transactions in criminally derived property; and

Second: The Defendant's intent was strongly corroborated by his taking a substantial step toward committing the crime.

A "substantial step" is an important action leading up to committing of an offense – not just an inconsequential act. It must be more than simply preparing. It must be an act that would normally result in committing the offense.

## ANNOTATIONS AND COMMENTS

Instruction taken from *United States v. McDowell*, 250 F.3d 1354, 1365 (11th Cir. 2001).

**B10.2 (JOINT)**
**Caution: Punishment**
**(Single Defendant, Multiple Counts)**

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

<u>**ANNOTATIONS AND COMMENTS**</u>

There may be cases in which the last sentence of the first paragraph of this instruction is inappropriate and should be deleted. This may occur, for example, in prosecutions under 18 U.S.C. § 1962 (RICO offenses) or 21 U.S.C. § 848 (Continuing Criminal Enterprise offenses) where the indictment is structured so that a conviction of one count or counts (sometimes called "predicate offenses") is necessary to a conviction of another count or counts.

## B11 (JOINT)
## Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## ANNOTATIONS AND COMMENTS

*See United States v. Brokemond*, 959 F.2d 206, 209 (11th Cir. 1992). *See also United States v. Cook*, 586 F.2d 572 (5th Cir. 1978), *reh'g denied*, 589 F.2d 1114 (1979), *cert. denied*, 442 U.S. 909, 99 S. Ct. 2821, 61 L. Ed. 2d 274 (1979); *United States v. Dunbar*, 590 F.2d 1340 (5th Cir. 1979).

## B12 (JOINT)
## Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

## ANNOTATIONS AND COMMENTS

*United States v. Norton*, 867 F.2d 1354, 1365-66 (11th Cir. 1989), *cert. denied*, 491 U.S. 907, 109 S. Ct. 3192, 105 L. Ed. 2d 701 (1989) and 493 U.S. 871, 110 S. Ct. 200, 107 L. Ed. 2d 154 (1989) notes that the Court should not inquire about, or disclose, numerical division of the jury during deliberations but states that "[r]eversal may not be necessary even where the trial judge undertakes the inquiry and thereafter follows it with an *Allen* charge, absent a showing that either incident or a combination of the two was inherently coercive." See *United States v. Brokemond*, 959 F.2d 206, 209 (11th Cir. 1992). *See also United States v. Cook*, 586 F.2d 572 (5th Cir. 1978), *reh'g denied*, 589 F.2d 1114 (1979), *cert. denied*, 442 U.S. 909, 99 S. Ct. 2821, 61 L. Ed. 2d 274 (1979).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 22-CR-20114-KMW**

**UNITED STATES OF AMERICA**

**vs.**

**CARLOS RAMON POLIT FAGGIONI**

　　　　　**Defendant.**
_____/

## **VERDICT FORM**

We, the jury, unanimously find as follows as to Defendant **CARLOS RAMON POLIT FAGGIONI**:

## **Count One**

As to Count 1 of the Indictment – Conspiracy to Commit Money Laundering:

　　　Guilty _____　　　　　Not Guilty _____

If you have found that CARLOS RAMON POLIT FAGGIONI is Guilty as to Count One, please mark what offense or offenses you find that CARLOS RAMON POLIT FAGGIONI conspired to commit (indicate answer by checking one or more lines below):

_____ Money laundering involving concealing proceeds of specified unlawful activity.

_____ Money laundering involving international transportation of monetary instruments.

_____ Engaging in transactions in criminally derived property.

## Count Two

As to Count 2 of the Indictment – money laundering involving concealing proceeds of specified unlawful activity

Guilty _____          Not Guilty _____

## Count Three

As to Count 3 of the Indictment – money laundering involving concealing proceeds of specified unlawful activity

Guilty _____          Not Guilty _____

## Count Four

As to Count 4 of the Indictment – money laundering involving concealing proceeds of specified unlawful activity

Guilty _____          Not Guilty _____

## Count Five

As to Count 5 of the Indictment – engaging in transactions in criminally derived property

Guilty _____          Not Guilty _____

## Count Six

As to Count 6 of the Indictment – engaging in transactions in criminally derived property

Guilty _____          Not Guilty _____

SO SAY WE ALL, this _____ day of April, 2024.


_____
FOREPERSON