UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20114-KMW

**UNITED STATES OF AMERICA**

vs.

**CARLOS RAMON POLIT FAGGIONI,**

  **Defendant.**
_____/

## ADDENDUM TO DECLARATION OF KEITH S. ROSENN

  The following paragraphs are an addendum to my declaration on Ecuadorian law of January 19, 2024, to clarify who is deemed to be a perpetrator of an offense under Ecuadorian Penal Code of 1971, in force from 1971 to 2014, and the New Organic Integral Penal Code of 2014, in force since August 10, 2014. The persons identified as perpetrators in the two Penal Codes are very similar though not identical.

1. Under either of the 1971 and 2014 Penal Codes, one can perpetrate commit a crime either directly or indirectly. Moreover, under either Code, one may perpetrate a crime either by action or by omission. If one has a legal obligation to prevent an action and fails to do so, both Codes provide that one's inaction is equivalent to committing the action. Art. 12 of the 1971 Code; Art. 23 of the 2014 Code.

2. Article 42 of the Penal 2014 Code imposes direct criminal liability upon three categories of perpetrators: (a) direct, (b) mediate, and (c) co-perpetrator.

1

    (a) A direct perpetrator is either someone who commits a crime by himself, or having a legal obligation to prevent an act from occurring, either fails to prevent the act or does not attempt to prevent the act.

    (b) A mediate perpetrator is a person who instigates or advises another person to commit a crime, or orders or compels another to commit a crime.

    (c) A co-perpetrator is a person who contributes to commission of a crime by intentionally doing something critical to execution of the crime.

3. The 1971 Penal Code imposes criminal liability upon six types of perpetrators, but unlike the 2014 Penal Code, it does not divide them into named categories. Article 42 of the 1971 Penal Code deems the following persons to be perpetrators:

    (a) Those who directly commit an offense.

    (b) Those who advise or instigate another to commit an offense, when their counsel determines perpetration of the offense.

    (c) Those who foil or attempt to foil an effort to prevent an offense from occurring.

    (d) Those who determine commission of an offense carried out by using other people, whether or not imputable, via money, gift, promise, order or any other fraudulent and direct means.

    (e) Those contribute to commission of an offense by intentionally performing some act without which the offense would not have been perpetrated.

    (f) Those who force another to commit an offense through physical violence, abuse of authority, threat or other coercive means, even if the force used is not irresistible.

    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 8, 2024.

*/s/ Keith S. Rosenn*

KEITH S. ROSENN

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Court's CM/ECF system on April 8, 2024.

By:   /s/ Jil Simon
      DOJ Trial Attorney