

2450

**1 Sep 2010**



**RESOLUTION No.**

**THE STATE COMPTROLLER GENERAL**

**WHEREAS:**

[OFFICE OF THE STATE COMPTROLLER GENERAL]

**I.** As a result of the study of the special engineering inspection report undertaken on the damages caused to the cooling system and water filters and the assessment of the damages that caused the shutdown of the San Francisco Hydroelectric Power Plant, under the responsibility of the company Hidropastaza S.A., for the period between September 26, 2007 and September 30, 2008, a penalty of **USD 18,589,852.44** was assessed against **Consorcio Norberto Odebrecht–Alstom–Va Tech**, through its legal representative, a detail engineering, supplies and construction contractor of the San Francisco Hydroelectric Power Plant, of which **USD 13,639,235.54** was paid for 9.1726 months of early delivery of work, in accordance with the linear progression established in number 5, "Expedited Program Price" of Addendum 4 of the EPC contract, without considering that the project was not properly finished, since there were interruptions in the operation of the plant, and **USD 4,950,616.90** corresponds to the pro rata portion of the interest that Hidropastaza S.A. must pay to the National Bank for Economic and Social Development (BNDES, per its Spanish acronym), as capitalization during the grace period.

Number 5, "Expedited Program Price" of Addendum 4 of the EPC contract establishes that due *"… to the additional costs for the implementation of an expedited effort in the pace of the work to finish it with a goal of 7 months early, the parties agree that the adjustment of the Overall Contract Price will be the fixed sum of USD 12,784,29 [sic], payable in full upon Provisional Acceptance of the Work"*; it makes cost projections for the expedited program for 5, 6, 8 and 9 months; and establishes: *"In the event of early Substantial Termination of the work within a period of less than 5 months, its compensation will be regulated by clause 11 of the EPC contract and this agreement will not be valid, …."*

Clause 11, Bonus for Early Termination of the EPC contract, establishes: *"If the Termination of each Plant Unit is brought about before the dates estimated in the Adjusted Project Schedule, or otherwise, before the dates on which the Consortium has the right to terminate, the Consortium will be entitled to a bonus equivalent to half of the net proceeds…."*

The Chief Financial Officer of Hidropastaza S.A., in the Explanatory Note on the Payment of the Expedited Program, dated August 8, 2008, with regard to the payment for *"Bonus for Early Termination,"* establishes that : *"…the basis for calculating the Bonus is negative, if the net proceeds are less than double the amount payable under the Expedited Program, therefore, the Construction Consortium is not entitled to the Bonus for Early Termination."*

[Illegible stamp]

**Accountability Directorate. Telephone: 398-7360**
**Main Office: Av. Juan Montalvo e4-37 y Av. 6 de Diciembre. Quito - Ecuador**



CRP-DOJ-0002392595_TR

The Provisional Payment Certificate of Addendum 4 of the EPC contract of September 14, 2007, establishes that the contractor has finished the work 273 days early, to which are added 6 days for shutdowns that took place due to force majeure, for a total of 279 days, equivalent to 9.1726 months, meaning that the contractor is entitled to a payment of USD 13,639,235.54.

Number 5 of the Provisional Payment Certificate, regarding the payments made for the Expedited Program, indicates:

"i) The EPC Contract Price did not vary with the signing of Addendum 4 to the EPC contract and was kept at USD 286,851,129, which includes the expedited pace of the work with a speedup of seven month with regard to the contractual Deadline, agreeing that the price of the Expedited Program is USD 12,784,219.

ii) The Concessionaire has issued the Disbursement Authorizations to the National Bank for Economic and Social Development (BNDES) for 84.17%... of the Total EPC Contract Price, for USD 286,851,129, which includes the expedited program price for 7 months.

iii) The Concessionaire, in accordance with number 6 of Addendum 4 as an advance through a Local Contribution in the amount of USD 7,525,680.30, which was recorded as advance payments at Hidropastaza S.A. and,

iv) The Construction Consortium acknowledges that there is a credit for USD 7,525,680.330 between the parties to Hidropastaza S.A.

On the other hand, according to the terms of number 4.1, the agreed-upon price for the effort and resources used in the Expedited Program for the advance actually obtained of 9.1726 months is USD 13,639,235.54, i.e., an additional amount of USD 855,016.54 in comparison to the Expedited Program Price with a goal of 7 months; therefore, the Parties agree that this additional amount is to be debited from the credit to Hidropastaza S.A. set forth in the previous paragraph.

The Finance Department of Hidropastaza S.A. prepared a table called "External Credit to the Private Sector," which contains a summary of the spreadsheets with the progress of the work with the corresponding invoice number, which were paid through disbursement authorizations of the credit to the National Bank for Economic and Social Development (BNDES).

According to number 5.3 of the fifth clause of the financing contract and with the number 3.3 of the third clause of the operating addendum, the interest generated during the construction stage of the project must be capitalized. The attachment to letter AEX 0200/2008, issued by the National Bank for Economic and Social Development (BNDES), determines that the amount of interest for the loan of USD 242,965,100, generated during the construction stage, amounts to USD 88,188,749.86, i.e., the interest rate is (36.2968796%). Applying the same rate to the expedited program payment of USD 13,639,235.54 results in the figure of USD 4,950,616.90.

[Illegible stamp]

The summary sheet for the electric power generation turbines itemizes the hours in which the Plant has been in operation and the hours in which events took place that caused its shutdown. Analyzing the operation of Unit 2, in which problems arose in the cooling water system, from the start of its operations until June 6, 2008, the date on which the Plant went offline, it was determined that electromechanical maintenance work had been undertaken for 247.45 hours, equivalent to 10.3 days.

Between June 6 and October 15, 2008, dates on which the San Francisco Plant went offline and then returned online, respectively, 131 days elapsed.

In view of the foregoing, the work on the headrace tunnel was not properly finished, since the appropriate support was not implemented for each type of rock, nor was cleaning of the concrete rebound, bolts, metal tiedown elements and cables; in the rock trap there are defects in the excavation (sloping walls, irregular floor), the access ramp for cleaning sediment was built on the wrong site; in the surge tank, despite having detected a geologically weak zone, its slab was not coated; in the cooling water system, during the design optimization an adequate assessment was not performed; in the detail engineering, valves and filters were specified that are not suited to work with the type of water that the Pastaza river carries and the existence of outstanding construction punch list items. Therefore, the payment established in number 5, "Expedited Program Price" in Addendum 4 of the IPC contract, is not justified. This is USD 13,639,235.54 for the 9.1726 months of early delivery of the work, as indicated in number 4.1 of the "Provisional Payment Certificate" and USD 4,950,616.90, which corresponds to the proportional part of the interest that Hidropastaza S.A. must pay the National Bank for Economic and Social Development (BNDES), as capitalization during the grace period, causing economic loss to the entity in the amount of the penalty assessed, the statement of which appears in **Attachment 2**, which was attached thereto.

The following are held jointly and severally liable for **USD 18,589,852.44,** the **Asociación Furnas – Integral,** through its legal representative, consulting service contractor for inspection of the project; and the engineer **Carlos Manuel Paz Durini,** Civil Engineering Supervisor, for failing to require the construction consortium to execute the work in compliance with the contractual technical specifications; engineers: **Germán Bolívar Anda Naranjo,** Executive President of Hidropastaza S.A., for ordering the payment for the expedited program of the work; **Bolívar Javier Astudillo Farah,** Executive Director of the National Electricity Council (CONELEC); **Pablo Aníbal Viteri Estévez,** Concessions Director of CONELEC; and **Pablo Maurício Cisneros Gárate,** Director of Supervision and Control of CONELEC, since they failed to exercise adequate control and supervision of the process of expediting the work.

[Paragraph II omitted per special instructions]

**RESOLVES:**

To **DISMISS** the joint and several civil liability established on May 29, 2009, in penalties 5882, 5883, 5885, 5889, 5890, 5892 and 5893, assessed in the amount of **USD 18,589,852.44** against Messrs.: **Consorcio Norberto Odebrecht–Alstom–VA Tech,** through its legal representative, **Asociación Furnas – Integral,** through its legal representative, consulting service contractor for inspection of the project; engineer **Carlos Manuel Paz Durini,** Civil Engineering Supervisor, **Germán Bolívar Anda Naranjo,** Executive President of Hidropastaza S.A., **Bolívar Javier Astudillo Farah,** Executive Director of the National Electricity Council (CONELEC); **Pablo Aníbal Viteri Estévez,** Concessions Director of CONELEC; and **Pablo Maurício Cisneros Gárate,** Director of Supervision and Control of CONELEC.

Notice is ordered given,

For the State Comptroller General,

[*Signature*]

Dr. Eduardo Muñoz Vega
Deputy State Comptroller General, Acting

OFFICE OF THE STATE COMPTROLLER GENERAL. A TRUE COPY. I ATTEST.

[*Signature*]

ACCOUNTABILITY SECRETARY

23

[Illegible stamp]