—207—
doscientos
siete

2452

-1 SEP 2010



**RESOLUCION No.**

**EL CONTRALOR GENERAL DEL ESTADO**

**CONSIDERANDO:**



GOVERNMENT EXHIBIT
CASE NO. 22-cr-20114-KMW
EXHIBIT NO. 1-6B

I. Que como resultado del estudio del informe del examen especial de ingeniería practicado a los daños provocados al sistema de enfriamiento y en los filtros de agua y la evaluación de los daños que ocasionaron la paralización de la Central Hidroeléctrica San Francisco, a cargo de la compañía Hidropastaza S.A., por el período comprendido entre el 26 de septiembre de 2007 y el 30 de septiembre de 2008, se estableció en contra del **Consorcio Norberto Odebrecht– Alstom–Va Tech**, en la persona de su representante legal, contratista de la ingeniería de detalle, suministros y construcción de la Central Hidroeléctrica San Francisco, la glosa por **USD 1 048 179, 40**, que corresponde al valor de los gastos adicionales que la empresa Hidroagoyán S.A.; operadora de la Central San Francisco, incurrió durante la paralización del 6 de junio al 15 de octubre de 2008, por contratación de personal, adquisición de insumos y prestación de varios servicios, que de acuerdo con el "detalle de gastos no especificados en el contrato para la prestación de servicios" elaborado por el jefe de planta de la Central Agoyán asciende a USD 163 934,24.

Durante las paralizaciones de las unidades de generación de la Central San Francisco desde noviembre de 2007, Hidropastaza S.A., con la finalidad de inspeccionar las obras del túnel de conducción y de la central en general, contrató profesionales de distintas especialidades, consultores nacionales e internacionales, personal de supervisión a los trabajos ejecutados y de seguridad, realizó gastos por concepto de transporte, alquiler de equipos y compra de materiales, entre otros. Gastos que alcanzan la suma de USD 884 245,16.

Por lo expuesto la salida de operación de la central, ocasionó gastos adicionales que van en perjuicio económico de la entidad en el valor de la glosa, cuya demostración consta en anexos 3 y 4 que se adjuntó.

II. Que por este motivo, el 29 de mayo de 2009 se expidió la glosa 5882 en contra del Consorcio Norberto Odebrecht– Alstom–Va Tech, en la persona de su representante legal, habiéndosele notificado legalmente mediante prensa Diario "Hoy" el 16 de julio de 2009, dándole a conocer el fundamento de la observación y concediéndole el plazo de sesenta días de conformidad con el artículo 53, numeral 1, de la Ley Orgánica de la Contraloría General del Estado, a fin de que conteste y presente las pruebas de descargo pertinentes

III. Que dentro del plazo legal, el **Consorcio Norberto Odebrecht – Alstom – Va Tech**, da contestación a la glosa mediante comunicaciones 058091, 026260, 058091, S/N y 69453, ingresadas a la Contraloría General del Estado el 21 de julio, 21 noviembre; 18 de noviembre de 2009; y, 5 de agosto de 2010, (fojas 21391 a 21394; y, 21508 a 21518) y en las cuales textualmente se refiere a: "Que la glosa parcial se refiere a gastos adicionales que ha incurrido Hidroagoyán S.A., empresa

Dirección de Responsabilidades. Teléfono: 398-7360
Oficina matriz: Av. Juan Montalvo e4-37 y Av. 6 de Diciembre. Quito-Ecuador

ECUADOR

DIRECCIÓN NACIONAL DE RESPONSABILIDADES

83

CRP-DOJ-0003143399

con la cual no nos ha unido ningún vínculo contractual respecto a la ejecución del proceso de construcción de la Central, por lo que esta glosa parcial carece de fundamento jurídico, pues no hay relación de personas, vínculos o nexos jurídicos entre Hidroagoyán y el Consorcio Constructor respecto del valor que cita la CGE.

En lo que a Hidropastaza S.A. se refiere es inaceptable que una glosa se sustente en simples planillas elaboradas por esa misma empresa.

Además, es el Consorcio el que, como se explicó en la sección II, tiene derecho a que se le reembolsen los gastos que incurrió en las reparaciones de la Central San Francisco entre junio y octubre de 2008.

### Límites a los daños

Además de las múltiples deficiencias que hemos apuntado en los cálculos de supuestos daños y perjuicios, señalamos que la Contraloría no ha tomado en cuenta los límites a los daños en el Artículo 30 del Contrato EPC entre el Consorcio e Hidropastaza. Dicha disposición contractual establece:

"El Consorcio indemnizará a la Concesionaria, los prestamistas del Proyecto y sus respectivas filiales, sus empleados y agentes, contra todo tipo de pérdidas, daños y reparaciones, multas y penalidades bajo el Contrato de Concesión (en adelante denominados de manera colectiva como "pérdidas") resultantes exclusiva y directamente de (a) cualquier daño personal o a la propiedad, inclusive de terceros, provenientes de la ejecución de los Trabajos por parte del Consorcio, sus subcontratistas, proveedores y agentes; y (b) cualquier reclamo o demanda formulada por subcontratistas o proveedores, con respecto a los Trabajos o Suministros que no sean motivados por modificaciones, actos, omisiones o incumplimientos u otras causas de responsabilidad contractual o legal de la Concesionaria o por falta de la cancelación oportuna de los pagos al Consorcio requeridos bajo el Contrato.

**En ningún evento tendrá cualquiera de las Partes responsabilidades hacia la otra o hacia sus respectivas matrices, subcontratistas, filiales, empleados y/o agentes, por daños consecuenciales, incluyendo daños emergentes, pérdida o disminución de ingresos, lucro cesante y similares.**

En adición al límite de responsabilidad del Consorcio, fijado en el Numeral 6.2.b de este Documento, **toda otra responsabilidad del Consorcio** relacionada o resultante del Contrato **estará limitada como sigue: i) Daños por Incumplimiento del Consorcio** al tenor del Numeral 33 de este Documento, **limitados a Cinco millones de Dólares** de los Estados Unidos de América (US$ 5'000.000); ii) **demás responsabilidades contractuales o extra-contractuales** ante la Concesionaria y/o el Concedente, **no resarcidas por seguro, limitadas a Diez millones de Dólares de los Estados Unidos de América (US$ 10'000.000)."**

Como puede verse, el segundo párrafo del Art. 30 prohíbe a ambas partes reclamar una indemnización por lucro cesante. Es absolutamente improcedente, por ende, la glosa sobre lucro cesante efectuado por Hidropastaza.

A su vez, el tercer párrafo del Art. 30 acota las categorías de responsabilidad por las que puede demandarse al Consorcio y define la cantidad máxima que puede exigir Hidropastaza por cada categoría:

- La primera limitación está definida por referencia al Art. 6(2)(b) del Contrato EPC, donde se establecen los eventos de ajuste de costo y/o plazo que podrían darse durante la ejecución del Proyecto. Conforme al Art. 6(2)(b), en concordancia con el Art. 30, el Consorcio no es responsable de los costos adicionales que generen los eventos de ajuste.

- La segunda limitación se refiere a los "Daños por Incumplimiento del Consorcio al tenor del Numeral 33" del Contrato EPC. En caso de que se cumplan todos los requisitos, los daños resarcibles están limitados a la suma de cinco millones de dólares (USD 5 000 000).

- La tercera limitación del Art. 30 establece un límite de diez millones de dólares (USD 10 000 000) por las "demás responsabilidades contractuales o extra-contractuales... no resarcidas por seguro". Según esta cláusula, Hidropastaza debe agotar primero cualquier reclamo que tenga contra sus aseguradoras, antes de recurrir en contra del Consorcio.

A pesar de que la Empresa de HIDROPASTAZA, no está notificada con este valor, la misma a través del oficio No. 0436-HPEP-2010 de julio 9 de 2010, señala que:

"...Por otra parte, los gastos de Hidropastaza e Hidroagoyán corresponden a valores cancelados por propia iniciativa de dichas empresas para la fiscalización y supervisión de las obras ejecutadas por el Consorcio entre junio y octubre de 2008, las cuales constituyen gestiones técnicas extracontractuales que han sido asumidas por Hidropastaza y por tanto excluidas de los resarcimientos contenidos en el Convenio de Transacción, dándose por liquidadas.".

IV. Que analizados tanto el informe de examen especial de ingeniería como el memorando de antecedentes registrados en archivo con el número 0029-2009, al igual que las comunicaciones citadas, se concluye que:

El valor de la glosa de **USD 1 048 179,40**, corresponde a los gastos adicionales que la empresa Hidroagoyán S.A., operadora de la Central San Francisco, incurrió durante la paralización del 6 de junio al 15 de octubre de 2008, que debió asumir el Consorcio Constructor por contratación de personal, adquisición de insumos y prestación de varios servicios que de acuerdo con el "Detalle de gastos no especificados en el contrato para la prestación de servicios" elaborado por el Jefe de Planta de la Central Agoyán, ascienden a USD 163 934,24.

Al citado valor se añade USD 884 245,16, por contratación de profesionales de distintas especialidades, nacionales y extranjeros, personal de supervisión a los trabajos ejecutados y de seguridad, para lo cual incurrió Hidropastaza S.A. en gastos por concepto de transporte, alquiler de equipos y compra de materiales, durante las paralizaciones de las unidades de generación de la Central San Francisco, con la finalidad de inspeccionar las obras del túnel de conducción y de la Central en general.

La concesionaria HIDROPASTAZA, en el oficio remitido con los respectivos descargos, en relación a los valores relativos a la glosa, refiere que las gestiones técnicas extracontractuales han sido asumidas por HIDROPASTAZA y por tanto excluidas de los resarcimientos contenidos en el Convenio de Transacción, dándose por liquidadas.

CONTRALORÍA GENERAL DEL ESTADO — ECUADOR

DIRECCIÓN NACIONAL DE RESPONSABILIDADES

3

— 210 —
doscientos diez

La Contraloría General del Estado verificará, a través de una nueva acción de control, el cumplimiento de las obligaciones asumidas por las partes en el convenio celebrado el 8 de julio de 2010.

Por lo expuesto; y,

En ejercicio de las facultades que le confiere la ley,

**RESUELVE:**

**DESVANECER** la responsabilidad civil establecida mediante glosa 5882 de 29 de mayo de 2009, por **USD 1 048 179,40,** determinada en contra del **Consorcio Norberto Odebrecht– Alstom–Va Tech**, en la persona de su representante legal.

Notifíquese,

Por el Contralor General del Estado

Dr. Eduardo Muñoz Vega
SUBCONTRALOR GENERAL DEL ESTADO, ENCARGADO

PCF/GVN/DGC
G. 5882
Inf. 29/2009
Nis. 7539/2009
31-08-2010



ECUADOR
CONTRALORÍA GENERAL DEL ESTADO
DIRECCIÓN NACIONAL DE RESPONSABILIDADES

4

CRP-DOJ-0003143405