2454

-1 SET 2010



**RESOLUCION No.**

**EL CONTRALOR GENERAL DEL ESTADO**

**CONSIDERANDO:**

I. Que como resultado del estudio del informe del examen especial de ingeniería a las adendas celebradas entre HIDROPASTAZA S.A. y el Consorcio Odebrecht – Alstom-Va-Techt, dentro del contrato de Ingeniería de Detalle, Suministros y Construcción "EPC" para el proyecto de la Central Hidroeléctrica San Francisco, en el cantón Baños, provincia de Tungurahua, a cargo de la compañía HIDROPASTAZA S.A. que abarca el periodo comprendido entre el 1 de noviembre de 2003 y el 15 de septiembre de 2008, se estableció la glosa de **USD 4 000 000**, en contra de los señores ingenieros: *Germán Bolívar Anda Naranjo* y *Sadinoel de Freitas Júnior*, presidente y vicepresidente ejecutivo de Hidropastaza S.A, respectivamente, por cuanto sin dar cumplimiento a las especificaciones técnicas establecidas en el anexo 1 del tomo 3 del segundo contrato modificatorio y sin contar con el informe técnico de constatación física por parte del equipo de Fiscalización, dispusieron el pago mediante la firma del adendum N° 8, inobservando expresas disposiciones legales contenidas en el Reglamento de la Ley de Contratación Pública en su artículo 85; Reglamento de Determinación de Etapas del Proceso de Ejecución de Obras de Prestación, artículo 12, apartados b) y g); y, Contrato de Consultoría de Fiscalización, conforme se describe a continuación:

El objeto de la suscripción del adendum N°. 8 es reconocer al Consorcio Odebrecht – Alstom – Va Tech un ajuste económico por costos adicionales incurridos por éste, debido al Primer Ajuste de Precios, numeral 6.2 (b) numeral IX del Contrato EPC (con excepción del túnel de conducción entre los PK 0+090 a 9+830) conforme los términos de los anexos 1, 2 y 4 del adendum.

Para remunerar las obras y servicios objeto de este adendum, Hidropastaza S.A., en su calidad de Concesionaria del proyecto, decidió incrementar el monto del contrato EPC en un valor de USD 4 000 000; dicho monto fue cancelado por Hidropastaza conforme lo establece el contrato EPC.

Los eventuales costos adicionales a los establecidos, incurridos en el túnel de conducción a raíz de cambios geológicos – geotécnicos no previstos, fueron evaluados bajo el mismo criterio utilizado en la determinación del Primer Ajuste de Precios, numeral 6.2 Eventos de Ajuste (b) numeral IX del contrato.

Fueron parte de ese adendum los siguientes documentos:



"Anexo 1.- Solicitud de ajuste económico compensatorio OEC/PHSF/DP/050/2006 y remitida por el Consorcio ODEBRECHT-ALSTOM-VA-TECH a Hidropastaza S.A."

Dirección de Responsabilidades. Teléfono: 398-7360
Oficina matriz: Av. Juan Montalvo e4-37 y Av. 6 de Diciembre. Quito-Ecuador



AO386-C
GOVERNMENT EXHIBIT
CASE NO. 22-cr-20114-KMW
EXHIBIT NO. 1-8

CRP-DOJ-0002392663

Mediante oficio OEC/PHSF/DP/050/2006 de marzo 31 de 2006, el Director de Proyecto del Consorcio Constructor, solicita el ajuste de precios y plazo del contrato EPC debido a las condiciones geológicas/geotécnicas diferentes a las del anexo 1 al contrato de concesión halladas durante la construcción del Proyecto Hidroeléctrico San Francisco.

En el numeral 1) del referido documento la Constructora presenta la información de soporte de los casos de variación geológica/geotécnica hallados hasta esa fecha durante la construcción del proyecto y que han resultado en costos adicionales para el contratista, incidiendo en el equilibrio económico del contrato EPC; en el numeral 2) solicita a la Concesionaria la aprobación de un ajuste al precio del contrato EPC por la suma de USD 6 070 030,80, al tenor de la cláusula 6.2 Eventos de Ajuste (b) numeral IX del contrato, por concepto de costos generados por condiciones geológicas/geotécnicas halladas en las estructuras ya excavadas, tanto en superficie como subterráneas.

El método de cálculo de los costos adicionales se basó en las consecuencias económicas ocasionadas por la implementación durante la construcción de los diferentes tipos de soporte en función de las necesidades que las condiciones geológicas/geotécnicas halladas lo requieran, para ello se usó un criterio de proporcionalidad por clase de sostenimiento, cuyos pesos porcentuales fueron determinados comparando diferentes parámetros, los mismos que se detallan en un grupo de tablas; los parámetros que se tomaron en consideración son: a) Peso de recursos; b) Carga típica por tipo de roca; c) Materiales de perforación; y, d) Sistema de sostenimiento

> **Anexo 2.- Informe Técnico Económico del Consultor Ingeniero Guy Bourdeaux**

En el mes de abril de 2006, Hidropastaza contrató a un Consultor a fin de que realice el análisis técnico al reclamo presentado por el Consorcio Constructor del Proyecto Hidroeléctrico San Francisco.

En el informe presentado por el Consultor, capítulo 3, "Análisis Técnico" inicia describiendo los criterios adoptados del sistema de clasificación del macizo rocoso, clases de sostenimiento del macizo rocoso y continúa con el análisis del reclamo en lo relativo a cantidades, estructura del precio, evaluación de exclusiones y evaluación de créditos. Se detalla también en el cuadro N° 1 los valores que a criterio del Consultor debían ser reconocidos por concepto de compensación, alcanzando el ajuste la suma de USD 4 220 376,92; finalizando con la conclusión y la recomendación que señala: *"que a fin de que los parámetros previstos en el contrato EPC se mantengan inalterados en el tiempo y no ocasionen perjuicio a las partes y dentro de este concepto, el mantenimiento de condiciones contractuales y el acuerdo económico al cual podrían arribar las partes es por la suma de USD 4 000 000,00".*



**Anexo 3.- Informe Jurídico emitido por el doctor Iván Vallejo, asesor legal de Hidropastaza S.A**

Contiene el análisis legal y contractual de la procedencia del reclamo por la variación de las condiciones geológicas/geotécnicas del Proyecto Hidroeléctrico

2

San Francisco, realizado por el Asesor Jurídico externo de Hidropastaza. Este informe se refiere al marco legal, marco contractual, conclusiones y recomendaciones.

En el informe se indica: *"Cabe señalar que las condiciones geológicas geotécnicas señaladas por el Consorcio Constructor, han sido determinadas y verificadas in situ a través de las condiciones reales encontradas en las diferentes estructuras que hacen parte del Proyecto Hidroeléctrico.- Por lo antes expuesto, una vez que se cumplen las condiciones establecidas en el Contrato de Concesión en el numeral 6.2 b) el pago es legal y contractualmente procedente…"*

**Sobre la responsabilidad de la Fiscalización:**

Una vez que el Consorcio Odebrecht – Alstom-Va-Tech, constructor del proyecto, presentó el informe de los costos adicionales ocasionados por la variación geológica/geotécnica, Hidropastaza S.A., previo a la aprobación del ajuste económico y respectivo egreso, debió contar con el informe de Fiscalización que garantice la veracidad de dicho requerimiento; sin embargo, no existe evidencia que la Asociación FURNAS-INTEGRAL, fiscalizadora del Proyecto Hidroeléctrico San Francisco, haya emitido el respectivo informe técnico de constatación física que acredite y avale el reclamo presentado por la Constructora.

El contrato de Consultoría de Fiscalización entre Hidropastaza S.A. y la Asociación FURNAS-INTEGRAL tuvo vigencia a partir del 10 de marzo de 2004 hasta el 10 de julio de 2007, de cuyas cláusulas se desprenden las obligaciones como equipo de Fiscalización. Las cláusulas en referencia señalan:

*"TRES PUNTO UNO.- El presente instrumento tiene por objeto contratar los servicios de la CONSULTORA para la Consultoría al CONTRATANTE respecto a los trabajos de fiscalización del Proyecto San Francisco, de conformidad a lo estipulado en las bases de la invitación correspondiente y en la Propuesta Técnica Económica Adjudicada.*

*TRES PUNTO DOS.- La CONSULTORA ejecutará en forma obligatoria todos los servicios necesarios, los mismos que se especifican en los Términos de Referencia de las Bases de Invitación y en la Propuesta Técnica Económica Adjudicada. En todo caso, el alcance de los trabajos de la CONSULTORA cubrirá exclusivamente el control y supervisión del Contrato EPC (Ingeniería, Suministro y Construcción), consagrado en la oferta adjudicada.-*

*CLAUSULA CUARTA – RESPONSABILIDADES DE LA CONSULTORA – CUATRO PUNTO UNO.- De conformidad con las Bases para la Invitación correspondiente, la CONSULTORA asume la responsabilidad total y solidaria de sus actos y el fiel cumplimiento de este Contrato tanto en el aspecto técnico como en los aspectos administrativos y legales."*



Responden solidariamente el **Consorcio Odebrecht – Alston – Va Tech**, en la persona de su representante legal, por no haber cumplido con las especificaciones técnicas establecidas en el anexo 1 del tomo 3 del segundo contrato modificatorio al contrato de concesión, por lo que no justifica el pago de **USD 4 000 000**, acordados en el adendum N° 8; y los señores: ingenieros, **Luis Alfredo Mancero Gallegos,**

3

presidente del Directorio de Hidropastaza S. A.; *Jorge Emilio Guerrero Hernández* y *José Conceicao Santos Filho*, miembros del Directorio de Hidropastaza S.A., por cuanto mediante Resolución 022-2006 constante en Acta 70 de la sesión de Directorio realizada el 19 de abril de 2006, recomendaron a la Junta General de Accionistas de Hidropastaza, la aprobación en base a la recomendación realizada por el Consultor sobre el reconocimiento del ajuste económico solicitado por el Consorcio Constructor sin requerir y basarse en el informe técnico de constatación física de la Fiscalización, que acredite el ajuste económico por costos adicionales incurridos debido a la variación geológica/geotécnica; y, la *Asociación FURNAS-INTEGRAL*, en la persona de su representante legal en calidad de fiscalizadora del Proyecto Hidroeléctrico San Francisco, por cuanto inobservó expresas disposiciones legales contenidas en el Reglamento de la Ley de Contratación Pública en su artículo 85; Reglamento de Determinación de Etapas del Proceso de Ejecución de Obras de Prestación, artículo 12, apartados b) y g); y, Contrato de Consultoría de Fiscalización.

II. Que por este motivo, el 2 de febrero de 2010, se establecieron las glosas 6825 a 6829, 6832 y 6833 en contra del Consorcio Norberto Odebrecht-Alstom-Va Tech funcionarios y ex funcionarios de la Compañía Hidropastaza., habiéndoseles notificado legalmente en la forma y fechas que constan a continuación, dándoles a conocer el fundamento de la observación y concediéndoles el plazo de sesenta días de conformidad con lo dispuesto en el artículo 53, numeral 1, de la Ley Orgánica de la Contraloría General del Estado, a fin de que contesten y presenten las pruebas de descargo pertinentes.

| No. de Glosa y Nombres | Notificación | Fechas |
|---|---|---|
| 6825<br>*Consorcio Norberto Odebrecht – Alstom – Va Tech.* | Publicado Diario "HOY" | 2010/02/17 |
| 6826<br>*Germán Bolívar Anda Naranjo* | Personal | 2010/02/17 |
| 6827<br>*Sadinoel de Freitas Júnior* | Personal | 2010/02/17 |
| 6828<br>*Luis Alfredo Mancero Gallegos* | Personal | 2010/02/09 |
| 6829<br>*Jorge Emilio Guerrero Hernández* | Personal | 2010/02/09 |
| 6832<br>*José Conceicao Santos Filho* | Personal | 2010/02/10 |
| 6833<br>*Asociación FURNAS-INTEGRAL* | Personal | 2010/02/10 |



Las pruebas remitidas para el presente juzgamiento administrativo contienen aspectos de carácter técnico, razón por la cual la Dirección de Responsabilidades, solicitó el criterio técnico respecto de las pruebas, a fin de que la Dirección de

4

El objeto del Adendum 8, abarca y cuantifica los trabajos adicionales, mayor permanencia, improductividad, ociosidad y costos adicionales incurridos por el Consorcio en la construcción de las siguientes estructuras del Proyecto Hidroeléctrico San Francisco:

- Portal Túnel de Descarga Intermedia
- Pórtico de Salida de Líneas
- Túnel de Descarga Intermedia
- Túnel de Conducción - Porción D&B PK 0+000 a 0+090
- Túnel Tubería de Presión y Bifurcador
- Túnel de Acceso Principal
- Túnel de Drenaje
- Túnel de Escape
- Túnel de Acceso No. 3
- Túnel de Restitución
- Túnel de Succión
- Túnel Chimenea de Equilibrio Superior
- Túnel de Interconexión
- Túnel Galería de Acceso a la Cámara de Interconexión
- Cámara de Compuertas del Túnel de Restitución.

El Representante de HIDROPASTAZA, señala que durante la interrupción de las actividades entre los meses de junio a octubre del 2008, con la supervisión e inspección de HIDROPASTAZA S.A., el Consorcio Constructor, a su costo y responsabilidad, realizó una serie de obras complementarias a las estructuras del circuito hidráulico, esto es en el túnel de conducción y chimenea superior de equilibrio, como parte de sus obligaciones durante el período de garantía.

Hidropastaza y el Consorcio Constructor, el 8 de julio de 2010 han suscrito un Convenio en el que, entre otros asuntos, el Consorcio se ha comprometido a otorgar una garantía por las obras civiles, considerando que en la cláusula 1.2.1. se establece: "...representantes autorizados del Consorcio y de HPEP, inspeccionen detalladamente y de forma conjunta el túnel de conducción y la chimenea de equilibrio superior con el fin de que el Consorcio defina el alcance de los trabajos complementarios y un cronograma para la ejecución Inmediata de las distintas etapas de los trabajos que deberán realizarse, de conformidad con las especificaciones técnicas del Contrato de Construcción..."

La Contraloría General del Estado verificará, a través de una nueva acción de control, el cumplimiento de las obligaciones asumidas por las partes en el convenio celebrado el 8 de julio de 2010.



Por lo expuesto,

En ejercicio de las facultades que le confiere la ley,

### RESUELVE:

**DESVANECER** la responsabilidad civil solidaria establecida mediante glosas 6825 a 6829, 6832 y 6833 de 2 de febrero de 2010, por el valor de **USD 4 000 000** en contra de los señores ingenieros **Germán Bolívar Anda Naranjo** y **Sadinoel de**

10

***Freitas Júnior***, presidente y vicepresidente ejecutivo de Hidropastaza S.A, respectivamente, **Consorcio Odebrecht – Alston – Va Tech**, en la persona de su representante legal, ingenieros, ***Luis Alfredo Mancero Gallegos,*** presidente del Directorio de Hidropastaza S. A.; ***Jorge Emilio Guerrero Hernández, José Conceicao Santos Filho***, miembros del Directorio de Hidropastaza S.A., y Asociación FURNAS-INTEGRAL, en la persona de su representante legal.

Notifíquese,

Por el Contralor General del Estado

Dr. Eduardo Muñoz Vega
**SUBCONTRALOR GENERAL DEL ESTADO, encargado**

CONTRALORIA GENERAL DEL ESTADO. ES FIEL COPIA. LO CERTIFICO.

SECRETARIA DE RESPONSABILIDADES

CONTRALORÍA GENERAL DEL ESTADO
DIRECCION DE RESPONSABILIDADES

11

CRP-DOJ-0002392673