[Illegible ]148

**2454**

-1 SEP **2010**

RESOLUTION No.

THE STATE COMPTROLLER GENERAL

WHEREAS:



[OFFICE OF THE STATE COMPTROLLER GENERAL]

I. As result of the analysis of the special engineering inspection conducted on the contract addendums entered into between HIDROPASTAZA S.A. and the Consorcio Odebrecht-Alstom-Va-Tech as part of the "EPC" Detail Engineering, Supplies and Construction Contract for the San Francisco Hydroelectric Power Plant project in the Baños canton, Tungurahua province, under the auspices of HIDROPASTAZA, S.A., covering the period between November 1, 2003, and September 15, 2008, a penalty of **USD 4,000,000** was assessed against engineers **Germán Bolívar Anda Naranjo** and **Sadinoel de Freitas Júnior**, Executive President and Vice President of Hidropastaza S.A., respectively, because, without complying with the technical specifications stipulated in Attachment 1 of Volume 3 of the second contract amendment and without having received the technical report of physical inspection from the Audit team, they ordered payment through the signature of Addendum No. 8, thereby violating express legal stipulations contained in Article 85 of the Regulation to the Public Contracting Law; Regulation to Determine the Stages of the Process of Executing Public Works, Article 12, items b) and g); and the Audit Consulting Contract, as described below:

The purpose of signing Addendum No. 8 was to grant Consorcio Odebrecht-Alstom-Va Tech an economic adjustment due to additional costs incurred by it as a result of the First Price Adjustment, number 6.2(b) number IX of the EPC Contract (excepting the construction of the headrace tunnel between PK 0+090 to 9+830) in accordance with the terms of Attachments 1, 2 and 4 to the Addendum.

In order to pay for the works and services that are the subject of this Addendum, Hidropastaza S.A., in its capacity as Concessionaire of the project, decided to increase the amount of the EPC Contract in the amount of USD 4,000,000. Said amount was paid by Hidropastaza in accordance with the terms of the EPC Contract.

The potential additional costs above those established, incurred on the headrace tunnel because of unforeseen geological-geotechnical changes, were evaluated under the same criterion used to determine the First Price Adjustment, number 6.2 Adjustment Events (b) number IX of the Contract.

The following documents were part of that Addendum:

> "Attachment 1. Request for Compensatory Economic Adjustment OEC/PHSF/DP/050/2006 and forwarded by the ODEBRECHT-ALSTOM-VA-TECH Consortium to Hidropastaza S.A."

[Emblem]

OFFICE OF THE
STATE COMPTROLLER GENERAL

ACCOUNTABILITY
DIRECTORATE

Accountability Directorate. Telephone: 398-7360
Main Office: Av. Juan Montalvo e4-37 y Av. 6 de Diciembre. Quito-Ecuador



GOVERNMENT EXHIBIT
AO386-C
CASE NO. 22-cr-20114-KMW
EXHIBIT NO. 1-8A

CRP-DOJ-0002392663_TR

In official letter OEC/PHSF/DP/050/2006 dated March 31, 2006, the Construction Consortium's Project Director requested an adjustment to the prices and term of the EPC Contract due to the geological/geotechnical conditions that were found to be different from those on Attachment 1 to the Concession Contract during the construction of the San Francisco Hydroelectric Project.

Under number 1) of the referenced letter, the Construction Company submitted supporting documentation for the cases of geological/geotechnical variation found up to that date during the construction of the project and which resulted in additional costs for the contractor, affecting the EPC Contract's economic balance. In number 2) it requested that the Concession Entity approve a price adjustment to the EPC contract in the amount of USD 6,070,030.80, pursuant to Clause 6.2 Adjustment Events (b) item IX of the contract, geological/geotechnical conditions found in the already-excavated structures, both on the surface and underground.

The method used to calculate the additional costs was based on the economic consequences caused by the implementation during the construction of the various types of supports in response to the needs that the geological/geotechnical conditions found may require. To that end, a criterion of proportionality by type of support was used, whose percentage weights were determined by comparing the different parameters, which were detailed in a set of tables. The parameters taken into consideration are: a) Weight of resources; b) Typical load by type of rock; c) Drilling materials; and d) Support system.

> **Attachment 2. Technical Economic Report from Consulting Engineer Guy Bourdeaux**

In April 2006, Hidropastaza hired a consultant to conduct a technical analysis of the claim submitted by the Construction Consortium of the San Francisco Hydroelectric Project.

Chapter 3 of the report submitted by the Consultant, "Technical Analysis," begins by describing the criteria adopted by the classification system, and the types of supports on the rock mass; it continues with an analysis of the claim regarding amounts, price structure, evaluation of exclusions and evaluation of credits. Table No. 1 also lists the amounts that, in the opinion of the Consultant, should be accepted as compensation, adding up to an adjustment in the amount of USD 4,220,376.92. It ends with the conclusion and recommendation stating that: *"in order for the parameters established in the EPC Contract to be kept unaltered regarding time and not cause damage to the parties in this matter, the maintenance of contractual conditions and the economic agreement which the parties could reach is the amount of USD 4,000,000.00."*

> **Attachment 3. Legal Report issued by Dr. Ivan Vallejo, Legal Counsel to Hidropastaza S.A.**

It contains a legal and contractual analysis regarding the admissibility of the claim due to the variation of the geological/geotechnical conditions of the San Francisco Hydroelectric Project

[Emblem]

OFFICE OF THE
STATE COMPTROLLER GENERAL

ACCOUNTABILITY
DIRECTORATE

2

[Illegible]8149

Conducted by Hidropastaza's external Legal Counsel. This report refers to the legal framework, contractual framework, conclusions, and recommendations.

The report states: *"It bears highlighting that the geological/geotechnical conditions pointed out by the Construction Consortium were determined and verified in situ by the real conditions found on the various structures that are part of the Hydroelectric Project. Based on the foregoing, if the conditions established in number 6.2 b) of the Licensing Contract are met, the payment is legal and contractually admissible…"*

**Regarding Audit Liability:**

Once the Consorcio Odebrecht-Alstom-Va-Tech, builder of the project, submitted the report on the additional costs caused by the geological/geotechnical variations, Hidropastaza S.A. should have received an Audit report guaranteeing the veracity of said request before approving the economic adjustment and corresponding payment; however, there is no evidence that Asociación FURNAS-INTEGRAL, auditor of the San Francisco Hydroelectric Project, issued said technical report of physical confirmation to evidence and endorse the claim made by the Construction Company.

The Audit Consulting contract between Hidropastaza S.A. and Asociación FURNAS-INTEGRAL was valid from March 10, 2004, to July 10, 2007, stipulating in its clauses the obligations as Audit team. The referenced clauses stipulate:

*"THREE POINT ONE. The purpose of this instrument is to contract the services of the CONSULTANT to offer Consulting to the CONTRACTING PARTY regarding the work of auditing of the San Francisco Project, pursuant to the stipulations of the corresponding bid conditions and the Awarded Technical Economic Proposal.*

*THREE POINT TWO. The CONSULTANT shall be required to provide all the necessary services, which are specified in the Terms of Refence of the Bid Conditions and the Awarded Technical Economic Proposal. In any case, the scope of the work of the CONSULTANT shall exclusively cover the oversight and supervision of the EPC Contract (Engineering, Supply, and Construction) stipulated in the bid award.*

*CLAUSE FOUR – RESPONSIBILITIES OF THE CONSULTANT – FOUR POINT ONE. Pursuant to the Bid Conditions, the CONSULTANT assumes total, joint and several responsibility for all its actions and faithful compliance with this Contract both in the technical aspects as in administrative and legal aspects."*

**The Consorcio Odebrecht-Alston-Va Tech,** through its legal representative is held jointly and severally liable for failing to comply with the technical specifications stipulated in Attachment 1 of Volume 3 of the second contract modification to the concession contract, for which the payment of **USD 4,000,000** agreed to in Addendum No. 8 is not justified; as well as Messrs.: **Luis Alfredo Mancero Gallegos**,

[Emblem]

OFFICE OF THE STATE
COMPTROLLER GENERAL

ACCOUNTABILITY
DIRECTORATE

3

President of the Hidropastaza S.A. Board of Directors, **Jorge Emilio Guerrero Hernández and José Conceicao Santos Filho**, members of the Board of Directors of Hidropastaza S.A., because in Resolution 022-2006 recorded in Minutes 70 of the meeting of the Board of Directors held on April 19, 2006, they recommended the approval to the General Board of Shareholders of Hidropastaza based on the recommendation made by the Consultant regarding acceptance of the economic adjustment requested by the Construction Consortium without requesting and basing themselves on the technical physical Audit confirmation report that would show evidence of an economic adjustment for additional costs incurred due to the geological/geotechnical variations; and **Asociación FURNAS-INTEGRAL**, through its legal representative, in its capacity as auditor of the San Francisco Hydroelectric Project, because it failed to comply with the conditions in the express legal stipulations contained in Article 85 of the Regulation of the Public Contracting Law; Regulation to Determine the Stages of the Process of Executing Public Works, Article 12, items b) and g); and the Audit Consulting Contract.

[Paragraph II omitted per special instructions]

[Emblem]

OFFICE OF THE
STATE COMPTROLLER GENERAL

ACCOUNTABILITY
DIRECTORATE

**RESOLVES:**

To **DISMISS** the joint and several civil liability established on February 2, 2010, in penalties 6825 through 6829, 6832 and 6833, assessed in the amount of ***USD 4,000,000*** against Messrs. engineers **Germán Bolívar Anda Naranjo** *and* **Sadinoel de**

[Emblem]

OFFICE OF THE
STATE COMPTROLLER GENERAL

ACCOUNTABILITY
DIRECTORATE

10

CRP-DOJ-0002392672_TR

[Illegible]153

**Freitas Júnior,** Executive President and Executive Vice President of Hidropastaza S.A., respectively, **Consorcio Odebrecht–Alston–Va Tech**, through its legal representative, engineers **Luis Alfredo Mancero Gallegos**, President of the Board of Directors of Hidropastaza S.A.; *Jorge Emilio Guerrero Hernández, José Conceicao Santos Filho*, members of the Board of Directors of Hidropastaza S.A., and Asociación FURNAS-INTEGRAL, through its legal representative.

Notice is ordered given,

For the State Comptroller General

[Signature]

Dr. Eduardo Munoz Vega
**DEPUTY STATE COMPTROLLER GENERAL, Acting**

OFFICE OF THE STATE COMPTROLLER GENERAL. A TRUE COPY. I ATTEST.

[Signature]                                             [Emblem]

ACCOUNTABILITY SECRETARY               OFFICE OF THE
                                       STATE COMPTROLLER GENERAL

                                       ACCOUNTABILITY
                                       DIRECTORATE

11