

**U.S. Department of Justice**

Criminal Division

Washington, DC 20530

March 10, 2022

Bruno Brasil
Bruno Brasil Advogados
Sao Paulo - SP
Av Brigadeiro Faria Lima, 4,509, 8° andar,
Itaim Bibi, CEP: 04 538-133
Email: bruno@bbrasil.adv.br

Re: Geraldo Luiz Pereira De Souza Filho

Dear Counsel:

This letter sets forth the Non-Prosecution Agreement (the "Agreement") between the United States Department of Justice, Criminal Division, Fraud Section and Money Laundering and Asset Recovery Section and the United States Attorney's Office for the Southern District of Florida (collectively, the "Government") and Geraldo Luiz Pereira De Souza Filho ("Mr. De Souza") (collectively "the Parties").

### Admission of Criminal Liability and Agreement Not to Prosecute

1. Mr. De Souza agrees: (a) that he participated in a bribery and money laundering scheme involving Odebrecht S.A. and related entities ("Odebrecht"), from at least in or around 2010 through at least in or around 2015, in which Mr. De Souza conspired with others, while acting within the scope of his employment for Odebrecht, with the intent, at least in part, to benefit Odebrecht through the payment of bribes to foreign officials, including Carlos Ramon Polit Faggioni, as set forth more fully in Attachment A of this Agreement; (b) to commit no future federal, state, or local crimes whatsoever; and (c) to otherwise comply with all terms set forth in this Agreement. Mr. De Souza agrees that the factual statements set forth in Attachment A to this Agreement are true and accurate.

2. Based on Mr. De Souza's admissions and representations, as set forth in Paragraph 1 of this Agreement, as well as the other obligations Mr. De Souza agrees to under this Agreement, the Government agrees not to prosecute Mr. De Souza for his involvement in the conduct set forth in Attachment A to this Agreement

1



GOVERNMENT EXHIBIT
CASE NO. 22-cr-20114-KMW
EXHIBIT NO. 2-3
CRP-DOJ-0003142560

3. The Parties agree that the Government's promise not to prosecute Mr. De Souza, as set forth in Paragraph 2 of this Agreement, does not extend to, or provide protection from prosecution for, any and all activities and conduct: (a) committed by Mr. De Souza in the future; and (b) committed by Mr. De Souza in the past that is not set forth in Attachment A to this Agreement.

## Cooperation

4. Mr. De Souza agrees to: (a) truthfully and completely disclose all information with respect to his activities and the activities of others concerning all matters about which the Government inquires of him, which information may be used for any purpose; (b) cooperate fully with the Government and any other law enforcement agency or other criminal or civil Department, agency, or office in the United States or in a foreign jurisdiction designated by the Government, provided that such other Department, agency, or office agrees to be bound by this agreement; (c) attend all grand jury proceedings, hearings, trials, judicial proceedings, and meetings at which the Government may request his presence; (d) provide to the Government, and upon request, any document, record, or other tangible evidence relating to matters about which the Government or any designated Department, agency, or office inquires of him; (e) provide truthful and complete information and testimony when called upon by the Government, whether in interviews, before a grand jury, or at any trial or other court proceeding with respect to any matters about which the Government may request; (f) if requested by the Government, work in an undercover role to contact and negotiate with others suspected and believed to be involved in criminal misconduct, under the supervision of, and in compliance with, law enforcement officers and agents; and (g) bring to the Government's attention all crimes that he has committed under the laws of any jurisdiction, and all administrative, civil, or criminal proceedings, investigations, or prosecutions in which he has been or is a subject, target, party, or witness. Moreover, any assistance Mr. De Souza may provide to federal criminal investigators shall be undertaken by Mr. De Souza only pursuant to the specific instructions and under the specific control of the Government and designated federal criminal investigators.

5. Mr. De Souza agrees that the Government and designated law enforcement representatives may meet with and debrief him outside the presence of counsel, unless Mr. De Souza specifically requests counsel's presence at such briefings and meetings.

6. Mr. De Souza and counsel for Mr. De Souza agree not to reveal Mr. De Souza's cooperation, or any information provided by Mr. De Souza or the government in connection with Mr. De Souza's cooperation, to any third party without the prior written consent of the Government.

BB

CRP-DOJ-0003142561

### Tolling of the Statute of Limitations

7.  Mr. De Souza agrees that should Mr. De Souza violate any of the conditions of this Agreement, Mr. De Souza shall thereafter be subject to prosecution in the United States for any federal criminal violation. Any such prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against Mr. De Souza, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecution. By this agreement, Mr. De Souza waives all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed. By this Agreement, Mr. De Souza also waives his right to make a claim premised upon any constitutional, statutory, or other claim concerning pre-indictment delay or right to a speedy trial. Mr. De Souza agrees that these waivers are knowing and voluntary.

### Public Statements

8.  Mr. De Souza and the Government agree that the Government may, in its sole discretion, make this Agreement or any and all facts, promises, and representations contained in this Agreement public. Mr. De Souza agrees that he will not disclose the existence of this Agreement without the prior written consent of the Government.

9.  Mr. De Souza agrees he will not make nor cause anyone else to make any public statement—or statement in any legal proceeding—contradicting the facts set forth in Attachment A.

### Violation of the Agreement

10. The Parties agree that it is within the sole discretion of the Government to determine whether Mr. De Souza has violated, in whole or in part, any term of this Agreement. Mr. De Souza agrees not to raise with any court any claim or defense that he did not violate, in whole or in part, a term of this Agreement.

11. The Parties agree that if the Government determines that Mr. De Souza has not been truthful, or that any term of this Agreement has been violated, in whole or in part, by Mr. De Souza, the Government is free from its obligations under this Agreement and may properly initiate a prosecution against Mr. De Souza for any conduct, including the conduct set forth in Attachment A to this Agreement. Mr. De Souza agrees that, in the event the Government determines in its sole discretion that Mr. De Souza violated, in whole or in part, a term of this Agreement, Mr. De Souza will not assert and will be barred from asserting any claim or defense that he is entitled to protection from prosecution by virtue of this Agreement.

*BB*

12. Mr. De Souza agrees that, effective as of the date he signs this Agreement—and notwithstanding any other subsequent event, including but not limited to the Government's determination that Mr. De Souza has violated, in whole or in part, a term of this Agreement, Attachment A and all statements made by Mr. De Souza to the Government or other designated Department, agency or office, and any testimony given by Mr. De Souza before a grand jury or other tribunal, whether prior to or subsequent to the signing of this Agreement, and any evidence obtained pursuant to leads from such statements or testimony shall be admissible against Mr. De Souza in any criminal case the Government brings against Mr. De Souza as: (a) substantive evidence offered by the Government in its case-in-chief and rebuttal case; (b) impeachment evidence offered by the Government on cross-examination; and (c) evidence offered by the Government at any sentencing hearing or other hearing. In addition, Mr. De Souza agrees not to assert any claim under the United States Constitution, any statute, the Federal Rules of Evidence (including Rule 410 of the Federal Rules of Evidence), the Federal Rules of Criminal Procedure (including Rule 11 of the Federal Rules of Criminal Procedure), or the United States Sentencing Guidelines (including USSG §1B1.1(a)) that the statements contained in Attachment A, the testimony and statements made by Mr. De Souza in the circumstances described earlier in this paragraph, or any evidence obtained pursuant to leads from such statements or testimony should be suppressed or are otherwise inadmissible as evidence against Mr. De Souza (in any form) in any criminal case the Government brings against Mr. De Souza.

13. Mr. De Souza further agrees to waive any objection to venue in the event of any such prosecution and specifically agrees not to contest venue, without limitation, in the Southern District of Florida.

14. Mr. De Souza agrees not to retaliate, attempt to retaliate, or direct others to retaliate against any person because of that person's cooperation with the government's investigation of this matter. Mr. De Souza also agrees not to take legal action against any individual because that individual provided documents or information to the government.

### Binding Nature of the Agreement

15. Mr. De Souza represents that he understands that this Agreement binds only the Government and does not bind any other federal, state, or local prosecuting authority other than the Government, nor does it bind any foreign authority. The Government will, however, bring the cooperation of Mr. De Souza to the attention of other prosecuting offices both in the United States and foreign jurisdictions if requested by Mr. De Souza. If the Government receives a request from any local, state, federal or foreign law enforcement office or prosecutor's office for access to statements made by Mr. De Souza, the Government may

*BB*

furnish such information, but will do so only on the condition that the requesting office honor the provisions of this Agreement.

### Complete Agreement

16. The Parties agree that this Agreement sets forth all the promises, agreements, and conditions, in their entirety, between Mr. De Souza and the Government. The Parties agree that no promises, agreements, or conditions have been made other than those expressly set forth in this Agreement. The Parties agree that this Agreement supersedes all prior understandings, agreements, and/or conditions, if any, between the Parties, whether written or oral, including the proffer letter relating documents signed on October 28, 2021.

17. No amendments or modifications to this Agreement shall be valid unless they are in writing and signed by the Government, Mr. De Souza, and counsel for Mr. De Souza.

Sincerely,

JOSEPH S. BEEMSTERBOER
ACTING CHIEF
DEPARTMENT OF JUSTICE
CRIMINAL DIVISION
FRAUD SECTION

By: Alexander Kramer       March 10, 2022
    Jil Simon              Date
    Trial Attorneys

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

By: Michael Berger         March 10, 2022
Assistant United States Attorney    Date

AGREED AND CONSENTED TO:

_____   10, MARCH 2022
Geraldo Luiz Pereira De Souza Filho   Date

5

BB

APPROVED:

*Bruno Menezes Brasil*           March, 10th, 2022

Bruno Brasil                      Date
Attorney for
Geraldo Luiz Pereira De Souza Filho

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Agreement, reviewed them with my client, and fully discussed the provisions of the Agreement with my client. I acknowledge that these pages accurately and completely set forth the entire Agreement between the Parties.

DATED: March, 10th, 2022
BY:
*Bruno Menezes Brasil*
Bruno Brasil

6

CRP-DOJ-0003142565

## ATTACHMENT A

From in or around 2010 to in or around 2015, Geraldo Luiz Pereira De Souza Filho ("De Souza") worked for Odebrecht S.A. as the finance manager for Ecuador. In this role, De Souza reported to the Ecuador Country Manager, Jose Conceiçao Santos Filho ("Conceiçao"), and was responsible for the financial operations of Odebrecht Ecuador. As directed by Conceiçao, De Souza also had responsibility for managing the generation of off-book cash in Ecuador that was used by Conceiçao to pay bribes on behalf of Odebrecht to certain government officials, including Carlos Ramon Polit Faggioni ("Polit"), the then-comptroller general of Ecuador.

In order to generate the off-book cash, De Souza, acting at the direction of Conceiçao and acting on behalf of Odebrecht, overpaid certain subcontractors in Ecuador and these subcontractors then returned the funds in cash, less a fee that the subcontractors retained. When directed by Conceiçao, De Souza picked up cash from subcontractors in Ecuador and delivered the cash to Conceiçao with the understanding that it would be used to pay bribes to Ecuadorian government officials. Based on his conversations with Conceiçao, De Souza knew that Odebrecht paid millions of dollars in bribes to Polit in cash and by wire in connection with certain Odebrecht construction projects in Ecuador. At the direction of Conceiçao, De Souza kept track of the bribe payments made by Odebrecht to Polit. In order to conceal the bribe payments, Conceiçao, De Souza, and certain others at Odebrecht referred to Polit by the code name "Miami."

The preceding statement is a summary and does not include all the facts known to De Souza or the Government concerning criminal activity in which De Souza and others engaged.

CRP-DOJ-0003142566