Translation of Excerpt (Paragraphs II and III, Page 7, and Pages 8-9) of Resolution No. 2453 of September 1, 2010

    II.    That for this reason, on February 2, 2010, the Notices of Administrative Penalty 6825, 6826, 6828, 6829, 6831 and 6832 were established against the Norberto Odebrecht-Alstom-Va Tech Consortium, officers and former officers of the Hidropastaza Company, having been legally notified in the form and dates shown below, The parties were informed of the basis of the observation and were granted a period of sixty days in accordance with the provisions of Article 53, paragraph 1, of the *Organic* Law of the Comptroller General of the State, in o r d e r for them to answer and present the pertinent evidence in their defense.

| Notice Number and Names | Notification | Dates |
|---|---|---|
| 6825<br>Norberto Odebrecht – Alstom -Va Tech Consortium | Published on the "HOY" Newspaper | 02/17/2010 |
| 6826<br>Germán Bolívar Anda Naranjo | In person | 02/27/2010 |
| 6828<br>Luis Alfredo Mancero Gallegos | In person | 02/09/2010 |
| 6829<br>Jorge Emilio Guerrero Hernández | In person | 02/09/2010 |
| 6831<br>Julio Hermann Saa Berstein | In person | 02/17/2010 |
| 6832<br>José Conceicao Santos Filho | In person | 02/10/2010 |

The evidence submitted for the present administrative action contains aspects of a technical nature, which is why the Department of Liabilities requested a technical report on the evidence, so that the Department of Projects and Environmental Auditing could issue its opinion, therefore, the present resolution is also supported by the criteria issued by the aforementioned Department by means of Memorandum 1118 DIAPA dated August 10, 2010.

    III.    That within the legal term, the parties involved answered the Notices of Administrative Penalty by means of communications sent to the Comptroller General of the State, according to the date shown below:



DEFENSE TRIAL EXHIBIT
23
22-CR-20114-KMW

|   |   | Date | **Communication** |
|---|---|---|---|
| a) | 6825 *Norberto Odebrecht - Alstom - Va Tech Consortium* | 04/22/2010 08/05/2010 | 38987 69453 |

Taking into consideration the basis for the Notices of Administrative Penalty, the legal representative of the Norberto Odebrecht Consortium in his communication states that:

As in Addendum No. 8, the right of the Construction Consortium to request the execution of Addendum No. 9 arises from the fulfillment of three fundamental conditions: i) the contractual condition, agreed in Clause Six, Paragraph 6.2. "Adjustment Events", paragraph (b) of Paragraph IX of the Construction Contract, which is the law of the parties; (ii) The fact that it has been proven that there were indeed differences in the geological/geotechnical conditions contemplated in Exhibit 1, Volume 3 of the Second Amending Contract to the Concession Contract, which was demonstrated by the Construction Consortium and highlighted by the Technical and Legal reports obtained by Hidropastaza; and, iii) The fact that due to the variations in the geological/geotechnical conditions of the headrace tunnel between KP 9+830 to 0+090, the economic-financial balance of the Construction Contract had to be maintained and therefore its commutative nature had to be maintained in order to safeguard the execution of the works.

Addendum No. 9 arises as a consequence of the claim presented to Hidropastaza by the Construction Consortium in its Official Letter No. OEC-PHSF-DP-132-2006 dated July 10, 2006, which is an integral part of Addendum No. 9, in which a calculation of the economic impacts suffered by the latter as a consequence of the geological-geotechnical variations found during the execution of the Pipeline Tunnel with respect to the conditions originally foreseen is presented.

Thus, Addendum No. 9 covers and quantifies the additional work, longer stay, non-productivity, idleness and additional costs incurred by the Consortium in the construction of the headrace tunnel between KP 9+830 to 0+090.

The claim raised by Construction Consortium in Addendum Ho. 9 amounted to USD 5,448,523.85.

Based on the Technical and Legal Reports obtained by Hidropastaza, the final amount agreed for the indemnification of this claim was USD 4,700,000, which is the amount of Addendum No. 9.

In paragraphs 91 to 116 of the document of response to the Notice of Administrative Penalty, the Construction Consortium presents technical grounds of discharge, similar to those detailed in the analysis of the previous Notice of Administrative Penalty. However, it is necessary to consider paragraph 122, which states:

"122. In short, if there were additional services performed by the Consortium (Addenda Nos. 8 and 9) and these, together with the entire work, allegedly presented flaws, these flaws were corrected at the Consortium's cost (as indeed the Comptroller General of the State acknowledges). It cannot therefore be claimed that, in addition to having succeeded in having the Consortium carry out the repairs at the Consortium's cost, the State should recover the amounts of Addenda Nos. 8 and 9 through an additional Notice of Administrative Penalty imposed on the Consortium, since it would be charging a double indemnity (repairing the damage at the Consortium's cost and, in addition, recovering through the Notice of Administrative Penalty the value paid for the allegedly poorly executed work)."

| | Date | Communication |
|---|---|---|
| b) 6826 Germán Bolívar Anda Naranjo | 04/14/2010 | 036368 |
| 6828 Luis Alfredo Mancero Gallegos | 04/08/2010 | 034966 |
| 6829 Jorge Emilio Guerrero Hernández | 04/08/2010 | 02491 |
| 6831 Julio Hermann Saa Berstein | 04/16/2010 | 037402 |
| 6832 José Conceicao Santos Filho | 04/07/2010 | 034092 |

 In this regard, the interested parties in their communication agree in pointing out that the members of the board of directors *and* the president were not authorized to demand the presentation and delivery of the aforementioned reports, since the contractual relationship was directly with Hidropastaza's administration, as stated in paragraph 12 of the second clause of the contract signed between Hidropastaza and Asociación FURNAS-INTEGRAL. They indicate that for the liquidation of Addendum 9, the technical report of the Project's supervision was in charge of the Asociación FURNAS-INTEGRAL, who carried out, according to the joint and several recipients of the Notice of Administrative Penalty, the permanent auditing and supervision that judging by the content of the monthly reports delivered to Hidropastaza, it is possible to verify the compliance with the technical specifications implemented according to the characteristics of the rock massif, which through project logbooks raised observations and demanded corrections in several construction phases, it is possible to verify the compliance with the technical specifications implemented according to the characteristics of the rock massif, which through project logbooks raised observations and demanded corrections in several construction phases, the same that were verified, thus releasing each of the structures in the process of reception entry. Finally, they claim to prove their assertions with the attached documentation.

## **AFFIDAVIT**

I, **Juan F. Alban-Naranjo**, under penalties of perjury, declare:

1. My name is **Juan F. Alban-Naranjo**, I am over the age of eighteen (18) years, and I am competent to make this affidavit. The statements contained herein are true and correct.

2. I am certified as a Spanish<>English interpreter by the state court systems in Florida and California.

3. I am an experienced bilingual translator who is fluent in both the English and Spanish languages.

4. Pursuant to Florida Statute § 90.606, I translated the item below from Spanish to English to the best of my knowledge, ability and belief and the translations are in fact true and accurate.

    See Exhibit "A" attached hereto

5. I have no affinity or consanguinity with the participants of the translated document.

Pursuant to Florida Statute § 92.525(2), under penalties of perjury, I declare that I have read the foregoing Affidavit and that the facts stated in it are true.

_____          April 1, 2024
Juan F. Albán-Naranjo                                         DATE

STATE OF __Texas__

COUNTY OF __Collin__

Sworn to (or affirmed) and subscribed before me on April 1, 2024, by Juan F. Alban-Naranjo.

_____          Sue L Nix
NOTARY PUBLIC, or other person authorized          Printed, typed or stamped commissioned name
to administer an oath                                                    of Notary Public

Sue L Nix
ID NUMBER
132369934
COMMISSION EXPIRES
February 21, 2028

o   Personally known
XX Produced identification     Electronically signed and notarized online using the Proof platform.
     Type of identification produced: Florida Driver's License A-415-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

Exhibit "A"

1-1, Resolution No. 2446, August 26, 2010

1-2, Resolution No. 2448, August 27, 2010

1-3, Resolution No. 2449, September 1, 2010

1-4, Resolution No. 2450, September 1, 2010

1-6, Resolution No. 2452, September 1, 2010

1-7, Resolution No. 2453, September 1, 2010

1-8, Resolution No. 2454, September 1, 2010