UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 22-CR-20114-KMW

UNITED STATES OF AMERICA

vs.

CARLOS RAMON POLIT FAGGIONI
_____/

**DEFENDANT'S MOTION FOR NEW TRIAL**

Defendant respectfully moves, pursuant to Fed. R. Crim. P. 33, for a new trial in the interest of justice, and in support of the motion states:

1. Rule 33 of the Federal Rules of Criminal Procedure grants this Court the authority, in its exercise of discretion, to grant a new trial for any just reason, including based on motions and objections previously made or adopted at trial. *See* Fed. R. Crim. P. 33(a) ("Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."); *see United States v. Tipton*, 572 F. App'x 743, 745 (11th Cir. 2014) (new trial motion rulings reviewed for abuse of discretion, where issues were also raised during trial). Defendant renews, as grounds for Rule 33 relief, his previously-raised evidentiary objections, instructional requests and objections, and motions for mistrial. In addition, Defendant requests a new trial in that the conviction on one or more counts is against the great weight of the evidence regarding key elements of qualifying

predicate offenses for proceeds, the promotional money laundering theory, the use of an interest payment as a basis for a count of conviction, the absence of the requisite purpose-of-concealment under *Regalado Cuellar v. United States*, 553 U.S. 550, 557, 566 (2008), and related arguments made in Defendant contemporaneously-filed motion for judgment of acquittal under Fed. R. Crim. P. 29(c).

    2.    In addition to the weight-of-the-evidence and previously preserved objections and motions, Defendant also requests that the Court grant a new trial based on the specific contentions addressed below as to the jury instructions regarding the offenses alleged in this case. Defendant preserved these objections both in specific instructional requests, *see* DE:176, 176-2, 178, in redlined objections to the parties' joint instructional submissions, *see* DE:176-1, and at the charge conference in this case. As has been noted, "Jury instructions do have an outsized impact on a trial. Trials are won and lost in the word[s] of specific jury instructions." 2024 WLNR 7238931 (Wash. Post May 20, 2024).

- Denial of defense request for a multiple conspiracy instruction the defense believed was needed in this case, including because the government charged the bribe payors and Defendant as co-conspirators.

- Denial of defense request, DE:178, for instruction distinguishing proceeds of "some unlawful activity" from "criminally derived proceeds," where statutory definitions diverge, with only the former addressing foreign crimes.

- Denial of defense request for instruction that a transfer of funds that constitutes the commission of the underlying criminal activity does not in itself constitute promotion of the "carrying on" of the activity unless the purpose and design of the commission of such offense was to facilitate the commission of *further crimes*.

- Denial of defense request for instruction that payments in recognition of actions the public official has already taken or committed to take, without any quid pro quo agreement to take those actions, do not constitute bribery.

- Denial of defense request for instruction that phrase "specified unlawful activity" means an offense against a foreign nation, specifically Ecuador, involving bribery of a public official, as defined by Ecuador's Penal Code, but only if the offense also constitutes bribery within the meaning of 18 U.S.C. § 1956(c)(7)(B)(iv).

- Denial of defense request for instruction that to find that the Defendant committed a violation of Ecuadorian law, you must be unanimous as to which of the Ecuadorian laws were violated, i.e., Article 286 of the 1971 Ecuadorian Penal Code and/or Article 280 of the 2014 Ecuadorian Penal Code (effective as of August 10, 2014).

- Denial of defense request for instruction that to constitute bribery of a public official, only quid pro quo payments made to such an official made for the purpose of influencing a decision or action not yet made or taken qualify—in other

words, "bribery" criminalizes only quid pro quo bribes, and not the payment of any after-the-fact gratuity.

- Denial of defense request for special instructions on the concealment element, that to find the Defendant guilty of concealment money laundering, the evidence must show more than a simple transfer of funds between two accounts that already conceal the nature, location, source, ownership, or the control of the proceeds; and instruction that the transaction is designed so that funds are more concealed after the transaction is completed than before.

- Denial of defense request for instruction that promotion laundering cannot consist of the conduct constituting the specified activity.

- Erroneous instruction that the Ecuadorian law concept of liability for a mere agreement to accept a promise of the conveyance of a bribe payment constitutes a violation of the U.S. law concept of bribery, and that the Ecuadorian law concept of bribery liability for influencing the way someone does their job is consistent with U.S. bribery law.

- Erroneous instruction that every bribery offense under the Ecuador penal code violates the U.S. standard for bribery, and removal of that issue from the jury's consideration.

- Erroneous willfulness instruction lacking requirement of knowledge of the violation of a criminal law in that the statutory specific intent requirement

applicable to the charged money laundering offenses dealing with proceeds or promotion require proof of a defendant's specific knowledge of a criminal law violation.

3. Even if individual instructional issues considered separately might be deemed insufficient to require a new trial, Defendant requests that the Court consider the cumulative impact of the instructional questions in considering whether, in the interest of justice, a new trial is warranted.

WHEREFORE, the Court should grant the motion for new trial as to all counts.

Respectfully submitted,

**BLACK SREBNICK**
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
(305) 371-6421

/s/ *Howard Srebnick*
HOWARD SREBNICK
Florida Bar No. 919063
HSrebnick@RoyBlack.com

*/s/ Jackie Perczek*
JACKIE PERCZEK
Florida Bar No. 0042201
JPerczek@RoyBlack.com

**COFFEY BURLINGTON, P.L.**
*Permanent Counsel for Carlos Polit*
2601 South Bayshore Drive, Penthouse

Miami, Florida 33133
Tel: 305-858-2900

*/s/ Fernando Tamayo*
FERNANDO TAMAYO
Florida Bar No. 28530
ftamayo@coffeyburlington.com
lmaltz@coffeyburlington.com
service@coffeyburlington.com