UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20114-KMW

UNITED STATES OF AMERICA

vs.

CARLOS RAMON POLIT FAGGIONI
_____/

**POLIT'S MOTION FOR RELEASE PENDING SENTENCING
AND TO ALLOW VOLUNTARY SURRENDER TO BOP FACILITY**

For the two years preceding the trial, Polit was released on a $14 million personal surety bond with $200,000 deposited in the court registry. ECF#30. The bond was co-signed by Polit's wife and 13 additional family members, all of whom pledged real property (two of them pledged their retirement accounts) to collateralize the bond. ECF#26; 29; 30. Polit was released to strict house arrest, allowed to leave the home only for court appearances, to meet with counsel, to receive medical care, and later allowed 1.5 hours on Sundays to attend church. ECF#30; 82. Polit meticulously complied with the conditions of the bond and all orders of his supervising pretrial officer and the Court. After the verdict, the Court ordered that Polit voluntarily surrender himself into U.S. Marshals custody, which he did, but the Court indicated that Polit could renew his *ore tenus* motion for post-trial release, which the Court had denied.



www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | *p* 305.371.6421

Case No. 22-CR-20114-KMW

Pursuant to 18 U.S.C. § 3143(a), Polit renews his request for release pending sentencing and to be allowed to surrender to the facility to be designated by the Bureau of Prisons for service of his sentence. By his conduct while under strict house arrest for the past two years, Polit, who is now 73 years old, has demonstrated by clear and convincing evidence that he presents no risk of harm or flight that would preclude his release on similar or even stricter conditions of house arrest if the Court deems it necessary—for example, by ordering that Polit may not leave the home for any reason except to receive medical attention.

Polit is mindful of the Court's expectation, as indicated during Polit's post-verdict *ore tenus* motion for release, that a bond to secure Polit's release pending sentencing would have to be further collateralized by additional real properties having no nexus to the alleged conduct or alleged participants referenced during trial. There are no additional real properties available in the United States that satisfy that expectation.[1] However, the Court could, instead, increase the personal surety bond from $14 million to any amount suggested by the Court (e.g., $50 million), secured by the same assets that secured Polit's pretrial release, which have increased in equity value by approximately $6.9 million and are now worth approximately $25

---

[1] Some of Polit's family members have property in Ecuador, but undersigned counsel knows of no mechanism by which the Clerk's Office can secure foreign property for a bond.



million. The bond would be co-signed by Polit, his wife, and the same 13 family members who signed the original bond. Polit executed an extradition waiver on May 24, 2022, as a condition of pretrial release, ECF#26, and agrees to execute a new one if instructed to do so as a condition of release pending sentencing.

The government opposes release.

## **FACTUAL BACKGROUND**

Unbeknownst to Polit, he was indicted on March 24, 2022. ECF#1. On March 28, 2022, agents arrived at Polit's son's business to arrest Polit. Polit was not there. Polit's son called Polit and informed him that agents were at the business with an arrest warrant. Polit did not flee. Instead, Polit said he would be right there, and within the hour arrived at the business and surrendered to the agents. Polit's initial appearance took place the next day, on March 29, 2022. ECF#6. After several weeks of bail litigation, the Magistrate Judge ordered Polit's release to house arrest. ECF#30.

Among several conditions of bond, Polit's wife and 13 of Polit's family members signed a $14 million personal surety bond, pledged significant assets to secure the bond, and submitted declarations attesting that the assets they pledged constituted nearly all their wealth such that a bond forfeiture would cause them significant financial hardship. ECF#26, 29, 30. Other conditions of the bond, as set out in ECF#26, 29, 30, and 82, included: (1) Polit and his wife surrendered all

Case No. 22-CR-20114-KMW

passports to Pretrial Services; (2) Polit executed an extradition waiver; (3) the assets pledged by the signatories cannot be encumbered until the bond is discharged; (4) except for medical visits, court appearances, court-ordered obligations, and attorney visits, Polit was restricted to home detention at the residence of his daughter; and (5) Polit was tracked by GPS monitoring at all times.

After nine months on house arrest, Polit filed an unopposed motion to allow him to attend church on Sundays, which the Court granted in part. ECF#79, 82. Other than that motion, Polit did not seek to modify any other condition of pre-trial release or home confinement, and he abided by every condition as imposed by the Court. Polit appeared before the Court as directed and was present every day during the trial. On April 23, 2024, Polit was convicted by a jury (ECF#182), and on that same day, Polit voluntarily surrendered to the U.S. Marshal Service. ECF#180.

Since May 3, 2022, when the conditions of pre-trial release were imposed, the equity of the properties pledged by family members has increased, either because the fair market value of the properties increased, the debt on the properties decreased, or both.[2] The table below summarizes each asset, the equity as of May 2022 when

---

[2] Current fair market value was estimated using data from Zillow, Realtor.com, Redfin, and Costar.



www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | p 305.371.6421

Case No. 22-CR-20114-KMW

the pretrial bond was posted, and the current equity (or current value of the retirement accounts):

| Asset Type | Address or Account No. | May 2022 Estimated Equity | Current Estimated Equity |
|---|---|---|---|
| Real property | 801 Brickell Key Blvd Apt # 1704 Miami, FL 33131 | $307,900 | $623,200 |
| Real property | 8525 NW 109th Court Doral, FL 33178 | $472,277.71 | $676,237.80 |
| Real property | 90 SW 3rd Street Apt # 503 Miami, FL 33130 | $520,400 | $592,155 |
| Real property | 11522 NW 83rd Way Doral, FL 33178 | $1,028,000 | $1,181,500 |
| Real property | 9431 SW 4th St. Apt # 206 Miami, FL 33174 | $183,310.45 | $269,469.89 |
| Real property | 8017 Lake Dr. Apt # 202 Doral, FL 33178 | $268,400 | $332,000 |
| Real property | 7111 Charleston Street Hollywood, FL 33024 | $288,600 | $417,500 |
| Real property | 230 Lakeview Drive Apt # 207 Weston, FL 33326 | $193,616.47 | $243,416.47 |
| Real property | 1129 SW 22nd Terrace Cape Coral, FL 33991 | $205,283.63 | $182,083.63 |

Case No. 22-CR-20114-KMW

| Asset Type | Address or Account No. | May 2022 Estimated Equity | Current Estimated Equity |
|---|---|---|---|
| Real property | 1820 SW 3rd Ave. Miami, FL 33129 | $3,500,000 | $4,971,300 |
| Real property | 1830 SW 3rd Ave. Miami, FL 33129 | $2,099,332.24 | $7,227,854 |
| Real property | 1900 SW 22nd Street Miami, FL 33145 | $3,709,286.16 | $4,593,229.89 |
| Real property | 301 Altara Ave. Unit # 702 Coral Gables, FL 33146 [3] | $809,300 | $932,026 |
| Real property | 88 SW 7th Street Unit # 1202 Miami, FL 33130 | $1,596,700 | $1,522,000 |
| Real property | 1010-1030 NW 9th Court Miami, FL 33136 | $62,220 | $643,000 |
| Retirement account | Acct No. X0776 | $321,000 | $354,000 |
| Retirement account | Acct No. X9256 | $234,000 | $251,375.60 |
| | **TOTAL** | $18,028.020.10 | $25,012,348.28 |

---

[3] The government sought forfeiture of this property, but the jury returned a verdict finding that the government failed to meet its burden as to this property. ECF#188.



www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | p 305.371.6421

Case No. 22-CR-20114-KMW

In April and May 2022, the government filed lis pendens on all the above properties except three: 7111 Charleston Street, 230 Lakeview Drive, and 1129 SW 22nd Terrace. ECF#21-23, 35-43. The lis pendens have not been released.

For the Court's reference, undersigned will file **EXHIBIT 1** (ECF#29) under seal, which consists of the 2022 signed declarations by all family members who pledged assets to secure the pretrial personal surety bond, with the current debt and fair market value or value of each asset interlineated by undersigned counsel.[4]

## ARGUMENT

If there is clear and convincing evidence that a person "is not likely to flee or pose a danger to the safety of any other person or the community," the court "shall order the release of the person" pending sentencing. 18 U.S.C. § 3143(a)(1). This burden rests with the defendant post-conviction. *United States v. Bonavia*, 671 F. Supp. 752, 753 (S.D. Fla. 1987). And Polit has met this burden. He voluntarily surrendered on March 28, 2022, upon learning that agents were seeking to arrest him. Polit then surrendered his passports, his wife surrendered her passport, and Polit executed an extradition waiver. ECF#30 at 2, 4. As an additional condition of pre-trial release, Polit was monitored by GPS and was under strict house arrest, where he was confined to the home at all times except for attorney and court visits, doctor

---

[4] Because ECF#29 remains under seal, undersigned will file a motion for leave to re-file ECF#29 with the interlineations under seal.



www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | p 305.371.6421

visits, and later religious services on Sundays. ECF#30, 82. Polit complied with all the conditions of his release, the strict conditions of his home confinement, and abided by all the instructions of his supervising officer and the Court. Polit has demonstrated by clear and convincing evidence that he is not likely to flee and should be afforded post-trial release. *See United States v. White*, No. 18-CR-60174-BB, 2020 WL 4548226, at *3 (S.D. Fla. Aug. 6, 2020).

In *White*, the court granted post-conviction release pending appeal because the defendant established that he suffered health conditions that would be aggravated if he contracted Covid and because he was not a danger to the community nor a flight risk. *Id.* at 3. Specifically, the court was "unconvinced" by the government's argument "that Defendant 'has every reason to flee this jurisdiction, abscond from justice, never to be seen again[.]'" *Id.* The court emphasized that "Defendant has two teenage children, a sister, and an elderly parent that live in this district. Indeed, Defendant represents that until his incarceration, he lived with his two children, whom he purportedly raised as a single parent since they were toddlers." *Id.*

As is the case here, Polit has strong family ties to Florida. Polit lived with his wife, their daughter, her husband, and their children (Polit's grandchildren) in Miami for the duration of Polit's pre-trial release. Polit's wife and three of Polit's five children live in South Florida. Polit's brother Cesar lives in Florida. Polit's brother Jose lives part time in Florida and part time in Ecuador. Polit has 15 grandchildren,

11 of whom live in Florida. Polit also has 8 greatgrandchildren, all of whom live in Florida. Polit, his wife, their children, their grandchildren, and their great grandchildren are all United States citizens.

Polit takes care of his wife, Nancy Polit, who suffers from seropositive rheumatoid arthritis (which can impair her ability to complete everyday tasks without proper medication), bronchiectasis, multiple nodules in her lungs, and a history of frequent pneumonias. Mrs. Polit was recently hospitalized for nearly two weeks in March of 2024, while Polit was under house arrest, because of a severe pneumonia that worsened due to her diagnosis of bronchiectasis. Mrs. Polit has to complete inhaler treatments three times per day, receive routine injections, and take multiple medications for her conditions. Polit has been Mrs. Polit caretaker, ensuring that Mrs. Polit received the proper medications and treatment to avoid further health complications. Attached as **EXHIBIT 2** is a letter from Mrs. Polit's treating physician, Dr. Roberto Echarri, stating her current diagnoses.

By reinstating the substantial personal surety bond that was set pre-trial, the Court can be assured that Polit will appear for sentencing and will surrender to BOP to serve his sentence, as the financial ruin to Polit's family would be devastating if Polit failed to appear. Over $25 million in assets have been pledged by Polit's family to secure Polit's presence, and each family member has signed a declaration acknowledging that they would be personally liable for the full amount of the bond

Case No. 22-CR-20114-KMW

if Polit were to abscond. Each family member has also attested to the fact that the asset(s) they have pledged represent(s) nearly all their wealth.

Finally, Polit does not pose a risk of harm nor has the government alleged that he does. Polit is 73 years old and was convicted of non-violent financial offenses. This is not a case where risk of harm is a concern. *See United States v. Etienne*, No. 17-20702-CR, 2018 WL 1281803, at *2 (S.D. Fla. Mar. 8, 2018), *report and recommendation adopted*, No. 17-20702-CR, 2018 WL 1309904 (S.D. Fla. Mar. 12, 2018) (holding that bail pending sentencing was warranted where defendant was not a risk of flight, had "no criminal history and no history of violence[,]" and "the instant case involve[d] solely economic crimes, not crimes of violence").

Polit has been in custody since the jury's verdict was returned on April 23, 2024. Polit's release is warranted based on the unrebutted showing of his compliance with all bond obligations during the past two years. If he were to flee, Polit's family would be financially ruined, and Polit would forfeit the right to appeal, along with any bond posted in his case, as well as forfeit post-conviction rights.

Case No. 22-CR-20114-KMW

For all these reasons, Polit respectfully requests that the Court grant him bond pending sentencing and allow Polit to voluntarily surrender to the facility designated by BOP for service of his sentence. The government opposes release.

Respectfully submitted,

**BLACK SREBNICK**
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
(305) 371-6421

/s/ *Howard Srebnick*
HOWARD SREBNICK
Florida Bar No. 919063
HSrebnick@RoyBlack.com

/s/ *Jackie Perczek*
JACKIE PERCZEK
Florida Bar No. 0042201
JPerczek@RoyBlack.com

/s/ *Jeanelle Gomez*
JEANELLE GOMEZ
Florida Bar No. 1026021
JGomez@royblack.com

**COFFEY BURLINGTON, P.L.**
*Permanent Counsel for Carlos Polit*
2601 South Bayshore Drive, Penthouse
Miami, Florida 33133
Tel: 305-858-2900

/s/ *Fernando Tamayo*
FERNANDO TAMAYO
Florida Bar No. 28530
ftamayo@coffeyburlington.com