UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-CR-20114-KMW

UNITED STATES OF AMERICA

vs.

CARLOS RAMON POLIT FAGGIONI

      **Defendant.**
_____/

**RESPONSE TO DEFENDANT'S MOTION FOR RELEASE PENDING SENTENCING**

      The United States, by and through undersigned counsel, hereby files the following response to Defendant's Motion for Release Pending Sentencing. (DE 214). On April 23, 2024, following a two-week trial, the defendant was found guilty of one count of conspiracy to commit money laundering, three counts of concealment money laundering, and two counts of engaging in transactions in criminally derived property. Following the guilty verdict, the defendant requested to remain on bond pending sentencing under the same conditions as his pre-trial bond. The Court denied this request and detained the defendant. The Court indicated that consideration of a future motion for release would require additional collateral with no nexus to his crimes or co-conspirators. With this motion, defendant renews his previously denied *ore tenus* motion for release pending sentencing, reiterating the same arguments that were previously denied and offering no additional collateralized property. For the reasons set forth below, the defendant's motion should be denied.

**Legal Standard**

      The Bail Reform Act of 1984 imposes stringent restrictions on the availability of bail following a defendant's conviction. *See* 18 U.S.C. § 3143. The Bail Reform Act requires a district

1

court to detain a convicted criminal who is awaiting sentencing unless he shows "by clear and convincing evidence" that he is not likely to flee or to pose a danger to others.[1] 18 U.S.C. § 3143(a). *See also United States v. Ben-Ari*, 537 Fed. App'x 828, 831 (11th Cir. Sept. 5, 2013) (A district court "shall order" detention for a defendant found guilty of an offense who is awaiting sentencing "unless the court finds by clear and convincing evidence that the person is not likely to flee."). In placing the burden on the defendant, Congress concluded that, "[o]nce guilt of a crime has been established in a court of law, there is no reason to favor release pending imposition of sentence or appeal" and that "release of a criminal appellant into the community after conviction may undermine the deterrent effect of the criminal law." S. Rep. No. 98-147, at 53 (1983). The district court's factual findings under Section 3143 are afforded great deference and a circuit court reviews such findings for clear error. *See United States v. King*, 849 F.2d 485, 487 (11th Cir. 1988) (stating "we will not disturb the district court's purely factual findings [under the Bail Reform Act] unless such findings are clearly erroneous").

**Argument**

The defendant has failed to establish by "clear and convincing evidence" that he is not likely to flee. Indeed, to the contrary, the record reflects that the defendant poses a substantial flight risk.

First, the defendant faces a significant term of imprisonment (a statutory maximum of 20 years on four counts and 10 years on two additional counts) and a potential fine of millions of dollars, creating a strong motive to flee and avoid punishment for his crimes. The government has calculated the defendant's guideline range as high as 235 to 293 months. Such a lengthy sentence

---

[1] The government does not contend that the defendant is a danger to others, but for the reasons stated within the defendant has not met his burden to show by clear and convincing evidence that he is not likely to flee.

creates a clear incentive for an individual to flee. *See, e.g.*, *United States v. Grobman*, 460 F. Supp. 3d 1331, 1337-38 (S.D. Fla. 2020) (upholding detention post-trial for Peruvian defendant convicted of multimillion dollar fraud scheme in part based on lengthy guideline sentence).

Second, the defendant has "significant ties and travel to foreign countries weighing in favor of a finding that he [is] a flight risk." *United States v. Kachkar*, 701 F. App'x 744, 747 (11th Cir. 2017). *Kachkar* is instructive because there, as here, the defendant had lawful status in the United States and children living in South Florida. However, the Eleventh Circuit upheld detention pre-trial because the defendant had foreign citizenship, had extensive travel overseas, had access to funds overseas, and had engaged in a complex international fraud scheme and faced a lengthy guideline sentence. Here too, the defendant has extensive travel overseas, has foreign citizenship (Ecuador and Italy), has access to assets overseas (including an apartment in Spain), and has engaged in a complex international scheme and faces a lengthy guideline sentence.

Finally, the defendant's risk of flight is not a mere hypothetical one. The defendant did, in fact, previously flee his home country of Ecuador. Despite having been elected to serve a third term as Comptroller General of Ecuador from 2017 to 2022, the defendant simply fled Ecuador to the United States in May 2017 shortly before a search warrant was executed at his residence in June 2017. Ecuador tried the defendant in absentia and sentenced him to over six years in prison in 2018. The defendant never returned for trial nor to face his sentence there. Having previously fled his home country where he faced a six-year sentence, the defendant now faces a far more significant sentence presenting an even greater motive for additional flight.

<u>The Defendant Has Failed to Identify Additional Collateral</u>

As the defendant concedes at page two of his motion, he has failed to comply with the Court's express expectation that to be considered for release pending appeal the defendant put

3

forth additional real properties with no nexus to the money laundering crimes — or to his co-conspirators in those crimes — for which he was convicted. *See* DE 214 at 2.

The defendant has not complied with the Court's instruction and has put forth no new property as collateral. Instead, the defendant points to the modest increase in approximate market value of the properties and accounts previously pledged to secure his bond pending trial. *See* DE 214 at 5-6. This is insufficient. Additionally, the list of properties includes one of the properties already forfeited to the U.S. government: 1900 SW 22nd Street (a/k/a 1902 SW 22nd Street). *See* DE 188 (finding unanimously that this property was involved in Counts 1 and 5 of the Indictment). Once this property is removed from the pledged assets, as it must be, the estimated current value of the properties listed drops to $20,419,118, an increase in value of approximately $2.3 million over what was initially pledged in the pre-trial phase.

Further, the defendant has not established that the properties listed are not tied to his criminal conduct or to his co-conspirators. And as noted at the bond hearings by then-Magistrate Judge Becerra, pledging property obtained through criminal conduct is not sufficient collateral to guarantee a defendant's presence. The defendant has failed to satisfy this Court's stated requirements and has not shown "clear and convincing" evidence that he will not flee, as required under Section 3143(a).

<u>The Defendant's Ties to South Florida Do Not Guarantee His Presence</u>

The remainder of the defendant's motion merely recites the various ties he has to South Florida, including that he has family and property here. However, as noted during the initial bond hearings and during this Court's consideration of the defendant's *ore tenus* motion for bond, the defendant previously fled his home country of Ecuador, where his family lived, and where he owned significant property. His ties to Ecuador were deeper than those to South Florida and yet

4

he severed them rather than face legal consequences for his crimes. The defendant's Italian citizenship and foreign property holdings provide the same opportunities to evade punishment to which the defendant previously availed himself when he fled Ecuador in May 2017. *See, e.g.*, *Ben-Ari*, 537 Fed. App'x at 831-32 (affirming district court decision that defendant did not meet burden to establish by clear and convincing evidence that he was not likely to flee due, in part, to his prior experiences living abroad and that some of his children resided abroad).

    Finally, the defendant raises — for the first time — that he must be at home to assist with his wife's medical care. However, his motion does not indicate that other family members, including their daughter and son-in-law who share a residence with his wife (DE 214 at 8), are not available to assist with her care. Further, while the government does not dispute her medical issues, the defendant's wife attended the defendant's trial each day without apparent issue.

## CONCLUSION

For the foregoing reason, the United States respectfully requests that the motion be denied.

                                            Respectfully submitted,

                                            MARKENZY LAPOINTE
                                            UNITED STATES ATTORNEY

By:    s/Michael N. Berger
           Michael N. Berger
           Assistant United States Attorney
           Court No. A5501557
           99 Northeast 4th Street
           Miami, Florida 33132
           (305) 961-9445
           Michael.Berger2@usdoj.gov

           GLENN LEON
           CHIEF, FRAUD SECTION
           Criminal Division
           U.S. Department of Justice

By:    /s/ Jil Simon
           Jil Simon
           Trial Attorney
           Alexander Kramer
           Assistant Chief
           Criminal Division, Fraud Section
           U.S. Department of Justice
           Court ID No. A5502756
           1400 New York Ave. NW
           Washington, DC 20005
           Tel: (202) 514-3257
           Email: Jill.Simon@usdoj.gov