

U.S. Department of Justice

Criminal Division

Washington, DC 20530

March 5, 2019

Jeffrey Knox
Simpson Thacher & Bartlett LLP
1155 F Street, N.W.
Washington, D.C. 20004

      Re: Olívio Rodrigues Júnior

Dear Counsel:

    On the understandings specified below, the United States Department of Justice, Criminal Division, Fraud Section and Money Laundering and Asset Recovery Section and the United States Attorney's Office for the Eastern District of New York (collectively, the "Government") will not criminally prosecute Olívio Rodrigues Júnior ("Mr. Rodrigues") for any conduct related to his participation in corruption at Odebrecht S.A., Braskem S.A., and other Odebrecht subsidiaries or affiliated entities (collectively, "Odebrecht") because, among other reasons, Mr. Rodrigues has already pleaded guilty in Brazil for the same conduct.

    This Agreement is premised on several conditions:

(1)    Mr. Rodrigues will truthfully and completely disclose all information with respect to the activities of himself and others concerning all matters about which the Government inquires of him, which information can be used for any purpose.

(2)    Mr. Rodrigues will cooperate fully with the Government, the Federal Bureau of Investigation, and any other criminal or civil law enforcement agency, in the United States or a foreign jurisdiction, designated by the Government, provided that such other agency agrees to be bound by this agreement. Further, any meeting with the foreign jurisdiction will occur in the United States, or at a mutually agreed upon location. Mr. Rodrigues agrees that he shall cooperate fully with the Government by:

    (a)    providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by the Government, whether in interviews, before a grand jury, or at any trial or other court proceeding;

    (b)    appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by the Government; and

(c) if requested by the Government, working in an undercover role to contact and negotiate with others suspected and believed to be involved in criminal misconduct, under the supervision of, and in compliance with, law enforcement officers and agents.

(3) Mr. Rodrigues will not disclose his cooperation to anyone without the express permission of the Government.

(4) Mr. Rodrigues will provide to the Government upon request, any document, record, electronic data, or other tangible evidence relating to matters about which the Government or any designated criminal or civil law enforcement agency inquires of him, wherever such item may be located.

(5) Mr. Rodrigues will bring to the Government's attention all crimes that he has committed under the laws of any jurisdiction, and all administrative, civil or criminal proceedings, investigations, or prosecutions in which he has been or is a subject, target, party, or witness.

(6) Mr. Rodrigues will commit no crimes whatsoever, under the laws of any jurisdiction. Moreover, any assistance Mr. Rodrigues may provide to United States federal criminal investigators shall be pursuant to the specific instructions and control of the Government and designated United States investigators.

(7) Mr. Rodrigues agrees that the Government may meet with and debrief him without the presence of counsel, unless Mr. Rodrigues specifically requests counsel's presence at such debriefings and meetings. Upon request of Mr. Rodrigues, the Government will endeavor to provide advance notice to counsel of the place and time of meetings and debriefings, it being understood that the Government's ability to provide such notice will vary according to time constraints and other circumstances. The Government may accommodate requests to alter the time and place of such debriefings. It is understood, however, that any cancellations or reschedulings of debriefings or meetings requested by Mr. Rodrigues that hinder the Government's ability to prepare adequately for trials, hearings or other proceedings may adversely affect Mr. Rodrigues's ability to cooperate fully with the Government. Matters occurring at any meeting or debriefing may be considered by the Government in determining whether Mr. Rodrigues has complied with this agreement.

It is understood that, should Mr. Rodrigues violate any of the conditions of this agreement, listed above, Mr. Rodrigues shall thereafter be subject to prosecution in the United States for any federal criminal violation of which the Government has knowledge. Any such prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against Mr. Rodrigues, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that, should Mr. Rodrigues violate any of the conditions of this Agreement, listed above, (a) all statements made by Mr. Rodrigues to the Government or other

CRP-DOJ-0003142557

designated law enforcement agents, and any testimony given by Mr. Rodrigues before a grand jury or other tribunal, whether prior to or subsequent to the signing of this Agreement, and any leads from such statements or testimony shall be admissible in evidence in any criminal proceeding brought against Mr. Rodrigues; and (b) Mr. Rodrigues shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, or any other federal rule that such statements or any leads therefrom should be suppressed. It is the intent of this Agreement to waive all rights in the foregoing respects.

Mr. Rodrigues further agrees to waive any objection to venue in the event of any such prosecution and specifically agrees not to contest venue, without limitation, in the Eastern District of New York.

It is further understood that this Agreement does not bind any United States federal, state or local prosecuting authority other than the Government, nor does it bind any foreign authority. The Government will, however, bring the cooperation of Mr. Rodrigues to the attention of other prosecuting offices, both in the United States and foreign jurisdictions, if requested by Mr. Rodrigues. If the Government receives a request from any local, state, federal or foreign law enforcement office or prosecutor's office for access to statements made by Mr. Rodrigues, the Government may furnish such information, but will do so only on the condition that the requesting office honor the provisions of this agreement.

With respect to this matter, this Agreement supersedes all prior, if any, understandings, promises and/or conditions between the Government and Mr. Rodrigues. No additional promises, agreements, or conditions have been entered into other than those set forth in this letter and none will be entered into unless in writing and signed by all parties.

Sincerely,

ROBERT ZINK
ACTING CHIEF
DEPARTMENT OF JUSTICE
CRIMINAL DIVISION
FRAUD SECTION

By: Michael Culhane Harper          April 29, 2019
Leila Babaeva                       Date
Trial Attorneys

3

CRP-DOJ-0003142558

DEBORAH CONNOR
CHIEF
DEPARTMENT OF JUSTICE
CRIMINAL DIVISION
MONEY LAUNDERING AND
ASSET RECOVERY SECTION

By: Michael B. Redmann
Trial Attorney

Date 4/23/2019

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

By: Alixandra Smith
Julia Nestor
Assistant United States Attorneys

Date 4/24/2019

AGREED AND CONSENTED TO:

Olívio Rodrigues Júnior

Date March 18, 2019

APPROVED:

Jeffrey Knox
Counsel for Olívio Rodrigues Júnior

Date 4-4-19

4