UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20114-KMW

UNITED STATES OF AMERICA

vs.

CARLOS RAMON POLIT FAGGIONI,

      **Defendant.**
_____/

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT'S PRO SE MOTION TO REDUCE SENTENCE**

The United States of America, by and through undersigned counsel, hereby files the following response in opposition to the Defendant's Pro Se Motion to Reduce Sentence [DE 280]. For the reasons set forth below, the defendant does not qualify for the two-point reduction under § 4C1.1(a) of the U.S. Sentencing Guidelines ("USSG") and his motion should be denied.

On April 23, 2024, following a two-week trial, the defendant was found guilty of all counts: one count of conspiracy to commit money laundering, three counts of concealment money laundering, and two counts of engaging in transactions in criminally derived property. On October 1, 2024, this Court sentenced defendant Polit to 120 months imprisonment, followed by three years of supervised release, and ordered him to pay $16.5 million in forfeiture [DE 260, 261].

During the sentencing hearing, this Court determined defendant Polit's U.S. Sentencing Guidelines range to be 151 to 181 months based on an offense level of 34. To calculate the offense level, the Court began with 28 as the base offense level (§ 2S1.1(a)(2)), added 2 points because the defendant was convicted under 18 U.S.C. § 1956 (§ 2S1.1(b)(2)(B)), added an additional 2 points because the defendant abused a position of public trust (§ 3B1.3), and added an additional 2 points because the defendant was the organizer or leader of the criminal activity (§ 3B1.1).

1

As revised, § 4C1.1 of the USSG provides for a two-level reduction in offense level for defendants who have zero criminal history points if, and only if, the defendant meets "all" of the ten listed criteria. The stated criteria includes that the defendant "did not receive an adjustment under § 3B1.1 (Aggravating Role)." § 4C1.1(a). Because defendant Polit received a +2 adjustment under § 3B1.1 for his role as organizer or leader of the criminal activity, he is per se ineligible for a reduction under § 4C.1.1. *See, e.g.*, *United States v. Bou*, No. 22-cr-20262-BLOOM, 2025 WL 580520 at *5 (S.D. Fla. Feb. 3, 2025) (analyzing the Sentencing Commission's November 1, 2024, amendment to § 4C1.1, which clarified that a defendant is ineligible for the adjustment if the defendant meets any of the disqualifying conditions in the provision and noting that even prior to the November 2024 amendment, courts in this district consistently applied § 4C1.1 in that manner).

"[C]ourts in this district have uniformly, and without ambiguity, held that a defendant charged with an aggravating role is ineligible for a sentence reduction under § 4C1.1(a)(10)." *United States v. Alvarez*, No. 14-CR-80110-BLOOM, 2024 WL 4057422, at *3 (S.D. Fla. Sept. 5, 2024). *See, e.g.*, *United States v. Leduan Abrahan Moreno Garcia*, No. 22-CR-20027-ALTONAGA, (S.D. Fla. Jan. 5, 2024), Paperless Order ECF No. [135] ("Defendant is not eligible for a sentence reduction under Amendment 821, the 'zero point offenders amendment,' because at the time of his original sentencing hearing, Defendant received an aggravating role enhancement . . . .").

Respectfully submitted,

| | |
|---|---|
| HAYDEN P. O'BYRNE<br>UNITED STATES ATTORNEY | LORINDA I. LARYEA<br>ACTING CHIEF, FRAUD SECTION |
| By: /s/ Michael N. Berger<br>Michael N. Berger<br>Senior Litigation Counsel | By: /s/ Jil Simon<br>Jil Simon<br>Trial Attorney |

| | |
|---|---|
| Court No. A5501557 | Court No. A5502756 |
| 99 Northeast 4th Street | Fraud Section, Criminal Division |
| Miami, Florida 33132 | 1400 New York Ave. NW |
| (305) 961-9445 | Washington, DC 20005 |
| (305) 536-4699 (fax) | Tel: (202) 514-3257 |
| Michael.Berger2@usdoj.gov | Jil.Simon@usdoj.gov |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Court's CM/ECF system on March 10, 2025.


By:  /s/ Jil Simon
     DOJ Trial Attorney