**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 1:22-CR-20114-KMW

UNITED STATES OF AMERICA,
Plaintiff,
v.
CARLOS POLIT FAGGIONI,
Defendant.



FILED BY _____ D.C.
NOV 07 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**DEFENDANT'S REPLY IN SUPPORT OF PRO SE MOTION TO REDUCE SENTENCE**
(Pursuant to Amendment 821 and U.S.S.G. § 4C1.1)

## I. INTRODUCTION

Defendant, Carlos Polit Faggioni, respectfully submits this Reply in further support of his Pro Se Motion to Reduce Sentence [DE 280], and in response to the Government's Opposition [DE 281]. For the reasons set forth below, the Defendant maintains that he qualifies for a reduction under U.S.S.G. § 4C1.1 (Amendment 821, "Zero-Point Offender" provision), and that this Court retains discretion to grant such relief pursuant to 18 U.S.C. § 3582(c)(2). The Government's Opposition argues that Mr. Polit Faggioni is per se ineligible for a sentence reduction because the Court applied a two-level enhancement under § 3B1.1 for an "aggravating role." Respectfully, that position misapplies the timing and intent of Amendment 821 and disregards this Court's discretion to interpret and apply the Guidelines consistent with their remedial purpose. The Defendant was sentenced prior to the November 2024 clarification of § 4C1.1 and should be evaluated under the 2023 version of the amendment, which did not expressly preclude eligibility based solely on a contested or minimal role adjustment.

## II. THE NOVEMBER 2023 VERSION OF AMENDMENT 821 CONTROLS

The Defendant was sentenced on October 1, 2024, before the November 1, 2024 amendment that the Government now cites as determinative. The version of § 4C1.1 in effect at the time of sentencing—Amendment 821 (Nov. 2023)—did not contain the explicit disqualification language now emphasized by the Government. Substantive amendments to the Sentencing Guidelines do not apply retroactively unless the Sentencing Commission expressly designates them for retroactive effect. See 18 U.S.C. § 3582(c)(2); Dillon v. United States, 560 U.S. 817, 826 (2010). Therefore, applying the later 2024 clarification to deny relief would violate the rule that only designated retroactive amendments may alter previously-imposed sentences.

## III. THE DEFENDANT'S ROLE ENHANCEMENT DOES NOT NEGATE PURPOSE OF § 4C1.1

The record reflects that Mr. Polit Faggioni's alleged leadership role was limited in scope and based on contested inferences rather than clear supervisory authority. The two-level increase under § 3B1.1 was minimal and insufficient to undermine the purpose of § 4C1.1, which was enacted to identify defendants who remain low-risk, first-time, non-violent offenders. The Sentencing Commission emphasized that the reduction applies to offenders with zero criminal history points and limited culpability. See 88 Fed. Reg. 71880 (Nov. 1, 2023). Courts have applied § 4C1.1 despite minor or disputed role enhancements. See United States v. Clay,

Carlos Polit Faggioni   BOP # 02758-506
Federal Correctional Institution Miami Low
P.O. Box 779800
Miami, FL 33177

4 NOV 2025 PM 4 L
MIAMI FL 330

Court Clerk
United States Court for the Southern District
Wilkie D. Fergesun, Jr.
United States Courthouse
400 North Miami Avenue, Room 8
Miami, FL 33128