UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-CR-20114

UNITED STATES OF AMERICA

v.

CARLOS RAMÓN POLIT FAGGIONI

Defendant.
_________________________________/

**UNITED STATES RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)**

Defendant Carlos Ramón Polit Faggioni ("Polit" or "Defendant") moves this Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (DE 308). In his motion, Defendant argues his age and declining health are extraordinary and compelling reasons for release (DE 308 at III). As set forth below, this Court is without jurisdiction to address Defendant's motion while his judgment is on appeal. In the event the Court obtains jurisdiction following the appeal, it should deny the motion because Defendant failed to show "extraordinary and compelling reasons" that warrant a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Accordingly, Defendant's motion should be dismissed for lack or jurisdiction or denied on the merits and in consideration of the 18 U.S.C. § 3553(a) factors.

**RELEVANT BACKGROUND**

On April 24, 2024, a jury convicted Defendant of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count 1), money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Counts 2-4), and engaging in transactions in criminally derived property, in

violation of 18 U.S.C. § 1957 (Counts 5-6) (DE 182). These charges were based on Defendant's use of South Florida bank accounts to launder millions of dollars in bribes he received as Comptroller General of Ecuador (DE 1).

In anticipation of sentencing, United States Probation prepared a Presentence Investigation Report ("PSI"), which calculated Defendant's base offense level as 28 (PSI ¶ 41). Defendant was found responsible for laundering approximately $16,510,000 (PSI ¶ 32). Additional points were added under § 2S1.1(b)(2)(B) and § 3B1.3 because Defendant abused a position of public trust (PSI ¶ 42-44). The Court added two points under § 3B1.1 because Defendant was the organizer or leader of the criminal activity. Exhibit 4, *Statement of Reasons*, at I. His final offense level was 34 (PSI ¶ 50). On June 20, 2018, Defendant was tried in absentia and convicted of extortion in Ecuador, ordered to pay $40,400,000 in restitution, and sentenced to six years and six months in prison (PSI ¶ 5). The Ecuadorian government indicated this conviction—for which Defendant has not yet served his sentence—is related to the instant offense (PSI ¶ 54). Ultimately, the PSI calculated Defendant's criminal history category as I and his guideline range as 151 to 188 months (PSI ¶¶ 53 and 85).

On October 10, 2024, the Court sentenced Defendant to a total term of 120 months' imprisonment, followed by 3 years of supervised release (DE 263).

On October 18, 2024, Defendant filed a timely appeal (DE 264), which is still pending. *See United States v. Polit*, No. 24-13432. Defendant's appeal contests the sufficiency of the evidence for the money laundering charges, the Court's rulings on specific jury instructions, his guideline range, and the calculation of forfeiture penalties. *Id.* at DE 58.

On March 6, 2025, Defendant filed a motion for sentence reduction under § 3582(c)(2), citing Amendment 821 (DE 280). The United States responded in opposition, arguing Defendant

was ineligible for a reduction because he received an offense level adjustment under § 3B1.1 (DE 281). Defendant filed two replies on November 10, 2025, and November 21, 2025, asking the Court to use its discretion to reduce his sentence and arguing the 2023 version of Amendment 821 should be applied for that purpose (DE 299 and 301). Defendant's motion for sentence reduction remains pending.

On September 10, 2026, Defendant filed the instant motion pursuant to 18 U.S.C. § 3582(c)(1)(A), providing the following grounds for release: (1) age; (2) terminal illness; and (3) a serious medical condition that substantially diminishes his ability to provide self-care in prison.[1] (DE 308 at III). Defendant is serving his sentence at Miami FCI in Florida, with an anticipated release date of January 21, 2032. *See* Bureau of Prisons ("BOP") Inmate Locator, https://www.bop.gov/inmateloc/ (date last visited, September 24, 2026).

## ARGUMENT

### *A. Legal Standard*

Under section 3582(c)(1)(A), Congress enacted a narrow exception to permit the courts to reduce a term of imprisonment if the defendant demonstrates: (1) there are "extraordinary and compelling reasons" for a sentence reduction; (2) the relief is consistent with the Commission's relevant policy statements in U.S.S.G. § 1B1.13 and the applicable 18 U.S.C. § 3553(a) factors; and (3) the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g).[2] Congress directed the Commission to "describe what should be considered extraordinary

---

[1] As a preliminary matter, the United States concedes that Defendant has exhausted the administrative remedies available to him.

[2] Specifically, the 3553(a) factors include: "the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the

and compelling reasons." 28 U.S.C. § 994(t). On November 1, 2023, the Commission amended the policy statement to six categories that constitute extraordinary and compelling reasons: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) abuse in custody; (5) other reasons; and (6) an unusually long sentence. U.S.S.G. § 1B1.13(b).

As relevant here, medical circumstances include: (A) a terminal illness; (B) a serious physical or medical condition, or a serious functional or cognitive impairment, or a deteriorating physical or mental health because of the aging process, which substantially diminishes the ability of the defendant to provide self-care in prison; (C) a medical condition that requires long-term or specialized care that is not being provided and without which the defendant is at risk of serious deterioration in health or death; (D) housing in a facility affected by an ongoing outbreak of infectious disease or public health emergency resulting in an increased risk of complications that is not adequately mitigated. U.S.S.G. § 1B1.13(b)(1).

Notably, in this Circuit, courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with § 1B1.13. *See United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Defendant bears the burden of establishing relief is warranted. *See United States v. Alonge*, 2022 WL 1135533 (11th Cir. 2022) (per curiam).

***B. This Court should dismiss Defendant's motion for lack of jurisdiction***

This Court does not have jurisdiction to enter an order reducing the Defendant's sentence under

---

defendant." *United States v. Laureti*, 859 F. App'x 490, 491 (11th Cir. 2021) (citing 18 U.S.C. § 3553(a)(1) – (2)).

The § 3142(g) factors are largely duplicative of those in § 3553(a). The factors include, among others: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

18 U.S.C. § 3582(c)(1)(A) because the Eleventh Circuit currently has jurisdiction over the case pending Defendant's appeal. According to the Supreme Court:

> [A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 at 58 (1982). Divesting a district court of its jurisdiction following a notice of appeal "serves to avoid the confusion and waste of time that would result from dual jurisdiction." *United States v. Tovar-Rico*, 61 F.3d 1529 at 1532 (11th Cir. 1995). Simply put, "the filing of an appeal of virtually any sort acts to freeze all proceedings in the district court pending the resolution of the appeal . . . '[t]he district is divested of jurisdiction to take any action with regard to the matter except in aid of the appeal.'" *Shewchun v. United States*, 797 F.2d 941 at 942 (11th Cir. 1986) (citing *United States v. Hickmon*, 602 F.2d 689 at 692 (5th Cir. 1979)).

However, Rule 37 of the Federal Rules of Criminal Procedure permits the Court to deny the motion. *See* Fed. R. Crim. P. 37(a). Under that rule, a district court may take certain, limited actions with respect to motions filed during the pendency of an appeal, including (1) deferring consideration of the motion, (2) denying the motion, or (3) stating either that it would grant the motion if the appellate court remands for that purpose or that the motion raises a substantial issue. *Id*. Here, the Court could choose to deny the motion on the merits because the Defendant cannot show extraordinary and compelling reasons for relief and the § 3553(a) factors disfavor release.

### *C. Defendant's age and medical conditions do not warrant compassionate release*

Defendant does not meet §1B1.13(b)(2)'s age criteria because he is not suffering from a serious deterioration of health due to aging and he has not served the requisite time. Section 1B1.13(b)(2) requires defendants to be at least 65 years old, experiencing a "serious deterioration"

in physical or mental health due to the aging process, and to have served at least 10 years or 75 percent of his sentence (whichever is less). USSG § 1B1.13(b)(2). Defendant is 75 years old and has served just over two and a half years of a 10-year sentence. *See* Exhibit 1, *Public Information Inmate Data*. Because Defendant has not served 10 years or 75 percent—approximately 7.5 years—of his sentence, he is not eligible for relief under USSG § 1B1.13(b)(2).

Further, Defendant has not shown he is suffering from a terminal illness or serious medical condition supporting his release. *See* § 1B1.13(b)(1). Medical records provided by BOP through August 2026 show no evidence of a terminal illness. Exhibit 2, *Defendant Medical Records 2024-2025; see also* Exhibit 3, *Defendant Medical Records 2025-2026*. Neither do the records provided by Defendant himself (DE 308, *Medical Records and Additional Medical Information)*.

Instead, Defendant's medical records show his medical conditions are well-managed by BOP. For back pain, Defendant received a prescription for Ibuprofen. Exhibit 2, *Defendant Medical Records 2024-2025*, at 11. He also currently takes medication to manage a variety of other conditions. *Id*. at 28; *see also* DE 308, *Proposed Release Plan.* After an April 2026 wrist fracture, Defendant received pain medication, his wrist was placed in a cast, and he was monitored across multiple follow-up appointments. Exhibit 3, *Defendant Medical Records 2025-2026*, at 1, 8, 28, 47, and 111. When he lost a dental crown in July 2026, Defendant refused the recommended tooth removal. Exhibit 3, *Defendant Medical Records 2025-2026*, at 95 and 113. There is no evidence that the foregoing conditions are terminal or substantially diminish Defendant's ability to provide self-care in prison. Rather, his medical records show he is receiving proper care. *See United States v. Lawson*, No. 22-10851, 2023 WL 316143, at *2 (11th Cir. Jan. 19, 2023) (finding no indication that BOP deprived defendant of adequate medical care); *United States v. Willis*, 382 F. Supp. 3d 1185 at 1188 (D.N.M. 2019) (relief is "rare" and "extraordinary"); *United States v. Lisi*, 440 F. Supp. 3d 246 at 251 (S.D.N.Y. 2020) ("a defendant's

medical condition must be one of substantial severity and irremediability."). Therefore, Defendant's current medical conditions are not extraordinary and compelling reasons for § 3582(c)(1)(A) relief.

***D. Defendant's rehabilitation claim does not qualify him for sentence reduction***

Defendant's claim of rehabilitation is unavailing because courts may not reduce a sentence under § 3582(c)(1)(A) unless a reduction would be consistent with § 1B1.13. *See Bryant,* 996 F.3d at 1262. Congress has expressly directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

***E. The § 3553(a) factors disfavor release***

Even if Defendant had demonstrated extraordinary and compelling reasons for relief, the § 3553(a) factors warrant completion of his full sentence. Defendant was responsible for laundering approximately $16,510,000 in a conspiracy that lasted seven years (PSI ¶¶ 5-33). He acquired this money by soliciting and receiving bribes in his capacity as Comptroller General of Ecuador and used his position of public trust to benefit those who bribed him (PSI ¶¶ 5-33). Defendant reportedly left Ecuador in 2017, despite winning re-election as Comptroller General, and never returned (PSI ¶ 5). An Ecuadorian court convicted him of extortion in absentia in 2018 for conduct including his solicitation of bribes as Comptroller General (PSI ¶¶ 5 and 54). The scope of Defendant's behavior demonstrates a significant lack of respect for the law and a willingness to engage in illegal behavior—on an international scale—for many years. Moreover, Defendant did not accept accountability prior to sentencing (PSI ¶ 49) and does not do so in his motion (DE 308).

Relief is not warranted because Defendant's original sentence reflects the seriousness of his underlying offense, promotes respect for the law, provides just punishment, and provides deterrence from criminal conduct. *See United States v. Chambliss*, 948 F.3d 691 at 693 (5th Cir.

2020) (stating that "compassionate release is discretionary, not mandatory, and c[an] be refused after weighing the sentencing factors of 18 U.S.C. [section] 3553(a)").

## CONCLUSION

Accordingly, Defendant's motion should be denied.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: *__/s/ Chad A. Lyle__*
Chad A. Lyle
Assistant United States Attorney
Florida Bar No. 1058837
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401
Telephone: 561-209-1011
Email: chad.lyle@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 24, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and delivered the document by United States Mail to *pro se* Defendant: Carlos Ramón Polit Faggioni, #02758-506, at Miami FCI, P.O. Box 779800, Miami, FL 33177.

*/s/ Chad A. Lyle*
Chad A. Lyle
Assistant United States Attorney

**SERVICE LIST**

**Carlos Ramón Polit Faggioni**
02758-506
Federal Correctional Institution Inmate Mail/Parcels
Post Office Box 779800
Miami, FL 33177
PRO SE